# FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. 1983

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

06 - 1

James W. Riley
(Enter above the full name of the plaintiff in this action)

(Jury Trial demanded)

V.

Stanley Taylor, Thomas Carroll, David Pierce, Amy Munson And medical Assistant Malaney,
(Enter above the full name of the defendant(s) in this action)
Correctional Medical Systems And First Correctional Medical.



FILED
DEC 29 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I. Previous lawsuits

   A. Have you begun other lawsuits in state of federal courts dealing with the same facts involved in this action or otherwise relating to your imprisonment?

   YES [ ]      NO [✓]

   B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

   1. Parties to this previous lawsuit

USDC/De., 00cv 366-JJF; USDC/De., 01 cv 695-JJF et al;
USDC/De., 84 cv 599-SLR; USDC/De., 89 cv 690-RRm;
USDC/De., 90 cv 337-SLR; USDC/De., 90 cv 362-LON;
USDC/De., 91 cv 342-JLL; USDC/De., 91 cv 397-JJF;
USDC/De., 98 cv 677-GMS; USDC/De., 98 mc 105 UNA; And
USDC/De., 04 cv 01435-GMS-(Habeas, criminal action pending). (Plaintiff possess No further information on previous lawsuits).

2

2. Court (if federal court, name the district, if state court, name the county)

   _See B1 page 1_

3. Docket Number _See B1 page 1_

4. Name of judge to whom case was assigned

   _See B1 page 1_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   _Adverse judgments. Not pending._

6. Approximate date of filing lawsuit _See B1 page 1_

7. Approximate date of disposition _N/A_

II.  A.  Is there a prisoner grievance procedure in this institution? YES [✓] NO [ ]

     B.  Did you present the facts relating to your complaint in the state prisoner Grievance procedure: YES [✓] NO [ ]

     C.  If your answer is YES,

         1. What steps did you take? _Filed Grievances and wrote Letters to defendants Taylor, Carroll and Pierce. Also Plaintiff logged complaint with Representative Hazel D. Plant and Dover Attorney Stephen Hampton._

         2. What was the result? _Defendants Taylor, Carroll and Pierce failed to correct the wrongs and grant any relief. The medical Grievances were resolved unfairly and with no action taken to correct denial of medical treatment._

     D.  If your answer is NO, explain why not _N/A_

     E.  If there is no prison grievance procedure in the institution, did you complain to prison authorities? YES [ ] NO [✓]

     F.  If your answer is YES,

         1. What steps did you take? _N/A_

         2. What was the result? _N/A_

-2-

III.   Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A.   Name of Plaintiff   James W. Riley
     Address   Delaware Correctional Center, 1181 Paddock Road, Smyrna Delaware 19977

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions and place of employment of any additional defendants.)

B.   Defendant   Stanley Taylor   is employed as   Commissioner
     at   Department of Corrections, 245 McKee Road, Dover, Delaware 19904.

C.   Additional Defendants   Warden Thomas Carroll, Deputy Warden David Pierce, and Health Services Administrators Amy Munson and Assistant Malaney. All defendants work at Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware. (DCC hereafter)

IV.   Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments Or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

First Claim of Denial of Medical Treatment

(a) In 2002 plaintiff filed several sick call complaints with medical while housed in Building 18 of the Security Housing Unit (SHU). In those complaints plaintiff requested medical treatment for a rectum dysfunction stemming from an injury he sustained lifting weights in 1998. The doctor seen plaintiff on two occasions and prescribed a relaxant tpye medication without conducting any kind of

-3-

(continue on reverse side of this page... →)

... physical examination to diagnose the injury or problem. Plaintiff informed the doctor, as he inserted on initial sick call complaint, that he is experiencing excruciating painful swelling of his rectum each time he defecate. Plaintiff told the doctor that he needed surgery rather than medication to correct the problem or injury. The doctor said he can't recommend surgery and all he can do is prescribe medication. For three whole years (and continuing) plaintiff is left to endure the unnecessary painful swelling of his rectum every time he defecate. The swelling last for seven to 12 hours and during such time plaintiff is unable to do any daily activities.

