IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| James W. Riley,            )<br>            Plaintiff,           )<br>                                    )<br>    v.                              )<br>                                    )   Civil Action No. 06-00001GMS<br>Stan Taylor, Thomas Carroll, David Pierce,  )<br>HSA Amy Munson, and Assistant Malaney,  )<br>            Defendants.          ) | |

## ANSWER TO COMPLAINT

State Defendants Taylor, Carroll, and Pierce, by and through undersigned counsel, hereby answer the complaint as follows:

1. Admitted that Plaintiff is a prisoner in the custody of the Delaware Department of Correction and currently housed in the Delaware Correctional Center, Smyrna, Delaware.

2. Admitted that Defendants' Taylor, Carroll, and Pierce are employed with the Delaware Department of Correction as alleged in Plaintiff's parties identified. It is denied that Munson and Malaney are state employees for the Department of Correction.

3. State Defendants are without knowledge or information sufficient to admit Plaintiff's allegations that he requested medical treatment for a "rectum dysfunction" and received a "relaxant type medication without an examination and diagnoses.

4. State Defendants are without knowledge or information sufficient to admit Plaintiff's allegations that in the years 2004 and 2005, unidentified doctors prescribed "eyeglasses for a severe impair vision" and "special orthopedics

    footwear . . . due to a 1995 severe ankle fracture."

5. State Defendants are without knowledge or information sufficient to admit Plaintiff's allegations that in April 2005, he contracted a "facial skin infection similar to flesh eating bacteria associated with 'Necrotizing Fasciitis'."

6. State Defendants deny that they subjected or caused to be subjected, Plaintiff to the deprivation of any rights protected by federal law.

7. State Defendants deny that they are subject to § 1983 liability for an alleged injury to his rectum after lifting weights in 1998.

8. State Defendants deny that they are subject to § 1983 liability for an alleged severe eye impairment which required eyeglasses.

9. State Defendants deny that they are subject to § 1983 liability for an alleged severe ankle fracture which required special orthopedics.

10. State Defendants deny that they are subject to § 1983 liability for the alleged skin infection.

11. State Defendants deny that they acted with deliberate indifference to Plaintiff's medical needs in violation of Plaintiff's Eighth Amendment right to adequate medical care.

## **RELIEF**

12. It is specifically denied that Plaintiff is entitled to compensatory damages or punitive damages.

13. It specifically denied that Plaintiff is entitled to declaratory relief.

14. It is specifically denied that Plaintiff is entitled to any other relief.

## AFFIRMATIVE DEFENSES

15. Plaintiff failed to state a claim upon which relief can be granted.

16. Plaintiff failed to exhaust his administrative remedies.

17. Plaintiff's suit for monetary damages against State Defendants as set forth in paragraph V is barred by the Eleventh Amendment to the United States Constitution.

18. Plaintiff lacks standing to obtain injunctive and declaratory relief and damages pursuant to 42 U.S.C. § 1983.

19. Plaintiff failed to show that State Defendants are liable for alleged constitutional deprivations in the absence of State Defendants' personal involvement.

20. Plaintiff is barred from suit imposing § 1983 liability against State Defendants on the basis of a *respondeat* superior theory.

21. Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations.

22. To the extent of actual involvement, State Defendants acted in good faith, as state officers, or as individuals in all actions which relate to the Plaintiff, and therefore, are immune from all claims alleged in Plaintiff's complaint.

23. Plaintiff is barred from suit against State Defendants by the doctrines of *res judicata* or *collateral estoppel*.

24. Any injuries set forth in the complaint that Plaintiff might have sustained were caused in whole or in part or were contributed to by reason of the negligence of Plaintiff.

Case 1:06-cv-00001-GMS   Document 17   Filed 06/26/2006   Page 4 of 5

25. Plaintiff's complaint, to the extent that it seeks punitive damages, fails to state a cause of action supporting the punitive damages claim.

Wherefore, the State Defendants demand that judgment be entered in their favor as to all claims and dismissing the complaint of the plaintiff, and attorney's fees and costs be awarded to the state defendants.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

 /s/ Ophelia M. Waters
Ophelia M. Waters, I. D. #3879
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
 (302) 577-8400
Counsel for State Defendants

Dated: June 26, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, I electronically filed *Defendants Stanley Taylor, Thomas Carroll, and David Pierce's Answer to the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on June 26, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: James W. Riley, SBI No. 169716, Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

/s/ Ophelia M. Waters
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
ophelia.waters@state.de.us