

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE DEPUTY WARDEN I**
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

MEMORANDUM

TO:   IM James Riley SBI# 169716 MHU 23 CU6T

FROM:   David Pierce, Deputy Warden I

DATE:   May 19, 2005

RE:   Medical

    I received your letter dated May 7, 2005, regarding your current medical situation. Your letter has been forwarded to Health Services Administrator Munson for her investigation and action.

DP/dc
Attachment
cc:   Health Services Administrator Munson
       File

Ex. A-15

INMATES
CU/GT

MAY 0 9 2005

From: James Riley
MHU

DEPUTY WARDEN I

Date: May 7, 2005

Dear Deputy Warden Pierce,

I received your April 21, 2005 reply to the letter I wrote you dated April 10, 2005 regarding the denial of medical treatment for a debilitating facial skin infection which has resulted in some permanent skin damage and scarring. Several other inmates are affected by this infection and no one will see them in spite of numerous sick call complaints.

You indicated that you forwarded a copy of my complaint to Health Services Administrator, Munson, but however to this date Ms. Munson has not taken any action on my complaint.

Also, during my annual physical examination several months ago the doctor approved special medical footwear in the size of 8 1/2 sneakers and high top boots. The doctor also approved eyeglasses after discovering I had severely impaired vision.

Again, I have been denied these basic medical necessities prescribed by the doctor. The nurses are not following the doctors' orders for adequate treatment and care of prisoners.

Following surgery for a very severe right ankle infracture in 1995, doctors have approved this special footwear to provide protection and

Ex. A-1b

support for the surgical pins in which one of them is protruding from the skin. The high top footwear provide protection for the surgical pin when walking and exercising. And since I only have limited use and mobility of that ankle, I have to frequently exercise it or else it will stiffen up and further impair the use of it. I filed a Grievance with medical regarding the footwear on March 2, 2005 but no hearing was held by the Resolution Committee.

I have received this same footwear in the past which was approved by security. The boots I have now are wore out and have holes in the bottom of them. Thus, I am entitled to boots and sneakers at least once a year or when needed. Furthermore, I have witnessed two other inmates receive their medical footwear but I am being denied the same.

I will greatly appreciate if you could personally review my medical files to verify these allegations and then have some other competent medical personnel provide me with the eyeglasses and footwear per orders of the doctor. And issue a directive for the doctor to treat my facial skin infection.

Hopefully we can resolve this matter without my having to file a senseless lawsuit for the

Ex. A-19

very health issues the Department of Corrections contracted CMS medical staff to accommodate. Thank You Again For Responding hereto!

Sincerely,

James Riley #169716

MHU, Bldg. 23

C-Tier, Cell U-6

Ex. A-18



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE DEPUTY WARDEN I**
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

### MEMORANDUM

TO:       IM James Riley SBI# 169716 MHU 21 BL5B

FROM:   David Pierce, Deputy Warden I

DATE:    July 22, 2005

RE:       Treatment

    I received your letter date July 9, 2005; I am forwarding your letter to the new Health Services Administrator Malaney regarding your footwear concerns. Please note that the housing rules were recently revised, and also be aware that I do not direct medical care concerns.

    I am also forwarding you a copy of my response to your previous letter you apparently never received. I find your attitude towards authority troubling. I suggest you participate in the available programs here to assist you in your personal development.

DP/dc
Attachment
cc:   Security Superintendent Holman
      Counselor Forbes
      File

A-19   Ex. A-19



From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: David Pierce
Deputy Warden I
Delaware Correctional Ctr.
Smyrna, Delaware 19977

July 9, 2005

Re: Discriminatory Treatment/Racism

Dear Warden Pierce,

You never responded to my June 19, 2005 letter of complain discriminatory and unfair treatment by certain prison officials because I was lawfully exonerated of the death sentence.

As I explained to you in my June 19, 2005 letter a Sgt. Trader and C/O Wrace who work in building 23 of the MHU falsified a bogus anonymous letter that indicated that I intended to physically assault C/O Wrace.

