## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-001 GMS |
| ) | |
| STANLEY TAYLOR, THOMAS CARROLL, ) | JURY TRIAL BY TWELVE |
| DAVID PIERCE, AMY MUNSON, MEDICAL ) | DEMANDED |
| ASSISTANT MALANEY, CORRECTIONAL ) | |
| MEDICAL SYSTEMS and FIRST ) | |
| CORRECTIONAL MEDICAL, ) | |
| ) | |
| Defendants. ) | |

### MOTION OF DEFENDANTS, MEDICAL ASSISTANT MALANEY AND CORRECTIONAL MEDICAL SYSTEMS, TO DISMISS PLAINTIFF'S COMPLAINT[1]

Defendants, Medical Assistant Malaney ("Malaney") and Correctional Medical Services, Inc., ("CMS"), incorrectly named Correctional Medical Systems ("CMS"), through their undersigned counsel, hereby respectfully move this Honorable Court to enter the attached Order, dismissing Plaintiff's Complaint with prejudice and, in support thereof, aver as follows:

1. Plaintiff filed a Complaint in this matter on December 29, 2005 alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and requesting declaratory judgment. A copy of Plaintiff's Complaint is attached hereto as Exhibit "1".

2. In his Complaint, plaintiff alleges that while at Delaware Correctional Center ("DCC") medical officials refused to perform surgery on his rectum for the painful swelling he experienced following defecation. See Exhibit "1" at ¶ IV(a). Plaintiff also alleges that Malaney refused to fulfill a doctor's prescription for eyeglasses and footwear. See Exhibit "1" at ¶ IV(d)-(i).

---

[1] Moving defendant waives its right to file an Opening Brief and submits this Motion in lieu thereof pursuant to Local Rule 7.1.2. However, moving defendant reserves the right to file a Reply Brief.

Plaintiff further alleges that he has not been provided treatment for facial skin infections. See Exhibit "1" at ¶ (j)-(m).

3. The statute of limitations applicable to suits brought under 42 U.S.C. §1983 is determined by each state, and, for this purpose, §1983 actions should be characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261 (1985). In Delaware, the statute of limitations to be applied in §1983 actions is the two-year limitation period set forth in 10 Del. C. § 8119. McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir. 1996); Carr v. Town of Dewey Beach, 730 F. Supp. 591 (D. Del. 1990); Marker v. Talley, 502 A.2d 972 (Del. Super. Ct. 1985).

4. Plaintiff's 42 U.S.C. § 1983 claims under the "First Claim of Denial of Medical Treatment" should be dismissed as they are barred by the applicable two-year statute of limitations, 10 Del. C. § 8119. 10 Del. C. § 8119 states, in pertinent part, "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained…".

5. In Plaintiff's First Claim of Denial of Medical Treatment, he alleges that sick call complaints were filed in 2002 complaining of swelling in his rectum as a result of an injury sustained while lifting weights in 1998. See Exhibit "1" ¶ IV (a). Plaintiff also demanded surgery and alleges that the doctor told Plaintiff that he could not recommend surgery and that all he could do was prescribe medication. Id. The statute of limitations for these claims expired in 2004. Plaintiff filed this Complaint on December 29, 2005. Therefore, Plaintiff's claims under his First Claim of Denial of Medical Treatment alleging failure to provide treatment for his rectal dysfunction should be dismissed.

6. In his Complaint, plaintiff states that there is a prisoner grievance procedure at his institution of incarceration and states: a) that he filed a grievance and b) the medical grievances were resolved unfairly with no action taken to correct denial of medical treatment. See Exhibit "1" at ¶ II (A) and (C)(1-2).

7. The plaintiff has failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1996. 42 U.S.C. §1997e (a) provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

8. The Courts have upheld the requirements of 42 U.S.C. §1997e (a), and stated that an inmate must first exhaust all the administrative remedies available to him/her prior to filing a §1983 action premised upon prison conditions. Nyhuis v. Reno, 204 F.3d 65, 67 (3rd Cir. 2000) ("(T)he PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory-whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action"); see also Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (§1997e(a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.)

9. Prison conditions have been defined to include the environment in which the prisoners live, the physical conditions of that environment and the nature of the services provided therein. Booth, 206 F.3d at 291.

10. The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance. See Exhibit "2", at 6. An inmate must file a grievance with the Inmate Grievance Chairperson (IGC) who then forwards it to the medical staff for review. If action needs to be taken, the medical staff is required to

attempt an informal resolution of the grievance with the inmate. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee to conduct a hearing. Id.

