In The United States District Court
For The District Of Delaware

James W. Riley,
    Plaintiff,
v.
Stanley Taylor, et al.,
    Defendants

C.A. No. 06-001-GMS

2006 AUG -1 PM 2:59 FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

Plaintiff's Motion For Summary Judgment In Response To Defendants' Malaney's And Correctional Medical Systems (Services CMS) Motion To Dismiss

Herein Come The Plaintiff James Riley who move for immediate Summary Judgment pursuant to Rule 56(c) of the Fed. R. Civ. P. against all defendants. The Preliminary Injunction (P.I.) And Temporary Restraining Order (TRO) And Supporting Sworn Affidavit plaintiff filed dated July 9, 2006, is designated as "Plaintiff's Memorandum Of Law Insupport Of Motion For Summary Judgment"; as well as an original request for P.I./TRO respectfully. In further support for Summary Judgment, plaintiff states the following:

    I.    Defendants' Exhaustion Of Administrative Remedies Defense For Failure To Treat Plaintiff's Rectum Dysfunction Lack Merit

1. In defendant Malaney/CMS' motion to dismiss they incorrectly stated at paragraphs 7 thru 13 that plaintiff

1

Failed to exhaust all administrative remedies regarding his complaints about the rectum dysfunction. First the defendants did not respond with candor and purposely failed to provide the court with a complete copy of the medical records pertaining to this issue. The medical record show that from 9/24/02 to 10/24/02 plaintiff was given a laxative type pill and hemorrhoidal cream medications for the rectum dysfunction. (See Exhibit 4 pg. 25 to Defendants' Motion To Dismiss hereafter "Ex. 4").

However the defendants did not include the records relating to the initial sick call complaint filed by plaintiff and whether or not any physical examinations were conducted by the doctor who prescribed this medication. It is plaintiff's contention no physical examination were ever conducted to diagnose the problem prior to prescribing any medication. Also the defendants did not provide the court with the two Grievance Complaints and letter written to Warden Carroll by plaintiff in 2002 and 2003. (See Exhibits A-1 thru A-3 attached to Plaintiff's P.I/TRO). These Complaints were all ignored!!

The Grievance complaint the defendants refer to in paragraph 12 of their motion to dismiss relate to the Grievance about the Footwear issue (not the rectum dysfunction issue) wherein a resolution was agreed upon, that the Footwear has been placed on order and that plaintiff would "sign off" on not pursuing the Grievance any further. (See Grievance attached to P.I/TRO Exhibit A-4 thru A-7). However to this date plaintiff has not been provided with this Footwear that was placed on order in August of 2005.

In all, as the defendants' incomplete medical records show, plaintiff went through several years of ineffective administrative remedies, from 2002 to 2005. (See P.I/TRO Exhibits, in particularly see Exhibit A-26, 27 a letter from Attorney Stephen A. Hampton regarding the inadequate Grievance remedy).

Thus the Exhaustion of Administrative remedies Toll the two year of Statute of Limitation period. See Ray v. Kertes, 285 F.3d 287 (3rd Cir. 2002).

II. Defendants' Defense For Denial Of Medical Treatment For Necrotizing Fasciitis Infection; Denial Of Eyeglasses And Orthopedics Footwear Is Totally Devoid Of Any Truthfulness

2. At paragraph 16 of Defendants' Motion To Dismiss they state that plaintiff was seen by medical on March 24, 2005 for the rash on his face. Although plaintiff deny that medical seen him on March 24, 2005, however they did see him on the other two dates referred to, for the facial rash, as the medical records indicates in Exhibit-4 pages 1 and 5 of defendants' Motion To dismiss. However plaintiff was never seen or examined by a qualified doctor for Necrotizing Fasciitis (Flesh eating bacteria) in sick call complaint filed on April 10, 2005. (See Exhibit 4 pg. 3 & 4 to defendants' Motion To Dismiss). The defendants' medical records show that NO qualified doctor ever

3

examine plaintiff for Necrotizing Fasciitis infection. Instead the medical Supervisor, defendants Munson and Malaney, delegated this responsibility to non-qualified nursing staff who simply back dated a notation reference on plaintiff's sick call complaints or merely state they had seen plaintiff. (See Exhibit-4 pages 1 thru 6 to Defendants' Motion to Dismiss And Exhibits A-11, A-15 and A-19 to Plaintiff's P.I/TRO Memos to defendants Munson and Malaney).

