# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-001 GMS |
| | ) | |
| STANLEY TAYLOR, THOMAS CARROLL, | ) | JURY TRIAL |
| DAVID PIERCE, AMY MUNSON, MEDICAL | ) | DEMANDED |
| ASSISTANT MALANEY, CORRECTIONAL | ) | |
| MEDICAL SYSTEMS and FIRST | ) | |
| CORRECTIONAL MEDICAL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS,
CORRECTIONAL MEDICAL SYSTEMS (MORE PROPERLY KNOWN AS
CORRECTIONAL MEDICAL SERVICES, INC.) AND MEDICAL ASSISTANT
MALANEY, IN SUPPORT OF THEIR
<u>OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendants, Correctional Medical Systems (more properly known as Correctional Medical Services, Inc.) and Medical Assistant Malaney, through their undersigned counsel, hereby respectfully request this Honorable Court to enter the attached Order, denying plaintiff's Motion for Summary judgment and, in support thereof, aver as follows:

**A.   Statement of Facts and Procedural Posture**

Plaintiff-prisoner, James W. Riley, was incarcerated in the Delaware Correctional Center ("DCC") when he filed a Complaint in this matter on January 3, 2006, pursuant to 42 U.S.C. § 1983.[1]  D.I. 2.  Named as Defendants are Stanley Taylor, Thomas Carroll, David Pierce, Amy

---

[1] 42 U.S.C. § 1983 reads, in part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress.

Munson, and Medical Assistant Chris Malaney, Correctional Medical Systems and First Correctional Medical. D.I. 2. Correctional Medical Services ("CMS") is a private corporation that has been providing medical care to Delaware inmates since July 1, 2005.[2] Christine Malaney held a supervisory position for CMS as Health Services Administrator through May 1, 2006.

Plaintiff filed a Complaint in this matter on December 29, 2005 alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and requesting declaratory judgment. In his Complaint, plaintiff alleges four discreet claims of "Denial of Medical Treatment." D.I. 2  Defendants CMS and Malaney have filed a Motion to Dismiss on several bases, including the statute of limitations and Fed. R. Civ. P. 12 (b)(6). D.I. 22.

On August 1, 2006, plaintiff-prisoner filed "Plaintiff's Motion for Summary judgment in Response to Defendants' [sic] Malaney's and Correctional Medical Systems Motion to Dismiss". D.I. 25. This is Defendants' response in opposition to Plaintiff's Motion.

    B.    **Standard of Review**

A court may grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is subject to judgment as a matter of law. Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] A fact is "material" when it "might affect the outcome of the suit under the governing law." Id. Disputes over facts which are irrelevant or unnecessary will not preclude a grant of summary judgment. Id.

 The initial burdens of informing the court of the basis for a motion for summary judgment and identifying the portions of the record which demonstrate the absence of a genuine

---

[2] Prior to July 1, 2005, CMS had provided medical care to Delaware inmates from July 1, 2000 through June 30, 2002.

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

issue of material fact fall on the moving party.[4] If the moving party can satisfy these initial burdens, Rule 56 (e) states that the nonmoving party "may not rest upon the mere allegations or denials of his [or her] pleadings, but his [or her] response. . . must set forth specific facts showing that there is a genuine issue for trial."[5] However, any reasonable inferences that can be drawn from the record must be viewed in the light most favorable to the party opposing the motion.[6]

Plaintiff has failed to meet his burden in the first instance by failing to identify any portions of the record which demonstrate the absence of a genuine issue of material fact. Instead, Plaintiff demonstrates considerable issues of fact that preclude the grant of summary judgment in his favor. Moreover, plaintiff fails to even state a claim for a constitutional violation against CMS or Assistant Malaney.

**C.    Legal Arguments**

**1.    Plaintiff is Not Entitled to Summary Judgment on Alleged 42 U.S.C. § 1983 Claims When Plaintiff's Complaint Fails to State a Claim for a Constitutional Violation**

**a.    Plaintiff's claims are barred by the statute of limitations**

The statute of limitations applicable to suits brought under 42 U.S.C. §1983 is determined by each state, and, for this purpose, §1983 actions should be characterized as personal injury actions.[7] In Delaware, the statute of limitations to be applied in §1983 actions is the two-year limitation period set forth in 10 Del. C. § 8119.[8]

---

[4] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)
[5] Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985)(citing Fed. R. Civ. P. 56 (e)), cert. denied, 474 U.S. 1010 (1985).
[6] Sorba v. Pennsylvania Drilling Co., Inc., 821 F.2d 200, 202-03 (3d Cir. 1987), cert. denied, 484 U.S. 1019, (1988).
[7] Wilson v. Garcia, 471 U.S. 261 (1985).
[8] McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir. 1996); Carr v. Town of Dewey Beach, 730 F. Supp. 591 (D. Del. 1990); Marker v. Talley, 502 A.2d 972 (Del. Super. Ct. 1985).

