IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| James W. Riley, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>Stan Taylor, Thomas Carroll, David Pierce, )<br>HSA Amy Munson, and Assistant Malaney, )<br>      Defendants. ) | Civil Action No. 06-00001GMS |

## STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF

## THEIR MOTION FOR SUMMARY JUDGMENT

Defendants Commissioner Stan Taylor, Warden Thomas Carroll and Deputy Warden David Pierce ("State Defendants") by and through undersigned counsel, hereby respectfully move this Honorable Court pursuant to Fed. R. Civ. P. 56 to enter judgment in their favor as to all claims on the following grounds:

### Background

1.  Plaintiff, James W. Riley, began this civil rights action under 42 U.S.C. § 1983, against medical and non-medical prison officials. Therein he alleges that prisoner medical providers and prison officials acted with deliberate indifference to his health and safety in violation of his Eighth Amendment right to adequate medical care. (D.I. 2). Specifically, Plaintiff alleges that State Defendants are responsible for the lack of medical treatment and the failure to respond to complaints of denial of medical treatment. Id. Moreover, Plaintiff alleges that State Defendants "fail to prevent and maintain policies for the following: 1) adequate staff, 2) qualified staff, 3) prevent interference with adequate medical care once prescribed by doctor and when it appears a medical need is serious, 4) failure to remedy unlawful conditions that they know or should know known

existed with the medical company contracted to provide adequate health care to inmates at DCC and, 5) failure to carry out their responsibility to provide and ensure that adequate medical care for inmates are being met by contracted medical company that is required by state and federal law."

2.    A careful reading of Plaintiff's complaint reveals that no facts are alleged to support his conclusions either that Taylor, Carroll, or Pierce, were deliberately indifferent or intentionally cruel with respect to his condition. In addition, Plaintiff does not state facts to demonstrate that Taylor, Carroll, Pierce were aware of the alleged inadequacies in his medical treatment.

3.    In actuality, Plaintiff's complaint demonstrates merely how he disagreed with the medical treatment he received.

4.    Taylor, Carroll, and Pierce are not physicians and none of them possesses medical training or skills necessary to render a sound medical judgment on Plaintiff's condition.

5.     In short, plaintiff's disagreement as to the course of treatment does not rise to the level of an actionable constitutional violation.

## STANDARD OF REVIEW

6.    A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." FED.R. CIV.P. 56(C). Where the moving party produces an affidavit or other sufficient evidence of facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial and the burden shifts, then the non-moving party may not rest on its own pleadings, but

must provide evidence showing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party assumes the initial burden to identify evidence that demonstrates the absence of a genuine issue of material fact. *Walters ex rel. Walters v. General Motors Corp.*, 209 F. Supp.2d 481, 484 (W.D.Pa. 2002). Once the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate material issues of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party must set forth "specific facts showing that there is a genuine issue for trial ⋯" or the factual record will be taken as presented by the moving party and judgment will be entered against the non-movant. *Matshushita Elec. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The non-moving party may not rest upon mere denials of the facts identified by the moving party, nor upon the vague argument that the record contains facts sufficient to support its claims. *Childers v. Joseph,* 842 F.2d 689 (3d Cir. 1987). Moreover, the non-moving party may not plainly substitute the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990). As an alternative, the non-moving party must point out in the summary judgment record evidence that creates a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. at 323. When disposing of a motion for summary judgment, in addition to the evidence the parties present, a court may consider facts of which it can take judicial notice. *United States v. Weber*, 396 F.2d 381, 386, n.10 (3d Cir. 1968) ("This Circuit has taken the position that under F.R.Civ.P.56 a court may take judicial notice of its own public records containing sworn testimony, affidavits and similar material described in F.R.Civ.P.56.").

**Argument**

**Plaintiff Does Not State An Eighth Amendment Claim**

7.      Plaintiff's section 1983 claim against Commissioner Taylor, Warden Carroll, and Deputy Warden Pierce is based upon the Eighth Amendment, under which the states have a duty to provide "adequate medical care to those it is punishing by incarceration." *West v. Keve*, 571 F.2d 158, 161 (3d. Cir. 1978).  The Supreme Court has held that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency'." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  *Accord White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).  In order to satisfy the "deliberate indifference" aspect of the Estelle test, a plaintiff must allege either "reckless disregard" of or "actual intent" to disregard his medical condition. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).  Additionally, a plaintiff must allege that his medical need is "serious". *Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied 485 U.S. 991 (1988).  In order to show "deliberate indifference," a plaintiff must show that a prison official consciously disregarded a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S.825, 837 (1994). A prison official's denial of an inmate's reasonable request for medical care constitutes deliberate indifference if the denial of the request causes the inmate to experience undue suffering or the threat of tangible residual injury. *Williams v. First Correctional Medical*, 377 F. Supp.2d 473, 476 (D. Del. 2005). Additionally, deliberate indifference may be found if "necessary medical treatment is delayed for non-medical reasons, or if an official bars access to a physician capable of evaluating a prisoner's need for medical." *Id*. *See also Inmates of Allegheny County Jail*

*v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979). Therefore, a prison official is deliberately indifferent only where he or she has the required mental state. *Williams*, 377 F.Supp.2d at 476. In actual fact, a prison official can be held liable only where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. Mere allegations of negligence do not meet the pleading requirements for deliberate indifference. *Estelle*, 429 U.S. at 105-106.

