Westlaw.

Not Reported in A.2d                                                                                                  Page 1

Not Reported in A.2d, 2004 WL 440381 (Del.Super.)
(Cite as: Not Reported in A.2d)

C
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Linnard SLADE, Plaintiff,
v.
Thomas CARROLL, Warden, Delaware Correctional Center; Dr. Ivans, M.D.; Correctional Medical Services; and Dr. Kastre, M.D., First Correctional Medical Services, Defendants.
No. Civ.A.03C02033WLW.

Submitted Feb. 20, 2004.
Decided Feb. 25, 2004.

Upon Defendants' Motions to Dismiss. Granted.

Linnard Slade, Smyrna, Delaware, pro se.
Steven F. Mones, of McCullough & McKenty, P.A., Wilmington, Delaware, for Defendants First Correctional Medical and Tammy Kastre, M.D.
Richard W. Hubbard, Department of Justice, Wilmington, Delaware, for Defendant Thomas Carroll.

ORDER

WITHAM, J.

*Introduction*

*1 Before this Court are Defendants' separate motions to dismiss pursuant to Superior Court Civil Rule 12(b)(6). The Defendants in the case are First Correctional Medical (FCM), the current provider since July 2002 of medical care to inmates at Delaware Correctional Center; Tammy Kastre, M.D. (Dr. Kastre), the president of FCM; and Thomas Carroll, the Warden at Delaware Correctional Center (DCC). Plaintiff has not filed written opposition to the motions. However, he does oppose the motions and has done so before the Court.

*Background*

Plaintiff Linnard Slade has been an inmate at DCC since 1999. Five or six months after he was incarcerated, Plaintiff sought medical treatment for inflammation on his pelvis. The doctor at DCC informed the Plaintiff that the swelling was a boil, but that it did not require additional medical treatment. The boil became infected, which the Plaintiff claims a "new doctor" attributed to the lack of treatment initially. Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated the Eighth Amendment to the Constitution of the United States by failing to provide adequate medical care. In addition, Plaintiff alleges negligence against Mr. Carroll and negligence and medical malpractice against Dr. Kastre and FCM for the allegedly inadequate medical treatment he received.

*Discussion*

When considering a motion to dismiss based upon the Plaintiff's alleged failure to state a claim pursuant to Superior Court Civil Rule 12(b)(6), the Court must accept all allegations in the Complaint as true and view the complaint in the light most favorable to the Plaintiff. The Court should dismiss the complaint only if the Plaintiff would not be able to recover under any reasonably conceivable set of circumstances susceptible of proof.[FN1]

  FN1. *Battista v. Chrysler Corp.,* 454 A.2d 286 (Del.Super.Ct.1982).

*Civil Rights Claims*

The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishment." The

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d    Page 2

Not Reported in A.2d, 2004 WL 440381 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

State has a duty to provide adequate medical care to inmates.[FN2] A failure to provide such medical care can constitute cruel and unusual punishment under the Eighth Amendment.

FN2. *West v. Keve*, 571 F.2d 158, 161 (3rd Cir.1978).

In order to state a cognizable claim [under the Eighth Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.[FN3]

FN3. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Title 42, section 1997e(a) of the United States Code requires that a prisoner exhaust all administrative remedies available before bringing an action under federal law.[FN4] Nothing in Plaintiff's Complaint indicates that he has exhausted all of the administrative remedies available, in fact, it does not indicate whether he has followed through with any of the administrative remedies available to him. Therefore, Plaintiff's allegations of civil rights violations pursuant to 42 U.S.C. § 1983 are dismissed as to all parties, unless he can establish that he has exhausted all of the administrative remedies available.[FN5]

FN4. 42 U.S.C. § 1997e(a) (2003).

FN5. Plaintiff stated in open court that he has exhausted all of his administrative remedies, but Defendants dispute this.

*2 However, even if Plaintiff has followed through on the administrative remedies, FCM and Dr. Kastre argue that they cannot be liable for civil rights violations because Plaintiff's claim alleges vicarious liability. There is no allegation that Dr. Kastre personally treated Plaintiff and his claim against FCM is based upon vicarious liability. It is well established that under 42 U.S.C. § 1983, the doctrine of respondeat superior is not acceptable as a basis for liability.[FN6] Therefore, Plaintiff's claims of civil rights violations by FCM and Dr. Kastre are dismissed regardless of whether he has exhausted administrative remedies.

