IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-01-GMS |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.   BACKGROUND**

James W. Riley ("Riley"), an inmate incarcerated at the Delaware Correctional Center, Smyrna, Delaware, moved for, and was granted, leave to proceed *in forma pauperis*. (D.I. 1, 4.) A $250.00 filing fee was assessed, but Riley had no assets or means to pay an initial partial filing fee. *Id.* at D.I. 4. Nonetheless, the order provided for Riley to submit to the court an authorization form allowing the agency having custody of him to forward payments for the filing fee in the event that Riley later received funds. Defendants Correctional Medical Services, Inc. ("CMS")[1] and Medical Assistant Malaney ("Malaney") move the court to revoke Riley's *in forma pauperis* status and compel immediate payment of fees. (D.I. 28.) Also before the court is Riley's motion to correct the name of defendant CMS which the Court will grant. (D.I. 32.)

**II.   STANDARD OF REVIEW**

The Prison Litigation Reform Act provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed

---

[1] Incorrectly named as Correctional Medical Systems.

as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury.

### III.  DISCUSSION

CMS and Malaney move to revoke Riley's *in forma pauperis* status on the basis that on at least three other occasions, he had lawsuits dismissed as either frivolous or for failure to state a claim upon which relief can be granted; specifically, 1:05-cv-00878-GMS; 1:01-cv-00695, and 1:00-cv-00-366. As Riley points out, the defendants are incorrect in their reliance on two of these cases.

One of the cases, *Riley v. Snyder*, Civ. No. 00-366-JJF (D. Del. Apr. 3, 2000), was filed as a habeas corpus action and hence, its dismissal does not count as a strike under 28 U.S.C. § 1915. While the case was dismissed and relief denied, it was not dismissed under the provisions of 28 U.S.C. § 1915. Similarly, on appeal, the case was dismissed for lack of jurisdiction and as a successive habeas corpus petition, but not pursuant to 28 U.S.C. § 1915. *See Riley v. Snyder*, Civ. No. 00-1702 (3d Cir. Mar. 29, 2001).

The other case, *Riley v. Carroll*, Civ. No. 05-878-GMS, was not dismissed until March 30, 2006, some two months after Riley was granted *in forma pauperis* status in this case. There is no provision in § 1915(g) to retroactively count a case dismissed as frivolous as a "strike" once *in forma pauperis* status has been granted. Indeed, the statute is clear that the prisoner seeking *in forma pauperis* must have had "three strikes" **at the time** he or she brings the civil action.

(*court's emphasis*). Riley did not acquire his "second strike" until after he had filed this lawsuit and until after he was granted *in forma pauperis* status. Therefore, the court will deny defendants' motion to revoke Riley's *in forma pauperis* status.

## IV.   CONCLUSION

The court will deny the motion to revoke Riley's *in forma pauperis* status and to compel immediate payment of filing fees. The court will grant the motion to correct the name of defendant CMS. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_Nov. 7_, 2006
Wilmington, Delaware



FILED

NOV -7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-01-GMS |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

At Wilmington this 7th day of Nov., 2006, for the reasons set forth in the Memorandum issued this date

1. The motion to revoke Riley's *in forma pauperis* status and to compel immediate payment of filing fees (D.I. 28) is DENIED.

2. The motion to correct the name of Correctional Medical Systems to Correctional Medical Services, Inc. (D.I. 32) is GRANTED. The clerk of the court is directed to amend the court docket with the correct name, Correctional Medical Services, Inc.

                                                               _____
                                                               UNITED STATES DISTRICT JUDGE

FILED

NOV - 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE