In The United States District Court
For The District Of Delaware

James W. Riley,
   Plaintiff,

v.

Stanley Taylor, et al,
   Defendants

C.A.No: 06-001-GMS

Motion For Reconsideration
Of Court's Denial Of Plaintiff's
Motion For Preliminary Injunction
And Temporary Restraining Order

   The Court's October 27, 2006 Memorandum and Order denying plaintiff's motion for preliminary injunction and temporary restraining order (P.I/TRO) is totally contrary to the principles of Estelle v. Gamble and its progeny prohibiting denial of medical treatment for serious medical needs which result in continued prolonged pain and suffering and irreparable injuries.

   The Court is not being a disinterested party in this case and plaintiff Riley feel there is a conflict of interest that will support a petition to the Third Circuit Court to remove this civil action from the district court.

   For instance in denying a P.I/TRO to be provided medical treatment for the rectum dysfunction the Court stated at page 4-5 of its Memorandum

1

that plaintiff's claim is barred by the 2-years statute of limitation. However the court recognized that plaintiff attempted to utilize the institutional grievance process as constitutionally required by 42 U.S.C.A. § 1997e(a). As correctly argued in his Motion For Summary Judgment (D.I. #25 pg. 1-3) and his Reply to Medical Defendants' Memorandum In Opposition To Plaintiff's Motion For Summary Judgment (I.D. #33 pg. 3-4), plaintiff went through several years of ineffective administrative remedies, from 2002 to 2005, prior to filing his initial complaint with This Court. Thus The Exhaustion of Administrative remedies Toll the two year statute of Limitation. Even if plaintiff's claim was barred however under the deliberate indifference of Estelle he is still entitled to a P.I. requiring prison officials to provide immediate proper medical treatment to prevent prolonged pain and suffering from the rectum dysfunction problem. The Court's Ruling imply that plaintiff is NOT entitle to medical treatment for this illness.

In additional, The Court stated defendants did not deny plaintiff medical treatment or that ... "Riley receive medical care for his complaints". (Mem. pg. 5-6) This statement is contradictory because the court then ordered the defendants to advise

2

the Court whether Riley has received the sneakers that were prescribed by the doctor last February 2005 and whether Riley underwent the eye consultation as ordered by doctor in January 2005. Therefore if defendants didn't deny Riley medical treatment then why would this Court direct defendants to report on treatment ordered by the doctors nearly 2-years ago? And the Court must take into consideration that hadn't the Court directed the defendants to file a report regarding the ordered medical treatments, thus the defendants will remain steadfast in disregarding these doctors' orders.

Contrary to the Court's ruling Riley's medical records does not support a finding that Riley was seen or examined by qualified doctor for his exposure to Necrotizing Fasccitis bacteria infection, (Plaintiff's entire face is scared from this infection).

### Order Dismissing Amy Munson As A Defendant

The Court's Order of October 27, 2006 also denied plaintiff's "Motion To Stay All Proceedings" (I.D. #38). In the Motion To Stay, plaintiff responded to the Court's August 29, 2006 Order To Show Cause why the case should not be

3

dismissed against defendant Amy Munson (I.D. #35). Plaintiff specifically stated in paragraph 2 of his motion to stay that this Court shall compel the Attorney General Office and defendant Commissioner Taylor to provide the U.S Marshal Office with Ms. Munson's last known address to complete service of the complaint and Court orders. Plaintiff's motion to stay was placed in the mailbox September 29, 2006 to be mailed to the Court Clerk - Thus according to the Mailbox Rule, plaintiff's response to Order to Show Cause was timely filed and this Court should Strike its October 3, 2006 Order dismissing the case against defendant Munson.

Wherefore the facts shown above reflect that the Court is not keeping true to its Oath to be a disinterested party and it will be in the interest of Justice for the Court to reconsider its denial to grant a P.I/TRO in this case regarding plaintiff's claims of denial of medical Treatment for his rectum dysfunction and exposure to Necrotizing Fascuitis infection. Also the Court shall reinstate Amy Munson has a defendant and cause the complaint to be served upon her after receiving her correct address through discovery.

Date: Nov. 7, 2006

James W. Riley
James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

4

## CERTIFICATE OF SERVICE

I, _James Riley_ , hereby certify that I have served a true and correct copy of the attached motion upon the following party, on the __7__ day of __Nov.__, __2006__.

_Ophelia M. Waters Esq._
Deputy Attorney General
Department of Justice
820 N. French St.
Wilm, Dela. 19801

To: Kevin L. Connors
1220 N. Market St. 5Th Fl.
P. O. Box 8888
Wilm, Dela. 19899-8888

__11/-7/06__
Date signed

_James Riley_
Signature of Movant (Notarization not required)



I/M James Riley
SBI# 169916  UNIT MHU Bldg 2-C
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk's Office
U.S District Court
844 King Street
Wilmington, Delaware
19801