In The United States District Court
For The District of Delaware

James W. Riley,
  Plaintiff,

v.

Stanley Taylor, et al.,
  Defendants

C. A. No. 06-01-GMS

FILED
DEC 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Motion To Compel Ruling On Plaintiff's Motion For Reconsideration Of The Court's Decision Denying Plaintiff's Motion For Preliminary Injunction And Temporary Restraining Order

Dear Judge Sleet,

The defendants wrote two letters to the Court dated November 3, 2006 and November 13, 2006, Advising the court that they have taking adequate steps to provide plaintiff with the treatment ordered by physicians nearly two years ago to have his eyes examined by an optometrist and fulfillment of an prescription for orthopedices foot-wear. The Letters also indicate that a Dr. Rodger will or had examine plaintiff on November 3, 2006, to resolve any remaining medical care issues; and that plaintiff was treated on November 10, 2006, at which time Snellen and Rosenbaum examinations were performed on his eyes.

This is to inform the court that plaintiff have not been seen by doctor Rodgers or any other doctor. However, on November 10, 2006 (hereafter 11/10/06) plaintiff was seen by a nurse who only performed a 2-minute eye examination which results are attached to defendants' November 13, 2006, letter. (Note: Those results contain both eye examinations from January 2005 and November 2006. The 2005 Snellen long distance test on plaintiff's right eye went from 20/200 to 20/400 in 2006. The only close-up Rosenbaum test conducted on plaintiff's left eye is actually 20/400 rather than 20/40 as erroneously noted on the 2006 examination report, because the nurse did not require plaintiff to cover the right eye when performing this close-up test.).

The court should also take notice that on the Physician's Order Sheet attached to defendants' 11/13/06 letter (also attached hereto), in sections entitle: "Start New Orders Below", the impression is wrongfully given that Dr. Rodgers personally supervised the 11/10/06 eye examinations conducted by the nurse. Again, plaintiff never seen Dr. Rodgers or any other doctor in 2006!

Finally the defendants' stated in their 11/13/06 letter... "prescriptions written prior to that time were by a prior medical provider under their policies"; and that... "It is not the policy of CMS to provide high top sneakers."

This is direct evidence establishing CMS' liability for maintaining a policy and practice to deny prisoners adequate medical care. Thus as argued throughout

plaintiff's summary judgment pleadings, because CMS assumed the original contract as medical provider for DOC from the First Correctional Medical Company (FCM) it replaced in 2005 then it was their duty to fulfill any prior prescriptions, orders, requests or unfinish medical treatment by doctors contracted by FCM. Nor is it reasonable for CMS to state that it is not their policy to provide high top sneakers which were prescribed by physicians for medical reasons. Such a policy and practice is direct evidence CMS does not provide adequate orthopedic foot care and have denied plaintiff access to orthopedic treatment prescribed by doctors over a period of three years.

### Continued Pain, Suffering, Irreparable Harm And Injuries

The defendants have demonstrated a willful persistent and blatant disregard for plaintiff's serious medical needs which continue to result in constant pain & suffering and irreparable harm & injuries. Defendants continue to be deliberate indifference for failure to 1) provide treatment for a painful rectum dysfunction which now resulted in hemorrhage; 2) provide treatment for a re-occurring skin infection caused possibly by exposure to Necrotizing Fasciitis bacteria resulting in continued facial skin and tissue damage & scarring; 3) provide orthopedic footwear (both sneakers & boots) prescribed by doctors to prevent pain and harm to surgical pins

in ankle; and 4) carry out physicians' orders to allow plaintiff to consult an optometrist for impair eye vision which continue to result in pain, suffering and irreparable optical nurve damage and declining impair eye sight.

