In The United States District Court
For The District Of Delaware

James W. Riley,
   Plaintiff,

v.

Stanley Taylor, et al.,
   Defendants.

C. A. No. 06-01-GMS



## Amended Petition

Now comes plaintiff James Riley pursuant to Rule 15 of the F.R.C.P. as directed in this Honorable Court's December 5, 2006, Memorandum And Order to Amend his complaint against Correctional Medical Services, Inc. (CMS).* Although plaintiff feels that he provided sufficient facts in his original complaint against CMS/FCM for maintaining a policy and practice to deny prisoners reasonable medical care through inadequate staffing however, to satisfy the Order of Court plaintiff Amend his complaint as Following:

---

* Plaintiff Also Amend his complaint against First Correctional Medical (FCM) defendant for its involvement with CMS who assumed their original contract as medical care providers for the Delaware Department of Corrections.

1. To clarify that all reference to "medical staff" in Claims 1 thru 4 of his complaint is CMS/FCM and all medical defendants named on caption of the complaint; and

2. Plaintiff also amend paragraph "(o)" of the "Fourth Claim of Denial of Medical Treatment" of his complaint to clarify and add at the end of that paragraph that... "It is the policy and practice of CMS/FCM (collectively - The Medical Staff defendants) to maintain the unconstitutional conditions specified in paragraph "(N)" which resulted in the denial of medical treatment alleged in Claims 1 thru 3 due to lack of adequate staff, doctors and qualified medical personnel to provide the level of medical care required by State and Federal law.*

Wherefore the plaintiff James Riley swear under the penalty of perjury that all facts stated herein are true and correct.

James W. Riley
Plaintiff

Date: Dec. 27, 2006

---

\* In support of plaintiff's contention that CMS/FCM engaged in a policy and practice to deny access to reasonable medical care due to inadequate staffing see attached letter from private attorney Stephen A. Hampton. Also see two front page news articles from The News Journal dated September 25th & 28th of 2005, regarding a 6-month investigation conducted by journalist Lee Williams and Esteban Parra who interviewed and received sworn statements from former medical staff employees of CMS/FCM about inadequate health care.

**GRADY & HAMPTON, LLC**
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON
LAURA F. BROWNING

DOVER  (302) 678-1265
SUSSEX (302) 855-1313
FAX    (302) 678-3544

November 18, 2005

James Riley
SBI 169716
Delaware Correctional Institution
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Riley:

    I remain interested in your case. However, I have been contacted by close to 50 inmates or their families concerning medical care and other issues in the prison. I am sorting through the cases as quickly as time allows to determine if there are steps I can take to help in each situation. I do not have the ability to file 50 different lawsuits. If I am able to combine some cases or join in a class action lawsuit with other attorneys, I will be able to handle more cases. The cases that I take individually will be cases with clear negligence and substantial damages.

    The reports I am receiving are that sick call at DCC and HRYCI is practically non-existent. CMS has been back on the job since July 1st, 2005, but it has not reduced the huge back-log of sick calls. I understand the back-log to number in the thousands.

    I understand that the only doctor providing services at HRYCI, is a doctor from another State hospital who comes to HRYCI several nights a week. Otherwise, medical care is being provided by nurse practitioners and nurses. My understanding is that Dr. Rodgers is part time at DCC. When she goes on vacation there isn't any doctor to cover DCC.

    It has always taken a long time for medical grievances to be addressed, but my impression is that now medical grievances are rarely being addressed at all. Probably because non-existent sick call has lead to many more grievances. I encourage you to continue to grieve all legitimate claims you have about poor health care.

    One of my goals for any prison lawsuit that I file is to force the State to provide proper treatment for inmates in the system. There is no reason that Delaware should be paying over $25,000,000.00 a year for health care, and yet the health care provider doesn't even provide enough doctors to begin to correct the problem. My goal is to see that this situation is changed as soon as possible.


Ex. A-26

Page 2                                                      November 18, 2005
James Riley

    Thank you for your understanding and patience. If you want to write to other attorneys, or seek other help, that is fine with me. I encourage all of the help that we can get.

                Sincerely yours,

                Stephen A. Hampton

SAH:slh

