C.A. No. 06-001-GMS

From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: The Honorable Gregory M. Sleet
United States District Court Judge
844 North King Street, Lockbox 19
Wilmington, Delaware 19801-3570



FILED
JAN 16 2007
BD scanned
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

January 10, 2007

Re: The Illegality Of Settlement Agreement Entered Between The U.S Department Of Justice And Defendant Stanley Taylor; Agreement Do Not Exempt Defendant Taylor From Liability; And Court Shall Direct Defendants To Provide Plaintiff With Copy Of Entire Settlement Agreement

Dear Judge Sleet,

On December 29, 2006, the United States Department of Justice (DOJ) investigators released the Finding of their nine-month investigation into prison health care in which they found substantial civil rights violations similar to the inadequate health care claims alleged in plaintiff Riley's complaint. In a 87-page settlement agreement reached by defendant Stanley Taylor and the Attorney General Office representing defendants in this civil right action before this Court, they agreed with the Federal investigators to correct the inadequate deficiencies in the prison

(1)

health care system and to meet generally accepted professional health care standards. According to the News Journal Paper Article accounts, the settlement agreement requires the Department of Corrections (DOC) to make the changes or risk being sued by the Special Litigation Section of Justice Department's Civil Rights Division. The settlement also exempt the DOC of admission and liability for violating inmate's civil rights or breaking any other Federal Law.

Plaintiff Riley contend that the U.S DOJ investigators were acting on behalf of all prisoners currently confined under Delaware DOC; and the sittlement agreement was made pursuant to the Prison Litigation Reform Act (PLRA) of 1995 as codified in 18 U.S.C. § 3626 of DOJ's representation of prisoners, agreeing to stipulated 3-year term for enforcement of sittlement by injunction to correct inadequate health care 8th Amendment violations.

However, DOJ have no legal authority to exempt the DOC from liability for the 8th Amendment violations it found in the prison's health care system without first resolving all the pending medical complaints, grievances, lawsuits, etc., filed by numerous prisoners against prison officials and medical staff prior to commencement of the Federal investigation - Plaintiff Riley have not consented to DOJ's actions and have not waived DOC's liability for health care violations disclosed in the sittlement agreement.

For instance, the prison official-defendants in this case at bar involving plaintiff Riley, ( the same named party

(2)

to the sittlement agreement), the defendant Stanley Taylor and their attorney (The Attorney General Office headed by Carl Danberg), refuse to provide Riley any medical treatment for several health care problems that existed for over a period of 4-years (beginning in 2002) and despite district court orders to provide medical treatment and denial of summary judgment holding defendants liable for failing to treat Riley's serious medical needs, inexplicably these defendants still refuse to provide any medical treatment. See Riley v. Taylor, et al., Del. Dist. Ct., C.A. No. 06-001-GMS.

   Thus the current sittlement agreement which require DOC to correct and refrain from their unconstitutional policy of inadequate medical care is totally contradictory to the DOC's ongoing active and willful persistent health care violations in pending lawsuit cases like plaintiff Riley and in the thousands of pending administrative medical grievances and complaints filed by inmates throughout the DOC.

   Until all prior pending court cases and administrative complaints filed by prisoners regarding inadequate medical care and denial of medical treatment are fully and fairly resolved, this Court cannot accept the sittlement agreement between the U.S DOJ and defendant Taylor which exempt DOC from liability for the admitted health care violations in the body of the agreement.

   Thus, since defendant Taylor signed the sittlement agreement identifying the existence of 8th Amendment medical violations throughout all prisons of the DOC

(3)

in which he agreed to correct over a three (3) year period through Legislature prison health care reform, this Court must view the Agreement as an admission by defendant Taylor.

Wherefore, in light of the admission of health care violations by defendant Taylor this Court must reconsider its previous December 5, 2006, Memorandum and Order denying plaintiff's motion for summary judgment. Thus the Court shall direct defendant Taylor's counsel (The Attorney General Office) to provide the Court and plaintiff Riley with a complete copy of the Sittlement Agreement within 30-days from receipt of order from this Court. An appropriate ORDER shall be entered granting summary judgment and relief in favor of plaintiff Riley on all claims of denial of medical treatment by all defendants named herein.

Thank You!

James W. Riley
Plaintiff

cc:
Cathleen S. Trainor (U.S Dept. of Justice)
Carl Danberg (Attorney General of State of Dela.)
Kevin J. Connors, Esq. (Att. For medical defts.)
Ophelia M. Waters, Esq. (DAG ATT. For prison officials)

(4)

I/M James Riley
SBI# 169216  UNIT MHU Bldg. 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk's Office
Delaware District Court
844 King St., Lockbox 18
Wilmington, Delaware
19801