In The United States Court OF Appeals
For The Third Circuit

James W. Riley,
    Plaintiff,

vs.

Stanley Taylor, eT al.,
    Defendants.

3d Cir. No _____

(Dist. CT. No. 06-01 - Gms)

Petition To Remove Above Captioned
Civil Right Case OuT OF The
Delaware District Court

FILED

JAN 29 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

To Clerk of The Court:
    Please Take Notice that due to A matter OF
imminent Life or death situation as explained in
previous Petition For Writ OF Mandamus In Re:
James Riley, 3d Cir. CT. Case No. 06-4004 And in
the Attached Letter To district court Judge
Gregory M. Sleet regarding the inadequate
medical care Estelle v. Gamble, 429 U.S. 97 (1976)
crisis in Delaware prisons, the petitioner James
Riley request that This Honorable Court Remove
this civil action case out OF The Delaware
District Court. The district court is directly
responsible For The health care crisis For
Failing to remedy years oF Estelle violations
in previous civil right cases Filed by Delaware

prisoners. The inaction of the district court
has resulted in the deaths of 89 prisoners from
2000 to 2005 and one recent death on January
10, 2007 at the hands of the incompetent medical
staff. (See Prison health care Articles at www.delaware online.com.)
     Petitioner have been denied medical treatment for
serious medical complains dating back to 4-years and
despite petitioner's indepth prosecution of this case
to the full extent of civil law (as the court
docket sheet will reflect), however the district
court has engaged in a process of unnecessary
delay to deny justice and relief to ensure
that petitioner receive adequate medical care.
(See Three of Petitioner's pending motions filed
in district court Exhibits B, C & D attached
hereto). These motions will give this court
an idea of how serious this situation is and why
this court must intervene to STOP the ongoing
civil conspiracy between the district court,
Attorney General Office and Prison Officials
to murder him and other Delaware prisoners by
denying them adequate medical care.
     Wherefore for reasons set forth in the Letter
Attached January 19, 2007 to district court Judge
Gregory M. Sleet (Exhibit A) and reasons stated
above herein this court shall grant this Petition
To Remove.
                              James W. Riley
Date: Jan. 20, 2007           Del. Corr. Ctr.
                              1181 Paddock Road

From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: Honorable Gregory M. Sleet
U. S District Court Judge
Delaware District Court
844 N. King Street, Lockbox 19
Wilmington, Delaware 19801-3570

January 19, 2007

Re: Riley v. Taylor, et al.,
    C. A. No. 06-01- GMS

Dear Judge Sleet,
    This is to notify the Court That on The above date
the medical staff gave plaintiff Riley a pair of
eyeglasses stemming from the December 22, 2006
consultation with The optometrist, but The prescription
in These eyeglasses were not accurate preventing
The ability to see correctly through the lens. This
is due in part for The Two year delay to provide
eyeglasses causing further optical nerve damage to
eyes; the faulty lens; and the lack of proper
examination by qualified ophthalmologist to diagnose
the proximate cause of plaintiff's deteriorating
eye sight.
    This Court shall Order the medical staff to
turn over These faulty eyeglasses To The Court

Exhibit    A

And grant plaintiff's January 5, 2007 Motion For Funds To Hire Medical Examiner. This independent Medical Examiner will conduct proper examinations on plaintiff's eyes and these Faulty eyeglasses in the possession of the medical STAFF and report its Findings directly To The Court in pursuant to Rule 35 (a) & (b) of The F.R.C.P.

The medical STAFF also indicated on the above date that They will not provide plaintiff with the orthopedic Footwear or any Treatment For the rectal dysFunction which is Totally contrary To what defendants Reported To The Court in Their November 3, 2006 and November 13, 2006 Letters.

Plaintiff don't know what else To do and at This point he Feel That The Court is Totally disrespecting him. Plaintiff Feel there is a Civil Conspiracy between The Court, Attorney General Office and prison officials To murder him by denying him Adequate medical care which may be Fatal or cause permanent irreparable injuries.

These Conspiracy allegations are true As reflected in News Journal Paper Articles where From 2000 to July 2005 the medical STAFF murdered 89 inmates and just recently on January 10, 2007 the medical STAFF killed Another inmate. (Read Newspaper articles on prison health care AT www.delaware-online.com).

One inmate that was murdered in 2004 (Darnell Anderson) was denied medical treatment for a preventable and treatable illness but since it wasn't diagnosed in time it was fatal. (See New Journal Paper Article in Wednesday paper January 17, 2007 Front page online .com.).

Inspite of all this evidence the Court refuse to issue a permanent injunction on the defendants to provide plaintiff Riley medical treatment for the rectal dysfunction that was brought to their attention 4-years ago in 2002.