(b) Plaintiff wrote several letters to defendant Warden Thomas Carroll in 2003 about the denial of adequate medical treatment for this rectum disfunction. To this date defendant Carroll has not responded to plaintiff's medical complaints and the medical staff has never conducted a physical examination to determine the extent of plaintiff's injury and prescribe the correct treatment to fix the problem to stop plaintiff's unnecessary pain and suffering.

(c) In 2004 and 2005 while housed in Building 23 of Maximum Housing Unit (MHU) during both of plaintiff's respective yearly annual physical examinations he complained to the doctors again and again about the untreated rectum disfunction and that he may need surgery to correct this problem. Again, nothing was done and plaintiff is left to suffer unnecessary pain continuously for years.

### Second Claim of Denial of Medical Treatment

(d) During the annual physical examinations in 2004 and 2005 while housed in building 23 of the MHU both doctors in those exams prescribed eyeglasses for a severe impair eye vision and special orthorpedics footwear (boots & sneakers) due to a 1995 severe right

(continue on page 4) →

ankle fracture. The special footwear is to protect the surgical pins protruding from the skin and to provide support when walking and exercising. Continuous exercise of ankle was prescribed or instructed by the doctor (therapist) who preformed physical therapy. The special footwear is crucial to rehabilitation and other daily activities when plaintiff is required to put pressure on his ankle.

(e) Because the DCC medical staff are denying plaintiff the eyeglasses and footwear prescribed or recommended by the doctors and therapist he is having frequent headaches due to untreated debilitating impair eye vision and excruciating pain in his ankle and knees, especially when exercising or running.

(f) In 2005 plaintiff filed Grievances and wrote letters to defendants Warden Thomas Carroll and Deputy Warden David Pierce regarding the medical staff failure to follow the doctors' orders to provide plaintiff with eyeglasses and special footwear.

(g) Defendant Warden Carroll disregarded all plaintiff's complaints, but however defendant Deputy Warden Pierce sent memos to Health Services Administrators defendants Any Munson and Malaney to investigate the plaintiff's medical complaints described herein above. Defendants Munson and Malaney never corrected the obvious denial of medical treatments and denial of fulfillment of doctors' orders for the prescribed eyeglasses and special footwear.

(h) Plaintiff then filed several more complaints to defendant Warden Pierce regarding defendants Munson's and Malaney's failure to investigate and to provide plaintiff with the eyeglasses and footwear recommended by the doctors. Defendant Warden Pierce's response thereto was ... "I do not direct medical care concerns".

(i) Due to defendant Deputy Warden Pierce's response this complaint pursuant to Civil Rights Act 42 U.S.C. § 1983 followed as a last option.

(continue on reverse side)...
of this page

4

### Third Claim OF Denial OF Medical Treatment

(J) In April 2005 while housed in building 23 of the MHU, plaintiff filed several sick call complaints after noticing that he appeared to have a facial skin infection similar to flesh eating bacteria associated with "Necrotizing Fasciitis." Several other inmates housed on the tier with plaintiff at that time was infected by the same bacteria, and one inmate, Japhis Lampkins, to whom plaintiff was closely associated was recently stricken by this infection and had to have surgery in September of 2005.

(K) To this date, because plaintiff isn't almost dead like Mr. Lampkins, he have not been permitted to see a doctor to be thoroughly examined, tested and treated if infected with Necrotizing Fasciitis.

(L) Plaintiff notified all defendants, Commissioner Taylor, Warden Carroll, Deputy Warden Pierce and Health Services Administrators the defendants Munson and Malaney about these medical complaints and how the medical staff was denying him treatment for this skin infection.

(M) The defendants named herein continue to deny plaintiff adequate examinations and testing by qualified doctors. Because of defendants' denial of medical treatment, plaintiff is experiencing lower back and joint pain which may be the direct result of Necrotizing Fasciitis bacteria infection. Also plaintiff is experiencing frequent re-occurrence of facial skin infection and scarring.