Due to this false evidence I was immediately transferred to the SHU section of building 21 in the MHU where I remain confined without just cause. I was never given a write-up for this incident or afforded the due process of the Corrections Code of Penal Discipline.

Ex. A-20         Ex. A-20

Also on May 7, 2005 I wrote you a letter regarding the denial of medical footwear that was prescribed per orders of the doctor several times in the past year and a half. On May 19, 2005 you sent a Memorandum to Health Services Administrator Ms. Munson to investigate the matter. Subsequently Ms. Munson sent the Medical Grievance Personnel Nurse Kim to obtain the necessary information to order the footwear but gave me a choice between sneakers or boots. Although according to institutional rules an inmate is entitled to at least one pair of sneakers and boots a year.

However I still have not received the medical footwear which were ordered on four different occasions over the past two years. This indicate the possible theft of footwear orders by someone in medical and there should be an Internal Affairs investigation of this incident.

You must inform Ms. Munson that I am entitled to both sneakers and boots once a year and that she shall provide them immediately per your orders!

The discriminatory misconduct directed towards me is so obvious and if you have not succumb to this unethical conduct prevalent among

Ex. A - 21       

the Administration then I trust that you will take immediate action to resolve these matters involving my unfair treatment.

Thank You!
James W. Riley
MHU, Bldg. 21
B-Tier, Cell L-5
SBI # 169716

Ex. A - 22 

From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: Steve Hampton, Esq.
Attorney At Law
Dover, Delaware

October 3, 2005

Dear Mr. Hampton,

How are you? I am writing you regarding the numerous newspaper articles about the Delaware Department of Corrections poor health care system.

Your name is mention throughout those articles as being one of the attorneys representing prisoners who suffered personal and emotional injuries from denial of adequate medical treatment.

Enclosed herewith are several complaints I filed with the Delaware Correctional Center for denial of medical treatment for a skin infection and failure of medical staff to fulfill doctors' orders for medical footwear for a previous severe ankle injury. After reviewing my complaints you will notice the similarities in some of the complaints described in the newspaper articles involving several prisoners in other Delaware's prisons which indicates that the Correctional Medical Services have a

Ex. A-23

police and practice in denying inmates adequate medical treatment. This will help to establish a prima facie case of deliberate indifference and reckless disregard for serious medical needs.

All I ask of you is to include my case in any Class Action suit you bring against the Department of Corrections and make sure my medical needs are taking care of as they should.

Please let me know soon as possible whether or not you'll fit my case into any course of action you decide to take against the department.

Very Truly,

James W. Riley

Ex. A-24

## GRADY & HAMPTON, LLC
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON
LAURA F. BROWNING

DOVER    (302) 678-1265
SUSSEX   (302) 855-1313
FAX      (302) 678-3544

October 18, 2005

James Riley
SBI# 169716
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Riley:

    I am interested in your case and that fact that CMS apparently is not treating you for your skin infection. Please sign the medical authorization that I have sent you and I will see if I can obtain additional information about your case. Also, if you could let me know your current situation regarding your release date and the charges for which you are incarcerated, I would like to know that as well. I am writing to the Attorney General about your case.

    If anyone threatens to take action against you because you are writing to me, or telling other people about your situation, please tell me about it. I take all such threats seriously. They are improper. I await your response.

Sincerely yours,

Stephen A. Hampton

SAH:rlm
Enclosures

Ex. A-25

GRADY & HAMPTON, LLC
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON
LAURA F. BROWNING

DOVER   (302) 678-1265
SUSSEX  (302) 855-1313
FAX     (302) 678-3544

November 18, 2005

James Riley
SBI 169716
Delaware Correctional Institution
1181 Paddock Road
Smyrna, DE  19977

Dear Mr. Riley:

    I remain interested in your case. However, I have been contacted by close to 50 inmates or their families concerning medical care and other issues in the prison. I am sorting through the cases as quickly as time allows to determine if there are steps I can take to help in each situation. I do not have the ability to file 50 different lawsuits. If I am able to combine some cases or join in a class action lawsuit with other attorneys, I will be able to handle more cases. The cases that I take individually will be cases with clear negligence and substantial damages.