11.  If the medical grievance hearing decision does not satisfy the inmate, the inmate may complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer. See Exhibit "2", at 7. The Bureau Grievance Officer recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

12.  It is clear from the Complaint that the plaintiff is complaining about a prison condition which under 42 U.S.C. §1997e(a) required him to exhaust all the administrative remedies available to him. It is equally clear from a review of the Complaint that the plaintiff never exhausted his administrative remedies made available by the Delaware Department of Corrections. Plaintiff admits in his Complaint that he filed a medical grievance and a hearing was heard in which an adverse decision was rendered See Exhibit "1" at ¶ II. However, there is no indication that a Medical Grievance Committee Appeal Statement was filed with regards to the medical grievance hearing decision or that any other medical grievances were filed.

13.  42 U.S.C. §1997e(a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources. O'Neil v. Kearney, et al., C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (citing Nyhuis v. Reno, 204 F.3d 65, 75 (3rd Cir. 2000)). (Attached as Exhibit "3"). At the time this action was filed procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and

correct any alleged mistake and wasting judicial resources. Therefore, plaintiff's Complaint must be dismissed.

14.    In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his medical condition is "serious". Boring v Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

15.    The allegations even if assumed to be true, do not constitute deliberate indifference to a serious medical condition in violation of the plaintiff's Eighth Amendment rights. Although plaintiff disagreed with the medical treatment he received, this alone does not support a claim for violation of his civil rights under 42 U.S.C. § 1983. "Where the plaintiff has received some care, the inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim". Norris v. Frame, 585 F.2d 1183, 1186 (3rd Cir. 1978). Claims for inadequate medical care pursuant to the Eighth Amendment must be denied where the complaint

is that the medical treatment did not comport with the inmate's requests since it is merely a disagreement over the proper means of treatment. Boring, 833 F.2d at 473.

16.     Plaintiff has received adequate medical treatment and his medical conditions have not been consciously disregarded.  When Plaintiff complained of a rash on his face on March 24, 2005, he was provided treatment that same date on which it was noted that he did not have a rash.  On April 7, 2005, when he again requested treatment for a rash on his face, it was noted that he had just been treated on March 24, 2005 where it was noted that a rash did not exist.  On July 11, 2005, Plaintiff was again examined and it was noted that there was no rash, open areas or raised areas on his face.  Plaintiff also requested vitamins for his anemia; however, it was noted that Plaintiff does not have a past history of anemia and that all of his lab work was within normal limits.  With regards to Plaintiff's allegations that he did not receive special footwear, on November 12, 2003, Plaintiff acknowledged receipt of size 8 ½ New Balance high top sneakers.  Additional footwear was ordered for him in 2005.  There are no indications in the medical records of any need for eyeglasses.  Plaintiff's medical records from 2002 through 2006 are attached as Exhibit "4".

17.     CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D. Del. 1992) (citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978)).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict.'" Whalen v. Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 21334 (citing Miller, 802 F. Supp. at 1132)).  (Attached as Exhibit "5").

18.     "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  Id.

19.     "To state a claim, plaintiff would have to demonstrate that CMS has a policy or custom of not providing necessary medical care to inmates."  Whalen, C.A. No. 02-246-JJF Mem. Op. at 4.  See Exhibit "5"  "CMS would not be liable unless it had a policy or custom that encouraged or otherwise caused its physicians to not provide such necessary services."  Id.

20.     In this case, the plaintiff cannot prove any set of facts that would demonstrate that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care.

21.     Moreover, CMS cannot be held responsible for the acts of its employees under a theory of respondeat superior in an action under the Eighth Amendment.  Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior.  Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992).  For a plaintiff to prevail, the defendant must have personal involvement in the alleged wrong; "liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (1988).

22.     A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.  Fed. R. Civ. P. 12(b)(6).  Even a pro se litigant must plead sufficient facts to sustain a legal claim.  See Riddle v. Mondragon, 83 F. 3d 1197, 1202 (10th Cir. 1996).  As a matter of law, plaintiff's claims against CMS must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, defendants, Medical Assistant Malaney and Correctional Medical Services, Inc., move this Honorable Court to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN

BY:   */s/ Kevin J. Connors*
        KEVIN J. CONNORS, ESQ.
        DE Bar ID: 2135
        1220 North Market Street, 5th Fl.
        P.O. Box 8888
        Wilmington, DE 19899-8888
        Attorney for Defendants, Medical Assistant
        Malaney and Correctional Medical Services, Inc.

DATED: July 21, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\365117\ESTHOMPSON\13252\00167