Defendants Further state at par. 16 that plaintiff was provided with special footwear on November 12, 2003, in which plaintiff does not make issue of in his civil action complaint. The issue is that plaintiff is entitle to new footwear once a year. The footwear that was approved by doctor's orders in 2004 and 2005 was never provided; And the defendants' offer no proof that the "Additional Footwear [ ] ordered for him in 2005," was ever provided per orders of the doctor; nor does defendants dispute plaintiff's denial of this footwear. (See Doctor's Orders for Top Boots Exhibit-4 pgs. 8 & 9 to Defendants' Motion to Dismiss And Medical Grievance Exhibit A-5 to Plaintiff's P.I/TRO, where sneakers ordered but never provided). However to this date plaintiff have not been provided any such Orthopedic Footwear.

Furthermore, the defendants states at par. 16 Falsely, that there are no indications in the medical records of any need for eyeglasses. To the contrary see same doctor's Order Exhibit-4 pg. 9 which state:

4

"OPTh. Consult. - ®eye 20/200"
(eye doctor) - Ⓛ eye 20/30

(NOTE: "OPTh." is short for Ophthalmology specialist). This Court shall sanction the defendants for making misleading arguments and intentionally distorting material facts to gain an unfair advantage.

Lastly, the defendants' argument at par. 16 about plaintiff's request for vitamins for his past history of Anemia have no relationship to the issues in this case. But since defendants mention the matter as an indirect indication that plaintiff is making bogus medical complaints, however see Exhibit-4 pg. 2 - A letter plaintiff wrote to medical for the vitamins based upon a 2002 sick call complaint (Exhibit-4 pg. 24) where a doctor (Dr. Roy Decker) indicated verbally that plaintiff may possibly be Anemic. (Defendants' medical Records Exhibit 4). See Also attached hereto plaintiff's medical record from Bee Bee Hospital which indicate a history of Nutritional Anemia). Therefore this evidence refute defendants' subtle notion that plaintiff's complaints are baseless.

### III. Plaintiff Is Entitled To Summary Judgment Where No Genuine Dispute To Any Material Fact Exist

3. In reviewing a grant of summary judgment the facts must be viewed in the light

5

most favorable to the non-moving party. See Smith v. Mensinger, 293 F.3d 641, 647 (3r Cir. 2002). Summary judgment is appropriate, as here, only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Id. Thus, a motion to dismiss under Fed. R. Civ. P. 12(b)(6), on the other hand, should not be granted unless it appears that the plaintiff can prove no set of facts that would entitle him or her to relief. Id. As it obviously appears, the defendants are not entitled to a motion to dismiss and their request for dismissal must therefore be denied.

However, on the other hand plaintiff's request for summary judgment should be granted as a matter of law for the following reasons and contentions above:

(i) The defendants did not dispute (par. "(J)" of plaintiff's Civil Action Complaint) that one prisoner, Japhis Lampkins, whom plaintiff was housed with in Building 23 of the Maximum Housing Unit (MHU), was hospitalized for necrotizing fasciitis infection and had to have surgery. (See Sunday's October 9, 2005 Wilmington Delaware News Journal paper article regarding inmate Lampkins' ordeal). Plaintiff possibly contracted this infection from inmate Lampkins while confined with him in building 23 on the same tier, (He and I are close friends). Inmate Lampkins and plaintiff

Filed complaints with same medical personnel around the same time, beginning as early as March 2005. Only after inmate Lampkins infection got so bad and the exposure of the problem by The News Journal did the Delaware Correctional Center's (DCC) medical staff defendants provide him treatment, in September 2005, nearly seven (7) months after his initial complaints.