In Plaintiff's First Claim of Denial of Medical Treatment, he alleges that sick call complaints were filed in 2002 complaining of swelling in his rectum as a result of an injury sustained while lifting weights in 1998.  D.I. 2 at ¶ IV (a).  Plaintiff also demanded surgery and alleges that the doctor told Plaintiff that he could not recommend surgery and that all he could do was prescribe medication.  Id.  The statute of limitations for these claims expired in 2004.  Plaintiff filed this Complaint on December 29, 2005.  Therefore, Plaintiff's claims under his First Claim of Denial of Medical Treatment alleging failure to provide treatment for his rectal dysfunction should be dismissed.

### b. Plaintiff fails to allege personal involvement of CMS

CMS, a private corporation, may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs.[9]  Plaintiff appears to name CMS as a defendant based on the activities of CMS employees, and *respondeat superior is not a viable theory of liability under* 42 U.S.C. § 1983.[10]

Moreover, plaintiff's Complaint under 42 U.S.C. §1983 lists CMS as a defendant, but makes no allegations specifically against CMS. The Complaint does not even name a individual health care provider, a physician or a nurse, who allegedly caused the constitutional violations at issue.  D.I. 2.  More importantly, Plaintiff has failed to allege any unconstitutional policy or custom against CMS , nor has he alleged that the execution of such policy or custom caused any alleged constitutional tort.

---

[9] Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D. Del. 1992), citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

[10] Id.

Thus, the Complaint fails to allege that CMS is in any way responsible or liable for the purported violations of plaintiff's civil rights alleged therein. The allegations against CMS should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6).

### c. Plaintiff fails to allege personal involvement of Assistant Malaney

In order to be liable in a civil rights action, a defendant must have personal involvement in the alleged wrongs.[11] "Personal involvement" may be demonstrated through "allegations of personal direction or of actual knowledge and acquiescence." These allegations, however, must be made with appropriate particularity.[12]

In his Complaint, plaintiff states that Assistant Malaney was asked to investigate the plaintiff's medical complaints" and that Malaney "never corrected the denial of medical treatments and denial of fulfillment of doctor's orders for the prescribed eyeglasses and special footwear." D.I 2 at IV (g). These conclusory allegations do not state a claim under 42 U.S.C. § 1983.

### d. Plaintiff fails to allege deliberate indifference to a serious medical need by defendants

Within the context of an alleged failure to provide adequate medical treatment to a prisoner, an act of a prison official[13] becomes such a constitutional violation only when it results

---

[11] Specifically, the Third Circuit has held that:

> A defendant is a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicate solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal discretion or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(citations omitted).

[12] Id.

[13] These principles likewise apply to private corporations providing medical services. Id. at 1132, citing Guyer v. Correctional Medical Systems, Inc., C. A. No. 86-361-JLL, Magistrate's Report and Recommendation, slip. op. at 3 (D. Del. Apr. 16, 1990)(adopted by final order May 14, 1990).

from the "deliberate indifference to a prisoner's serious illness or injury."[14] Thus, *Estelle* requires plaintiff to satisfy a two-prong test in order to impose liability under § 1983: i) deliberate indifference on the part of prison officials; and ii) the prisoner's medical needs must be serious.[15] Furthermore, "'*where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.*'"[16] A mere difference of opinion concerning the treatment received by an inmate is not actionable under the Eight Amendment and § 1983.[17]

The "deliberate indifference" prong from *Estelle* is satisfied when the plaintiff alleges that the defendant acted to deny an inmate's reasonable request for medical treatment subjecting the prisoner to undue suffering or if medical treatment is delayed for non-medical reasons.[18] The acts complained of must be accompanied by a "reckless disregard" of or "actual intent" to disregard a serious medical condition.[19] Thus defendant's conduct does not constitute a "deliberate indifference" unless it is alleged to occur in conjunction with the requisite mental state. A prisoner's medical need is sufficiently serious if diagnosed by a physician as requiring treatment or so obvious that a lay person would easily recognize the necessity of a physician's attention.[20] However, the *Estelle* Court has also clarified this standard in that:

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice

---

[14] Estelle v. Gamble, 429 U.S. 97, 105 (1976).
[15] Id.
[16] Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978) . See also Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3rd Cir. 1979) ("Courts will 'disavow any attempts to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.'")(citations omitted)(emphasis supplied).
[17] Id.
[18] Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987).
[19] Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).
[20] Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.2d 860 (3d Cir. 1981).

does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. [21]

In the seminal case of *Estelle*, the Supreme Court was considering a Fed. R. Civ. P. 12 (b)(6) motion on appeal. By way of factual background, the doctors diagnosed the prisoner's injury as a lower back strain and treated it with bed rest, muscle relaxants, and pain relievers. Plaintiff-prisoner contended that more should have been done by way of diagnosis and treatment, and suggested a number of options that were not pursued. The Court of Appeals agreed with the prisoner-plaintiff, stating: "Certainly an X-ray of [prisoner-plaintiff's] lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing."[22] The Supreme Court found error in this portion of the holding by the Court of Appeals:

> But the question whether an X-ray - or additional diagnostic techniques or forms of treatment - is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most, it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act…The Court of Appeals was in error in holding that the alleged insufficiency of the medical treatment required reversal and remand.[23]

Thus, matters of medical decision or judgment *do not* constitute cruel and unusual punishment for the purposes of a § 1983 action.

In the instant lawsuit, plaintiff-prisoner does not contend that he failed to get medical treatment and medications for his rectal dysfunction. Nor does plaintiff-prisoner contend that he is "denied access" to physicians. Plaintiff-prisoner does contend, however, that he needs surgery for his condition, a surgery that the plaintiff-prisoner deems appropriate. These allegations

---

[21] Id. at 105-06 (citations omitted)(emphasis supplied).
[22] 516 F.2d at 241.
[23] Estelle v. Gambl*e*, 429 U.S. 97, 107 (1976).

against Defendants, just like the allegations against the physician in *Estelle*, fit squarely under the umbrella of "medical judgment". Just as the failure to order an X-ray, requested by the inmate, and deemed necessary by the inmate, did not constitute cruel and unusual punishment under *Estelle*, it cannot be said that the failure of the physician to make determination that surgery was needed, as requested by the inmate, and deemed necessary by the inmate, constitutes cruel and unusual punishment. Plaintiff's allegations do not, and can not, state a cognizable claim under § 1983.

In the Plaintiff's Motion for Summary Judgment, he asserts that CMS is unable to provide sworn affidavits from "qualified doctors" regarding "the approximate cause of plaintiff's rectum dysfunction." However, it's plaintiff's burden of proof to demonstrate no genuine issue of material fact as to these claims. Conclusory allegations do not entitle plaintiff to summary judgment.

Plaintiff asserts in his Complaint that he had a "facial skin infection" in April 2005, "similar to flesh eating bacteria associated with 'necrotizing fascitis'", and that he has not been thoroughly examined by a "qualified doctors". D.I. 2 at § IV (j)-(l). He asserts that he has lower back pain and joint pain "which may be the direct result of necrotizing fascitis". Id. at § IV (m). The medical records indicate that plaintiff complained of a rash on his face on March 24, 2005, and he was provided treatment that same date, on which it was noted that he did not have a rash. On April 7, 2005, when he again requested treatment for a rash on his face, it was noted that he had just been treated on March 24, 2005 when it was noted that a rash did not exist. On July 11, 2005, Plaintiff was again examined and it was noted that there was no rash, open areas or raised areas on his face.[24]

---

[24] A copy of plaintiff's medical records from 2002 through 2006 is filed at D.I 23.

In the Complaint, plaintiff-prisoner does not contend that he failed to get medical attention for his "facial rash". Nor does plaintiff-prisoner contend that he is "denied access" to physicians. Plaintiff-prisoner does contend, however, that he may be suffering from "necrotizing fascitis" and a "qualified doctor" should evaluate him for this condition. As *Estelle* explained, *a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.* Plaintiff's allegations do not, and can not, state a cognizable claim under § 1983. Moreover, these conclusory allegations do not entitle plaintiff to summary judgment.

In the Plaintiff's Motion for Summary Judgment, he asserts that CMS are unable to provide sworn affidavits from qualified doctors regarding plaintiff's "exposure to necrotizing fascitis". However, it's plaintiff's burden of proof to demonstrate no genuine issue of material fact as to these claims.