8.      Plaintiff's claim that State Defendants acted with actual or reckless disregard for his medical problems is not supported by the record. All evidence shows that Plaintiff's requests for medical care were submitted to the medical providers, and he has received ongoing medical treatment throughout his incarceration. (D.I.I. 2; 22, ex.1-5; and 27). Plaintiff is complaining about the wisdom or quality of the medical treatment provided to him. However, when some care has been provided, questions as to the adequacy or propriety of the care will not support an Eighth Amendment claim. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) ("Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to medical complaints of a prisoner who was already being treated by the prison doctor."); *Smullen v. Kearney*, 2003 WL 21383727, at *3 (D. Del. June 13, 2003) (Ex. A). Courts will not second-guess a course of treatment, which presents a question of professional judgment. Id. See also Inmates of Allegheny County Jail v. Pierce, 612 F.2d at 762. ("[C]ourts will 'disavow any attempts to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question

of sound professional judgment.'"). A mere difference of opinion as to care is not actionable under the Eighth Amendment.

9.   In *Miller v. Williams*, 2005 WL 1353336, at *4 (D. Del. June 7, 2005) (Ex. B), plaintiff, a prisoner, alleged that he received improper and inadequate medical care for injuries he sustained in a slip and fall. The record evidenced that, over the course of several months, medical personnel provided medical treatment on numerous occasions to plaintiff for his injuries. After an X-ray, he was diagnosed with back spasms and treated with medications and exercise. Miller disagreed with the measures taken during the course of his treatment and insisted that he should have undergone an MRI. Id. The court held that decisions as to appropriate testing and other measures were matters for medical judgment and did not amount to cruel and unusual punishment. *Id*. See also *Smullen v. Kearney*, 2003 WL 21383727, at *3 (plaintiff failed to show reckless disregard or actual intent where he was examined and treated on numerous occasions, including two hospitalizations with an outside provider).

10.   Any failure to respond by Taylor, Carroll or Pierce does not implicate the deliberate indifference requisite for an Eighth Amendment claim. Plaintiff fails to establish any evidence to support that Taylor, Carroll, or Pierce knew or had reason to know that prison doctors or their assistants were mistreating or not treating him. *See Slade v. Carroll,* 2004 WL 440381 at *2, Witham, J. (Del. Super.) (Ex. C) ("Plaintiff has not established any personal involvement by Mr. Carroll. Sick call request slips were submitted by the Plaintiff, but he has not established that Mr. Carroll demonstrated deliberate indifference to Plaintiff's medical needs . . . Because Plaintiff has failed to establish personal involvement by Mr. Carroll and deliberate indifference on his part, Plaintiff's civil rights

claim with respect to Mr. Carroll are [sic] dismissed . . . ."). Similarly, here there is no evidence produced by Plaintiff suggesting that these defendants knew or had the medical background to know that Plaintiff faced a substantial risk of serious harm and disregarded that risk.

11. The medical reports submitted and made a part of the record assure that Plaintiff was being treated by the medical staff. (D.I. 23). There is no contrary evidence. For that reason, State Defendants are entitled to summary judgment as there is no evidence from which a reasonable jury could find that they had knowledge that Plaintiff was not being treated. As the Third Circuit has stated:

> Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.
> If a prisoner is under the care of medical experts …, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibilities for various aspects of inmate life among, guards, administrators, physicians and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non-medical officials could even have a perverse incentive not to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability.

*Spruill v. Gillis*, 372 F.3d 218, 236 (3d. Cir. 2004) (emphasis original). .

12. Given all the evidence, Plaintiff fails to show indifference which offends evolving standards of decency on the part of State Defendants. *Estelle v. Gamble*, 429 U.S. at 106; *White v. Napoleon*, 897 F.2d at 109. Plaintiff's allegations are unsubstantiated and amount to nothing more than bald allegations concerning the overall medical care he received. According to Riley's own statements detailing medical treatment received, and the medical records on file, State Defendants show that there is no genuine issue as to any

material fact, and they are therefore entitled to judgment as a matter of law.

### **The Eleventh Amendment bars suit against the Delaware Department of Correction Prison Officers**

13.     In the instant case, Plaintiff must prove that the District Court has jurisdiction to hear a claim against the State of Delaware or "arms of the state" when sued in their official capacity by operation of the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State".  While the Amendment does not facially bar suits against the State by its citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

14.     The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).  "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984)).  The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. *Seminole Tribe of Florida*, 517 U.S. at 44.  No such clear intent can be seen in 42 *U.S.C.* §1983.  In fact, a review of the

statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 *U.S.C.* §1983. Neither the State of Delaware nor its officials acting in their official capacity are "persons" as contemplated by section 1983.