FN6. *Hyson v. Correctional Medical Services*, 2003 U.S. Dist. LEXIS 1879 *8.

To support a civil rights claim based on lack of adequate medical care, Plaintiff must establish more than just inadequacy of the medical care;[FN7] he must establish that the acts or omissions of the parties were sufficiently harmful to show deliberate indifference to his medical needs.

FN7. *Norris v. Frame*, 585 F.2d 1183 (3rd Cir.1978).

Plaintiff alleges that Mr. Carroll, as the prison warden, delayed his access to medical care. However, this is not supported by the Complaint. Plaintiff has not established any personal involvement by Mr. Carroll. Sick call request forms were submitted by the Plaintiff, but he has not established that Mr. Carroll demonstrated deliberate indifference to Plaintiff's medical needs. Thus, nothing has been alleged establishing that Mr. Carroll showed deliberate indifference to Plaintiff's medical problem. Because Plaintiff has failed to establish personal involvement by Mr. Carroll and deliberate indifference on his part, Plaintiff's civil rights claim with respect to Mr. Carroll are dismissed, regardless of whether Plaintiff has exhausted all of his administrative remedies.

*Negligence and Medical Malpractice Claims*

Defendants FCM and Dr. Kastre contend that because Plaintiff's Complaint failed to assert the allegations of negligence with specificity as is required by Superior Court Rule 9(b), Plaintiff's negligence claims should be dismissed. In order to satisfy this Rule, the Plaintiff must inform the defendant of (1) what duty, if any, was breached;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                   Page 3

Not Reported in A.2d, 2004 WL 440381 (Del.Super.)
(Cite as: Not Reported in A.2d)

(2) who breached it; (3) what act or failure to act breached the duty; and (4) the party upon whom the act was performed.[FN8] Plaintiff is proceeding pro se in this action and filed a handwritten Complaint. Plaintiff contends that FCM failed to properly "train, supervise, educate and control their employees," and that Dr. Kastre failed to provide the Plaintiff with adequate medical care. Plaintiff generally describes the medical care he received and describes the condition from which he suffers. However, the Complaint does not specify the dates on which the alleged events occurred and never alleges that FCM and Dr. Kastre were his treating physicians or were responsible for his medical care at that time. Defendants contend that the alleged events occurred before they took over management of DCC's healthcare in July 2002, and thus they could not have been negligent. Plaintiff's Complaint fails to establish the negligence of these Defendants with specificity. Therefore, Plaintiff's claims based upon negligence and medical malpractice are dismissed.

FN8. *Myer v. Dyer,* 542 A.2d 802, 805 (Del.Super.Ct.1987).

*3 Defendants further contend that Plaintiff's medical malpractice claim should be dismissed because Plaintiff does not have expert medical testimony supporting his claim. However, the statute Defendants rely upon, 18 Del. C. § 6853, does not require expert testimony at the pleading stage.[FN9] Therefore, even though Plaintiff's Complaint lacks expert support, it would not be dismissed on this basis. However, because the claims have been dismissed as stated above, this point is moot.

FN9. See *Myer,* 542 A.2d at 803.

Title 10, section 4001 of the Delaware Code states that public officials, such as Mr. Carroll, are not subject to civil liability when the act complained of arose out of the performance of an official duty, was performed in good faith, and was without gross or wanton negligence. The burden of proof is on the Plaintiff to establish bad faith and gross or wanton negligence on the part of the public official. Plaintiff has not established that Mr. Carroll's alleged failure to provide adequate medical care was in bad faith or performed with gross or wanton negligence. Therefore, this claim is dismissed.

*Conclusion*

Based on the above, Plaintiff's claims based upon the Eighth Amendment to the United States Constitution are dismissed as to Defendants First Correctional Medical, Tammy Kastre, M.D., and Thomas Carroll. Plaintiff's claims based upon negligence and medical malpractice as to FCM and Dr. Kastre also are dismissed. Finally, Plaintiff's claim of negligence as to Thomas Carroll is dismissed.

IT IS SO ORDERED.

Del.Super.,2004.
Slade v. Carroll
Not Reported in A.2d, 2004 WL 440381 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.