This court without further delay must grant this motion for reconsideration to issue a preliminary injunction on the defendants directing them, their agents and custodians having charge over plaintiff, to provide plaintiff medical treatment, immediately, and to impose judicial sanctions against them for each day for failing to comply therewith

_____
James W. Riley
PLAINTIFF

Date: December 13, 2006

## CONSULTATION REQUEST

| | | |
|---|---|---|
| ✓ Off-site ☐ On-Site Clinic ☐ Telemedicine | | Reference #: _____ |
| ☐ Urgent ✓ Routine ☐ Retro Request | 169716 | Date of Request: 11-10-06 |
| Inmate: Riley, James   Inmate ID#: | | DOB: 8-14-60 |
| Site: DCC MHU   Cost Center: | | DOI: _____ EDR: _____ |

3rd Party Insurance: (VA, Workmen's Comp, Federal, Interstate Compact, etc.):_____

For security reasons, inmates must NOT be informed of date, time or location of proposed treatment or possible hospitalization. Authorize payment is provided ONLY for requested procedures or treatments of life-threatening conditions. Prior review/discussion with Medical Di_ required for additional treatment, procedures and hospitalizations.

Procedure/Test/Specialty Service Requested: **Optometrist**
Provider: _____ Initial Visit or F/U? _____ F/U#: _____

Presumed Diagnosis: ↓ visual acuity

Describe Signs & Symptoms:   Date of Onset: _____
Asked to write consult from a grievance hearing. pt. c/o blurred vision and ↓ visual acuity

Exam Data/Objective Findings:
Snellen (R) 20/400  (L) 20/20 ✓
Rosenbaum (R) 20/30  (L) 20/40.

(2006)

Lab & Xray Data:

Current Medications: ∅

Failed Outpatient Therapies:

Enrolled in Chronic Care Clinic(s)? ☐ Yes ✓ No   Which Clinic(s)?
Other Diagnosis:
Comments:

Site Medical Provider: Dr. Rodgers   Signature: _____ Date: 11/10/06
Nurse: _____ Date: _____ Site Medical Director: _____ Date: _____

Criteria Source: ☐ M&R  ☐ InterQual   Notes:
☐ Other(specify):
Criteria Met: ☐  Criteria Not Met: ☐  More Info Needed ☐
UM Review #:
Initials: _____ Date: _____

Note: Notify physician or midlevel practitioner immediately if unable to obtain appointment within 4 weeks. If service is not completed within 4 weeks, have patient re-evaluated by physician or midlevel practitioner to determine if service is still necessary and appropriate.

Correctional Medical Services
file: 401A 9.9.04 MRS shared drive, CMRS folder                           401A 9/9/04

## PHYSICIAN'S ORDER SHEET

**ORDERS**

**START**
1. HIGH TOP BOOTS – non-form filled out
2. CMP
3. OPTH consult – (R) eye 20/200 ✓
   (eye doctor)  (L) eye 20/30

2005

Noted
Plank 1-27-05
@10:00

NAME: Riley, James Mr DA
ALLERGIES: _____
ID: 169716
DOB: 8-14-?0

---

**START NEW ORDERS BELOW**

**START**

✓ Snellen
✓ Rosenbaum   / today
                  plse

consult written for high top
sneakers (from grievance)

Review
1/18/06
0900

---

**START NEW ORDERS BELOW**

**START**

Optho consult – done

Faxed
11/13/06
[signature]

11 am

# Certificate of Service

I, __James Riley__, hereby certify that I have served a true and correct cop(ies) of the attached: __Motion To Compel__ _____ upon the following parties/person (s):

TO: __Ophelia M. Waters__
__Deputy Attorney General__
__820 N. French Street__
__Wilm., Delaware__
__19801__

TO: _____
_____
_____
_____
_____

TO: __Kevin J. Connors__
__1220 N. Market St., 5th., fl.__
__P.O. Box 8888__
__Wilm., Delaware__
__19899-8888__

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __14__ day of __Delaware__, 2006

__James Riley__



IM James Riley
SBI# 169716  UNIT MWW Bldg. 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk's Office
U.S. District Court
844 King St.
Wilm, Dela. 19801