Because of plaintiff's allegation of civil conspiracy this Court shall relinquish jurisdiction over this matter and plaintiff's pending Habeas Corpus case #04-1435-GMS.

This letter will be forwarded to the Third Circuit Court of Appeals as a request to remove this civil action matter out of the Delaware District Court.

James W. Riley
Plaintiff

C.C:
Clerk of 3d Cir. Court
Kevin J. Connors, Esq.
Ophelia M. Waters, Esq
Cathleen S. Trainor (U.S. Dept. of Justice)
Carl Danberg (Attorney General of Delaware)

In The United States District Court
For The District of Delaware

James W. Riley,
        Plaintiff,

        v.                          C. A. No. 06-01-GMS

Stanley Taylor, et al.,
        Defendants

Motion To Compel Ruling On Plaintiff's
Motion For Reconsideration Of The Courts
Decision Denying Plaintiff's Motion
For Preliminary Injunction And Temporary
Restraining Order

Dear Judge Sleet,
        The defendants wrote two letters to the Court dated
November 3, 2006 and November 13, 2006, Advising the
court that they have taking adequate steps to provide
plaintiff with the treatment ordered by physicians nearly
two years ago to have his eyes examined by an optometrist
And Fulfillment of an prescription For orthopedices Foot-
wear. The Letters Also indicate that a Dr. Rodger will
or had examine plaintiff on November 3, 2006, to resolve
Any remaining medical care issues; and that plaintiff
was treated on November 10, 2006, at which time
Snellen And Rosenbaum examinations were performed on
his eyes.

                    Exhibit B

This is to inform the court that plaintiff have not been seen by doctor Rodgers or any other doctor. However, on November 10, 2006 (hereafter 11/10/06) plaintiff was seen by a nurse who only performed a 2-minute eye examination which results are attached to defendants' November 13, 2006, letter. (Note: These results contain both eye examinations from January 2005 and November 2006. The 2005 Snellen long distance test on plaintiff's right eye went from 20/200 to 20/400 in 2006. The only close-up Rosenbaum test conducted on plaintiff's left eye is actually 20/400 rather than 20/40 as erroneously noted on the 2006 examination report, because the nurse did not require plaintiff to cover the right eye when performing this close-up test.).

The court should also take notice that on the Physician's Order Sheet attached to defendants' 11/13/06 letter (also attached hereto), in Sections entitle: "Start New Orders Below", the impression is wrongfully given that Dr. Rodgers personally supervised the 11/10/06 eye examinations conducted by the nurse. Again, plaintiff never seen Dr. Rodgers or any other doctor in 2006!

Finally the defendants' stated in their 11/13/06 letter ... "prescriptions written prior to that time were by a prior medical provider under their policies."; and that ... "It is not the policy of CMS to provide high top sneakers!"

This is direct evidence establishing CMS' liability for maintaining a policy and practice to deny prisoners adequate medical care. Thus as argued throughout

plaintiff's summary judgment pleadings, because cms assumed the original contract as medical provider for DOC from the First Correctional Medical Company (Fcm) it replaced in 2005 then it was their duty to fulfill any prior prescriptions, orders, requests or unfinish medical treatment by doctors contracted by Fcm. Nor is it reasonable for cms to state that it is not their policy to provide high top sneakers which were prescribed by physicians for medical reasons. Such a policy and practice is direct evidence cms does not provide adequate orthopedic foot care and have denied plaintiff access to orthopedic treatment prescribed by doctors over a period of three years.

### Continued Pain, Suffering, Irreparable Harm And Injuries

The defendants have demonstrated a willful persistent and blatant disregard for plaintiff's serious medical needs which continue to result in constant pain & suffering and irreparable harm & injuries. Defendants continue to be deliberate indifference for failure to 1) provide treatment for a painful rectum dysfunction which now resulted in hemorrhage; 2) provide treatment for a re-occurring skin infection caused possibly by exposure to Necrotizing Fasciitis bacteria resulting in continued Facial skin and tissue damage & scaring; 3) provide orthopedic footwear (both sneakers & boots) prescribed by doctors to prevent pain and harm to surgical pins

in ankle; and 4) carry out physicians' orders to allow plaintiff to consult an optometrist for impair eye vision which continue to result in pain, suffering and irreparable optical nurve damage and declining impair eye sight.