### Fourth Claim OF Denial OF Medical Treatment

(N) The defendants Commissioner Taylor and Warden Carroll are responsible for the complaints of denial of medical treatment described in Claims 1 thru 3 above herein because they fail to prevent and maintain policies for the following: 1) Adequate staff, 2) Qualified staff, 3) prevent interference with adequate medical care once prescribed by doctor and when it appear a medical need is serious, 4) Failure to remedy unlawful conditions that they know or should have known existed with the medical company contracted to provide adequate

(Continue on back of page 5)

(Fourth Claim continued from back of page 4)

health care to inmates at DCC and, 5) Failure to carry out their responsibilities to provide and ensure that adequate medical care for inmates are being met by contracted medical company that is required by state and Federal law. This is in part for:

(o) When hiring and re-hiring the Correctional Medical Systems (CMS) and the First Correctional Medical (FCM) Companies, the defendant, Commissioner Taylor knew or should have known that these medical vendors were using the same inadequate and unqualified medical staff and employees responsible for the prior, current and future health care problems. In essences the only thing that changes is the NAME of the Company contracted to provide medical services, but however the core problem that lies with inadequate staffing and unqualified care providers still remain the same, deficient.

---

(Relief continued)

being denied by DCC medical staff, violate plaintiff's 8th and 14th Amendment rights to adequate medical treatment.

(r) Issue an Order directing all defendants named herein to rescind such illegal policy and practice and to provide adequate medical staffing qualified to render sufficient medical care required by state and Federal laws.

(s) Issue a declaratory judgment that the defendant Taylor's decision to hire and re-hire inadequate medical staff through contract with CMS and FCM was unreasonable and violate the 8th Amendment Standards for qualified medical staffing.

(T) Issue direct order to defendant Taylor to provide the plaintiff with surgery for his rectum dysfunction immediately and to provide the special footwear and eyeglasses prescribed by the doctors and therapist. And issue an order directing defendant Taylor to transport plaintiff to a community hospital for proper testing and treatment for necrotizing fasciitis infection.

(u) Award plaintiff monetary relief for punitive and compensatory damages from each defendant that the Court deem appropriate for the unconstitutional acts committed by defendants against plaintiff described herein above.

(Fourth Claim continued from back of page 4)

health care to inmates at DCC and, 5) Failure to carry out their responsibilities to provide and ensure that adequate medical care for inmates are being met by contracted medical company that is required by State and Federal law. This is in part for:

(o) When hiring and re-hiring the Correctional Medical Systems (CMS) and the First Correctional Medical (FCM) Companies, the defendant, Commissioner Taylor knew or should have known that these medical vendors were using the same inadequate and unqualified medical staff and employees responsible for the prior, current and future health care problems. In essences the only thing that changes is the name of the Company contracted to provide Medical Services, but however the core problem that lies with inadequate staffing and unqualified care providers still remains the same, deficient.

---

(Relief continued)

being denied by DCC medical staff, violate plaintiff's 8th and 14th Amendment rights to adequate medical treatment.

(r) Issue an Order directing all defendants named herein to rescind such illegal policy and practice and to provide adequate medical staffing qualified to render sufficient medical care required by State and Federal laws.

(s) Issue a declaratory judgment that the defendant Taylor's decision to hire and re-hire inadequate medical staff through contract with CMS and FCM was unreasonable and violate the 8th Amendment Standards for Qualified medical staffing.

(T) Issue direct order to defendant Taylor to provide the plaintiff with surgery for his rectum dysfunction immediately and to provide the special footwear and eyeglasses prescribed by the doctors and therapist. And issue an Order directing defendant Taylor to transport plaintiff to a community hospital for proper testing and treatment for necrotizing fasciitis infection.

(u) Award plaintiff monetary relief for punitive and compensatory damages from each defendant that the Court deem appropriate for the unconstitutional acts committed by defendants against plaintiff described herein above.



I/M James Riley
SBI# 169916 UNIT MHU, Bldg-21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk's Office
U.S. District Court
844 King Street
Wilmington, Delaware
19801