    The reports I am receiving are that sick call at DCC and HRYCI is practically non-existent. CMS has been back on the job since July 1st, 2005, but it has not reduced the huge back-log of sick calls. I understand the back-log to number in the thousands.

    I understand that the only doctor providing services at HRYCI, is a doctor from another State hospital who comes to HRYCI several nights a week. Otherwise, medical care is being provided by nurse practitioners and nurses. My understanding is that Dr. Rodgers is part time at DCC. When she goes on vacation there isn't any doctor to cover DCC.

    It has always taken a long time for medical grievances to be addressed, but my impression is that now medical grievances are rarely being addressed at all. Probably because non-existent sick call has lead to many more grievances. I encourage you to continue to grieve all legitimate claims you have about poor health care.

    One of my goals for any prison lawsuit that I file is to force the State to provide proper treatment for inmates in the system. There is no reason that Delaware should be paying over $25,000,000.00 a year for health care, and yet the health care provider doesn't even provide enough doctors to begin to correct the problem. My goal is to see that this situation is changed as soon as possible.

Ex. A-26

Ex. A-29

Page 2                                                    November 18, 2005
James Riley

    Thank you for your understanding and patience. If you want to write to other attorneys, or seek other help, that is fine with me. I encourage all of the help that we can get.

                                  Sincerely yours,

                                  Stephen A. Hampton

SAH:slh

**GRADY & HAMPTON, LLC**
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON
LAURA F. BROWNING

DOVER   (302) 678-1265
SUSSEX  (302) 855-1313
FAX     (302) 678-3544

February 8, 2006

Drewry Nash Fennell, Esquire
Executive Director
ACLU of Delaware
100 W. 10th Street, Suite 309
Wilmington, DE 19801

Dear Drew:

Enclosed are records on James Riley. I believe he should qualify as an "exhausted" plaintiff for a class action suit.

If you have any questions, please let me know.

Sincerely yours,

Stephen A. Hampton

SAH:slh
CC: James Riley

Ex. A-28

From: James W. Riley
Delaware Correctional Ctr.
1181 Paddock Road
Smyrna, Delaware 19977

To: Stephen A. Hampton
Grady & Hampton, LLC
6 North Bradford Street
Dover, Delaware 19904

March 18, 2006

Re: Letter to ACLU

Dear Mr. Hampton,

　　I am in receipt of a copy of your February 8, 2006, letter to Drewry Nash Fennell Executive Director of the ACLU of Delaware. Although I appreciate your thoughtfulness to forward my records to the ACLU for any potential Class Action Law suit to be filed against the Delaware Correctional Center for inadequate health care, however I don't have any faith in the ACLU. The ACLU have a history of pretending to want to help prisoners only when there is a crisis but their main objective is always to resolve matters in favor of the State of Delaware. The ACLU is never in the best interest of prisoners.

　　However the main reason why I am writing is because the institution (DCC) continue to keep me lock down in disciplinary segregation for

Ex. A-29

complaining about inadequate health care and for having exercised my constitutional rights to petition the courts on other matters of criminal and civil in nature. The institution continue to use false justification to keep me confined to the SHU.

You assured me in your letter dated October 18, 2005 that if anyone threatens to take action against me for this reason then to let you know and you would do something about it.

You might have to contact Commissioner Stan Taylor to get some straight answers about what is really happening to me.

Also enclosed are two lawsuits I recently filed in the U.S. district court regarding my improper isolation and denial of medical treatment. The institution still haven't treated me for my medical complaints.

Let me know that you're with me 100% in this struggle. Or at least don't let the institution retaliate against me for exposing their unlawful actions.

Very Truly!
James Riley

Ex. A-30