(ii) The defendants are unable to provide any sworn affidavits from qualified doctors who may have seen or conducted physical examinations, tests, or any diagnosis regarding plaintiff's exposure to Necrotizing Fasciitis and the approximate cause of plaintiff's rectum dysfunction, because no doctor ever performed any examinations and that issue is not disputed by defendants. (See Plaintiff's Complaint par. (a) thru (c) and (j) thru (m)).

(iii) The defendants can produce sworn affidavits from qualified doctors whom seen and examine plaintiff's eyes and foot problems, but such affidavits will not be favorable to defendants and will not dispute the contentions at par. (d) thru (i) of plaintiff's civil action complaint that he was denied footwear and eyeglasses (an ophthalmology examination) per orders of qualified doctor.

(iv) The defendants continue to deny plaintiff any medical treatment as prescribed by the doctors for his serious medical needs dispite the fact of their knowledge of plaintiff's complaints herein. Instead the defendants present misleading and distorted

7

Arguments in an attempt to justify their continued willful wanton, callous reckless disregard for plaintiff's serious medical needs which constitute deliberate indifference. "A medical need is 'serious' if it (as here) has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognise the necessity for a doctor's attention." See Henderson v. Harris, 672 F.Supp. 1054, 1059 (N.D. Ill. 1987) (inadequate medical treatment for rectum dysfunction) and Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (intentionally interfering with the treatment once prescribed or intentionally denying or delaying a care).

None of defendants disputes are viable as to any material facts to permit this case to proceed any further or to delay final judgment and relief in plaintiff's favor as requested his original civil action complaint.

Wherefore, for the good cause shown herein above and that stated in supporting P.I/TRO motion with supporting affidavit designate as supporting memorandum of law hereto, plaintiff's motion for summary judgment pursuant to Rule 56(c) should be granted as requested as a matter of law.

Date: July 26, 2006          James W. Riley
                             James W. Riley, pro se
                             Delaware Correctional Center
                             1181 Paddock Road
                        8    Smyrna, Delaware 19977

64242

| Name | First | Middle | Hospital No. |
|---|---|---|---|
| Bailey | James Wm | | 75020 |

| Location in Hospital | Clinic or Service | Attending Physician |
|---|---|---|
| # Ear 9 | Ped Med | Dr. Pierce |

| Address | City | Zone | State | How Long There | Phone |
|---|---|---|---|---|---|
| 406 | Lewes, Dela. | | | | Albert Scott |

Sex: M  Color or Race: C

| Age | Date of Birth | Birthplace | Occupation |
|---|---|---|---|
| 5 mo. | Aug 14, 1960 | Lewes Beebe Hospital | |

Next of Kin: Lileya Bailey  
Mother

Date of Admission: 1-11-61  
Date of Discharge: 1-21-61  4:30 PM

Hospitalization Insurance: Not NY

**Final Diagnosis:**

Pneumonia – RLL  
Nutritional anemia

Result: Recovered ✓  Improved ☐  Unimproved ☐  Not Treated ☐  Died ☐  Released Against Advice ☐

Date: 1-21-61

## Certificate of Service

I, _James Riley_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion For Summary Judgment_ upon the following parties/person (s):

TO: _Kevin J. Connors, Esq_   TO: _____
_1220 N. Market St., 5th. Fl._   _____
_P.O. Box 8888_   _____
_Wilmington, Delaware_   _____
_19899-8888_   _____
_(Att. For. defts. Munson & Mahaney)_

TO: _Ophelia M. Waters, Esq._   TO: _____
_Deputy Attorney General_   _____
_820 N. French St._   _____
_Wilmington, Delaware_   _____
_19801_   _____
_(Att. For. defts. Taylor, Carroll & Pierce)_

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center. 1181 Paddock Road, Smyrna, DE 19977.

On this _30_ day of _July_, 2006

_James W Riley_

I/M James Riley
SBI# 169716  UNIT MHU Bldg 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S. X-RAY

$00.63
JUL 31 2006
MAILED FROM ZIP CODE 19977

Office of The Clerk
United States District Court
844 King Street
Wilmington, Delaware
19801