Plaintiff alleges that in 2004 and 2005, special orthopaedic footwear was ordered, boots and sneakers. The medical records reflect that on November 12, 2003, plaintiff acknowledged receipt of size 8 ½ New Balance high top sneakers and braces. The medical records indicate that in 2004, while CMS was not under contract with the State of Delaware to provide healthcare to prisoners, there was a request by plaintiff for boots, but it appears this request was denied since he already had sneakers. In appears that in January, 2005, again while CMS was not under contract with the State of Delaware to provide healthcare to prisoners, boots were ordered for plaintiff, but plaintiff claims he never received them. However, Plaintiff concedes that in August 2005, plaintiff "signed off" on "not pursuing the grievance any further." Now, it appears that

plaintiff asserts entitlement to new sneakers every year, and that he never received boots. Plaintiff further asserts that he has not received eyeglasses.

Plaintiff's claims for eyeglasses and additional footwear fails to satisfy the "serious medical need" prong of *Estelle*. In order to satisfy this prong of *Estelle*, "the alleged deprivation must be, in objective terms, 'sufficiently serious.'"[25] Such a standard "contemplates 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'"[26] Factors to consider include "'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"[27]

Plaintiff claims "frequent headaches" and "excruciating pain in his ankles and knees, especially when running and exercising." D.I. 2 at § IV (e). Plaintiff has provided no documentation to support such claims. Moreover, the plaintiff manages to run and exercise without eyeglasses and footwear. Therefore, it cannot be said that his daily activities are affected.

The plaintiff appears to already have orthopaedic footwear, but is requesting "new" sneakers and boots. Plaintiff already has orthopaedic footwear, although not the type he desires, there can be no "condition of urgency, one that may produce death, degeneration, or extreme pain." Plaintiff's allegations do not, and can not, state a cognizable claim under § 1983.

### D. Conclusion

Plaintiff asserts the following "facts" entitling him to summary judgment: i) the Defendants did not dispute that a prisoner (not the plaintiff) was hospitalized for necrotizing fascitis; ii) the Defendants are not able to provide affidavits from qualified doctors who may

---

[25] Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).
[26] Id. (internal quotation omitted)
[27] Chance v Armstrong, 143 F.3d 698, 702-03 (2d Cir. 1998)(quotations omitted).

have seen or conducted physical examinations, tests or any diagnosis regarding plaintiff's necrotizing fascitis; iii) the Defendants are not able to produce affidavits who have seen and examined plaintiff for his eye and foot problems, although he has not received his sneakers and glasses; and generally, iv) that Defendants "continue to deny plaintiff any medical treatment as prescribed by the doctors …."

It's plaintiff's burden to demonstrate that there has been a "deliberate indifference to a prisoner's serious illness or injury." by CMS and Ms. Malaney.  Plaintiff's version of the "facts" is wholly unsupported by the medical records, fails to satisfy the two-prong analysis of *Estelle* that would allow his claims to survive a Motion to Dismiss, and do not establish the absence of a genuine issue of material fact.  Based upon the foregoing, plaintiff's Motion for Summary Judgment should be denied.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

        BY:  */s/ Kevin J. Connors*
             KEVIN J. CONNORS, ESQ.
             DE Bar ID: 2135
             1220 North Market Street, 5th Fl.
             P.O. Box 8888
             Wilmington, DE 19899-8888
             Attorney for Defendants, Medical Assistant
             Malaney and Correctional Medical Services, Inc.

DATED: August 15, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-001 GMS |
| | ) | |
| STANLEY TAYLOR, THOMAS CARROLL, | ) | JURY TRIAL BY TWELVE |
| DAVID PIERCE, AMY MUNSON, MEDICAL | ) | DEMANDED |
| ASSISTANT MALANEY, CORRECTIONAL | ) | |
| MEDICAL SYSTEMS and FIRST | ) | |
| CORRECTIONAL MEDICAL, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

      I hereby certify that on August 15, 2006, I electronically filed the Memorandum of Points and Authorities of Defendants, Correctional Medical Systems (more properly known as Correctional Medical Services, Inc.) and Medical Assistant, Malaney, in Support of their Opposition to Plaintiff's Motion for Summary Judgment with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Ophelia Michelle Waters, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801

      I hereby certify that on August 15, 2006, I have mailed by United States Postal Service, the Memorandum of Points and Authorities of Defendants, Correctional Medical Systems (more properly known as Correctional Medical Services, Inc.) and Medical Assistant, Malaney, in Support of their Opposition to Plaintiff's Motion for Summary Judgment to the following non-registered participant:

James W. Riley
#169716
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

BY:   */s/ Kevin J. Connors*
        KEVIN J. CONNORS, ESQ.
        DE Bar ID: 2135
        1220 North Market Street, 5th Fl.
        P.O. Box 8888
        Wilmington, DE 19899-8888
        Attorney for Defendants, Medical Assistant
        Malaney and Correctional Medical Services, Inc.