### Neither Defendants Taylor, Carroll, nor Pierce had any personal involvement in alleged wrongs

15. Liability under 42 U.S.C. § 1983 arises only upon a showing of personal participation by the defendant. Assuming for purposes of this argument Riley's civil rights allegations are true, nevertheless he fails to allege how Taylor, Carroll, or Pierce are personally involved in these alleged constitutional violations. Without personal involvement in alleged constitutional violations, these defendants cannot be held liable. *Rhode v. Dellarcipete*, 845 F.2d 1195, 1207 (3d Cir. 1988). It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Id.

16. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id. Under section 1983, an individual cannot be held liable in the absence of personal involvement or knowing acquiescence in the alleged deprivation. *Bracey v. Grenoble*, 494 F.2d 566 (3d Cir.1974).

17. As aforementioned, Riley fails to identify how Defendants Taylor, Carroll or Pierce participated in, intentionally delayed, or in any other way, interfered with the medical treatment he claims deprived him of constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff's complaint is completely devoid of any cognizable

§1983 claims against State Defendants. Plaintiff does not, and cannot honestly allege that Taylor, Carroll, or Pierce, none of them medical professionals, were involved in or responsible for directing his medical care and treatment. Presently, Riley's attempts to hold the Commissioner, the Warden or Deputy Warden as responsible parties in this action absent facts to support their personal involvement in the alleged violation of his rights are without merit. As such, any purported claims against these defendants must be dismissed.

## Damages

18.     Plaintiff seeks both punitive and compensatory damages. No compensatory damages may be awarded under Section 1983 absent proof of *actual* damages. As discussed above, Plaintiff has not shown proof of actual injury. Moreover, punitive damages are available in Section 1983 actions only when a Defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to federally protected rights. *Wiers v. Barnes*, 925 F. Supp. 1079 (D. Del. 1996) (citing *Smith v. Wade*, 461 U.S. 30 (1983). Plaintiff has failed to allege and prove a cognizable injury at the hands of the individual Defendants. Accordingly, Plaintiff is not entitled to monetary damages.

19.     Additionally, although Plaintiff's Complaint asks for injunctive relief, he has included no allegations demonstrating why he would be entitled to such relief. Plaintiff has not made a showing.  *See Lewis v. State of Delaware Department of Public Instruction*, 986 F. Supp. 848 (D. Del. 1997). The granting of an injunction rests largely in the discretion of the trial court. The party seeking the injunction must allege irreparable harm, a clear legal right, an inadequate remedy at law, and in some instances

that the injunction will serve the public interest. *Getz v. Carroll*, No. 01-744, 2001 WL 1617189 at *1 (D. Del. Dec. 7, 2001).

20.     Plaintiff's claim that Defendants are violating his constitutional rights by refusing to provide surgery for his "rectal dysfunction," special footwear and eyeglasses, or transportation to a community hospital for testing and treatment for "necrotizing fasciitis" have little chance for success. In addition, Plaintiff has failed to allege that he will suffer irreparable harm if an injunction is not granted. Because Plaintiff is not in a position to show a substantial likelihood of success on the merits and cannot establish a clear legal right to an injunction, this Court should exercise its discretion to deny injunctive relief.

WHEREFORE, State Defendants Taylor, Carroll, and Pierce respectfully request that this Honorable Court enter an order of judgment in their favor pursuant to Federal Rule of Civil Procedure 56.

Dated: August 25, 2006                    STATE OF DELAWARE
                                          DEPARTMENT OF JUSTICE


                                          /s/ Ophelia M. Waters
                                          Ophelia M. Waters, I.D. #3879
                                          Deputy Attorney General
                                          Carvel State Office Building
                                          820 N. French Street, 6th floor
                                          Wilmington, DE 19801
                                          (302) 577-8400
                                          Attorney for Taylor, Carroll and Pierce

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| James W. Riley, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vi. | ) |
| | )    Civil Action No. 06-00001-GMS |
| Stan Taylor, Thomas Carroll, David Pierce, | ) |
| HSA Amy Munson, and Assistant Malaney, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

**AND NOW,** this _____ day of _____, 2006, the State Defendants' Memorandum in Support of Their Motion for Summary Judgment filed by Defendants Stanley Taylor, Thomas Carroll, and David Pierce in the above-captioned matter having been duly considered, and any opposition thereto,

**IT IS ORDERED** that the State Defendants' Memorandum in Support of Their Motion for Summary Judgment is granted and that judgment is hereby entered in favor of the Defendants and against the Plaintiff.

 

_____
The Honorable Gregory M. Sleet, Judge
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2006, I electronically filed *State Defendants' Memorandum in Support of Their Motion for Summary Judgment* with the Clerk of Court using CM/ECF to Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Coggin, 1220 North Market Street, 5th Floor, Post Office Box 8888, Wilmington, DE 19899-8888. I hereby certify that on August 25, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant: James W. Riley; SBI # 169716; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us