This court without further delay must grant this motion for reconsideration to issue a preliminary injunction on the defendants directing them, their agents and custodians having charge over plaintiff, to provide plaintiff medical treatment, immediately, and to impose judicial sanctions against them for each day for failing to comply therewith

_James W. Riley_
James W. Riley
Plaintiff

Date: December 13, 2006

**CONSULTATION REQUEST**

☑ Off-site    ☑ On-Site Clinic    ☐ Telemedicine

☐ Urgent    ☐ Routine    ☐ Retro Request

Reference #: _____

Date of Request: 11·10·06

Inmate: Kley James    Inmate ID#: 169716    DOB: 8·14·60

Site: DYC MHU    Cost Center: _____    DOI: _____    EDR: _____

3rd Party Insurance: (VA, Workmen's Comp, Federal, Interstate Compact, etc.): _____

*For security reasons, inmates must NOT be informed of date, time or location of proposed treatment or possible hospitalization. Authorize payment is provided ONLY for requested procedures or treatments of life-threatening conditions. Prior review/discussion with Medical Di... required for additional treatment, procedures and hospitalizations.*

Procedure/Test/Specialty Service Requested: Optometrist

Provider: _____    Initial Visit or F/U? _____    F/U#: _____

Presumed Diagnosis: ↓ visual acuity

Describe Signs & Symptoms:    Date of Onset: _____

Asked to write consult from a grievance hearing. pt. c/o blurred vision and ↓ visual acuity

Exam Data/Objective Findings:

Snellen ®20/400 Ⓛ20/20

Rosenbaum ®20/30 Ⓛ20/40

Lab & X-ray Data:

Current Medications: Ø

Failed Outpatient Therapies:

Enrolled in Chronic Care Clinic (s)? ☐ Yes ☑ No    Which Clinic(s)?

Other Diagnosis:

Comments:

Site Medical Provider: Dr Rodgers    Signature: _____    Date: 11/10/06

Nurse: _____    Date: _____    Site Medical Director: _____    Date: _____

Criteria Source: ☐ M&R    ☐ InterQual    Notes:

☐ Other(specify):

Criteria Met: ☐    Criteria Not Met: ☐    More Info Needed ☐

UM Review #:

Initials: _____    Date: _____

*Note: Notify physician or midlevel practitioner immediately if unable to obtain appointment within 4 weeks. If service is not completed within 4 weeks, have patient re-evaluated by physician or midlevel practitioner to determine if service is still necessary and appropriate.*

# PHYSICIAN'S ORDER SHEET

START ① HIGH TOP BOOTS - non-form filled out
② CMP
③ OPTH consult - ⓐ eye 20/200
(eye doctor)    ⓑ eye 20/30

*(handwritten diagonal notation)*

**START NEW ORDERS BELOW**

START

√ Snellen
√ Rosenbaum    today plse

consult written for High top
sneakers (from grevance.

**START NEW ORDERS BELOW**

START

Optho consult - done

*(handwritten: faxed 11/13/06)*

11am

---

**NAME** Riley, James
Dr. DA
**ALLERGIES**

**ID** 169716
**DOB** 8.14.60

In The United States District Court
For The District of Delaware

James W. Riley,
        Plaintiff

        v.                                    C.A. No. 06-01-GMS

Stanley Taylor, et al.,
        Defendants

## NOTICE OF MOTION

Dear Judge Sleet,

Please Take Notice that the attached motion for Funds to Hire Medical Examiner and Expert Witness shall be considered at The earliest Time most convenient To The Court.

This is also to Notify The Court That The defendants still have not provided plaintiff Riley with The orthopedic Footwear (both Boots & sneakers) or resolved The remaining medical issues (i.e. treatment For the rectal dysFunction) as indicated in Their November 3, 2006, letter To Your Honor. And although the defendants Finally allowed plaintiff To see the optometrist who Fitted him For a pair oF eyeglasses on December 22, 2006, which yet have To be provided, however plaintiff Never got To have his eyes examined by the ophthalmologist As ordered by the doctor. Are optometrist and ophthalmologist one of The same proFFession?

Date: Jan. 5, 2007                    James W. Riley
                                            Plaintiff

Exhibit C

In The United States District Court
For The District OF Delaware

James W. Riley,
    Plaintiff,

v.                                    C.A.No. 06-01-GMS

Stanley Taylor, et al.,
    Defendants

Motion For Funds To Hire
Medical Examiner And
Expert Witness For Trial

    Now Comes plaintiff James W. Riley pursuant to
Rule 35 of the F.R.C.P who request that this Court grant
Funds to hire qualified physicians to conduct independent
medical examinations on plaintiff's eyes, Feet, rectum and
exposure to necrotizing Fasciitis bacteria infection. In
support of this request plaintiff set Forth the Following
Facts:

    1. The medical staff defendants (cms\Fcm) are being
sued by plaintiff For denying him adequate medical treatment
by qualified medical staff or no treatment at all For the serious
medical needs cited above. Any medical examinations conducted
on plaintiff by the medical defendants' doctors, physicians,
practitioners or nursing staff were unreliable and unfairly

Favorable to Cms/Fcm and the Delaware Correctional Center (Dcc) defendants who contracted Cms/Fcm to meet the medical needs of the prisoners.

2. On December 22, 2006, (After nearly two whole years) the defendants finally allowed plaintiff to consult with their <u>optometrist</u> to have his eyes examined and to be fitted for a pair of glasses stemming from a 2005 doctor's order and referral to an <u>ophthalmologist</u>. However other than examining plaintiff's eyes for prescription glasses which took less than 5-minutes, no further examinations were conducted by qualified ophthalmologist (as ordered by the doctor) to diagnose the cause of plaintiff's deteriorating eye sight.

3. No medical examinations were ever conducted by Cms/Fcm to determine the cause of plaintiff's rectum dysfunction that was brought to the medical defendants attention over four (4) years ago. Plaintiff speculated that the problem could be hemorrhoids due to years of heavy weight lifting. To this date (and after this Court placed them on notice by denial of summary dismissal of this medical issue), the defendants still have not taken adequate steps to have plaintiff examined by qualified doctors to make proper diagnosis and prescribe adequate treatment for plaintiff's rectum dysfunction.

Thus an independent medical examiner is therefore required to establish defendants liability for failing to diagnose and treat this serious medical condition which is resulting in continued prolong pain and suffering. The independent medical examiner will conduct, among other

things, a Rectal Exam (DRE) screens for hemorrhoids, lower rectal problems, colon and prostate cancer, tumor growth, etc.

4. Also the defendants never tested and treated plaintiff for exposure to Necrotizing Fasciitis bacteria infection. Since the CMS\FCM delegated the responsibility to treat plaintiff for this highly contagious flesh eating bacteria to unqualified nursing staff who does not specialize in dermatology or other skin disease diagnostic qualifications, thus plaintiff need to hire an independent medical examiner to perform the proper tests and diagnosis to establish defendants' liability for this medical claim.

5. Finally plaintiff need to hire an independent medical examiner to examine the extent of his ankle injury and to provide expert testimony of the need for orthopedics footwear. Because the medical staff defendants (CMS) has admitted that it is not their policy to provide orthopedics footwear (in this case boots & sneakers), then plaintiff will use the independent medical examiner to substantiate that Orthopedics: " is the branch of medicine dealing with the correction of diseased, deformed, or injured bones or muscles"; and which also include Orthotics: "The branch that treats joint or muscle disorders using mechanical supports, braces, etc, or devices, as inserts for athletic shoes, that provide such support". Such expert testimony will help plaintiff establish that defendants are deliberate indifferent to his medical need for orthopedics footwear prescribed by doctors dating back to 1995 and that defendants' admitted policy not to provide such orthopedice

Footwear violate plaintiff's 8th Amendment right to reasonable medical treatment.

Wherefore plaintiff need funds to hire 1) An Ophthalmologist to examine his eyes; 2) A Doctor specialized in rectal dysfunctions to examine his rectum; 3) A Dermatologist to test for exposure to necrotizing fasciitis infection; and 4) An Orthopedist to examine his foot injury. Additional funds shall be included for any and all expert testimony that these physicians may be required to provide in the prosecution of this case at any future trial by jury. See F.R.E Rule 706.

James W. Riley

James W. Riley, pro se

Delaware Correctional Center

1181 Paddock Road

Smyrna Delaware 19977

Date: January 5, 2007

From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

C.A. No. 06-001-GMS

To: The Honorable Gregory M. Sleet
United States District Court Judge
844 North King Street, Lockbox 19
Wilmington, Delaware 19801-3570

January 10, 2007

Re: The Illegality Of Settlement Agreement Entered
Between The U.S. Department Of Justice And Defendant
Stanley Taylor; Agreement Do Not Exempt Defendant
Taylor From Liability; And Court Shall Direct
Defendants To Provide Plaintiff With Copy Of
Entire Settlement Agreement

Dear Judge Sleet,
    On December 29, 2006, the United States Department
of Justice (DOJ) investigators released the Finding
of their Nine-month investigation into prison health
care in which they Found substantial civil rights
violations similar to the inadequate health care claims
alleged in plaintiff Riley's complaint. In a 87-page
settlement agreement reached by defendant Stanley
Taylor And the Attorney General Office representing
defendants in this civil right action before this
Court, they Agreed with the Federal investigators to
correct the inadequate deficiencies in the prison

(1) Exhibit D

health care system and to meet generally accepted professional health care standards. According to the News Journal Paper Article accounts, the settlement agreement requires the Department of Corrections (DOC) to make the changes or risk being sued by the Special Litigation Section of Justice Department's Civil Rights Division. The settlement also exempt the DOC of admission and liability for violating inmate's civil rights or breaking any other Federal Law.

Plaintiff Riley contend that the U.S. DOJ investigators were Acting on behalf of all prisoners currently confined under Delaware DOC; and the sittlement agreement was made pursuant to the Prison Litigation Reform Act (PLRA) of 1995 as codified in 18 U.S.C. § 3626 of DOJ's representation of prisoners, agreeing to stipulated 3-year term for enforcement of sittlement by injunction to correct inadequate health care 8th Amendment violations.

However, DOJ have no legal authority to exempt the DOC from liability for the 8th Amendment violations it found in the prison's health care system without first resolving all the pending medical complaints, grievances, lawsuits, etc., filed by numerous prisoners against prison officials and medical staff prior to commencement of the Federal investigation – Plaintiff Riley have not consented to DOJ's actions and have not waived DOC's liability for health care violations disclosed in the sittlement agreement.

For instance, the prison official-defendants in this case at bar involving plaintiff Riley, (the same named party

(2)

to the sittlement Agreement), the defendant Stanley Taylor
And their attorney (The Attorney General Office headed by
Carl Danberg), reFuse to provide Riley any medical treatment
For several health care problems that existed For over a period
oF 4-years (beginning in 2002) and despite district Court
orders to provide medical treatment and denial oF summary
judgment holding defendants liable For Failing to treat Riley's
serious medical needs, inexplicably these defendants still reFuse
to provide any medical treatment. See Riley v. Taylor, et al.,
Del. Dist. Ct, C. A. No. 06-001- Gms.

   Thus the current sittlement agreement which require
DOC to correct and reFrain From their unconstitutional
policy oF inadequate medical care is totally contradictory
to the DOC's ongoing active and willFul persistent health
care violations in pending lawsuit cases like plaintiFF
Riley and in the thousands oF pending administrative
medical grievances and complaints Filed by inmates throughout
the DOC.

   Until all prior pending court cases and administrative
complaints Filed by prisoners regarding inadequate medical
care and denial oF medical treatment are Fully and Fairly
resolved, this Court cannot accept the sittlement
agreement between the U.S DOJ and deFendant Taylor
which exempt DOC From liability For the admitted health
care violations in the body oF the agreement.

   Thus, since deFendant Taylor signed the sittlement
Agreement identiFying the existence oF 8th Amendment
medical violations throughout all prisons oF the DOC

(3)

in which he agreed to correct over a three (3) year period through Legislature prison health care reform, this Court must view the Agreement as an Admission by defendant Taylor.

Wherefore, in light of the Admission of health care violations by defendant Taylor this Court must reconsider its previous December 5, 2006, Memorandum and Order denying plaintiff's motion for summary judgment. Thus the Court shall direct defendant Taylor's counsel (The Attorney General Office) to provide the Court and plaintiff Riley with a complete copy of the Sittlement Agreement within 30-days from receipt of order from this Court. An appropriate ORDER shall be entered granting summary judgment and relief in favor of plaintiff Riley on all claims of denial of medical treatment by all defendants named herein.

Thank You!
James W. Riley
Plaintiff

CC:
Cathleen S. Trainor (U.S Dept. of Justice)
Carl Danberg (Attorney General of State of Dela.)
Kevin J. Connors, Esq. (Att. for medical defts.)
Ophelia M. Waters, Esq. (DAG Att. for prison officials)

(4)

# **Certificate of Service**

I, ___James Riley___, hereby certify that I have served a true
and correct cop(ies) of the attached: ___Petition To Remove___
___And Exhibits___ upon the following

parties/person (s):

TO: Office Of The Clerk
U. S. Courts of Appeals
For The Third Circuit
21400 U.S Courthouse
601 Market Street
Phila., Pa., 19106-1790

TO: Office of The Clerk
Delaware District Court
844 King Street
Wilmington, Delaware
19801

TO: Kevin J. Connors, Esq.
1220 N. Market, St., 5th Fl.
P. O. Box 8888
Wilmington, Del. 19899-8888
(Att. For Medical defendants)

TO: Ophelia M. Waters, Esq.
Deputy Attorney General
820 North French St.
Wilmington, Dela. 1980/
(Att. For Prison Officials)

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this __23__ day of ___January___, 2007
James Riley