From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: Gregory M. Sleet
U.S District Court Judge
Delaware District Court
844 King Street
Wilmington, Delaware 19801

March 8, 2007

Re: Riley v. Taylor, et al.,
C.A. No. 06-01-GMS

RECEIVED KL MAR 13 2007 U.S.C.A. 3rd. CIR.

FILED MAR 23 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

BD scanned

Dear Judge Sleet,

This is notify the court that on the above date the prison officials' attorney, Ms. Ophelia M. Waters, paid plaintiff Riley an unannounced visit at the prison. Since there was no advance notice of this meeting plaintiff was unprepared to discuss the overdue discovery request in his Motion For Production of Documents dated January 21, 2007 and discovery-related Request For Appointment of Counsel dated December 27, 2006. By intentionally failing to answer these discovery motions the Court and the Attorney General Office is infringing upon plaintiff's 6th and 14th Amendment rights to access to the Courts and due process of law. Plaintiff will continue to file Writ of Mandamuses to The Third Circuit Court until something is done about this unlawful conspiratorial crime ring among Delaware

1

judicial officials to deny prisoners' constitutional rights to fair redress of their civil and criminal cases.

A matter of fact plaintiff will be filing a complaint against this court with the Judiciary Committee of The Third Circuit Court and a Request for Your Honor to recuse himself from plaintiff's pending Habeas Corpus case in Riley v. Carroll, C.A. No. 04-1435-GMS, wherein this court fail to remedy criminal conduct by plaintiff's trial counsel in altering and manufacturing documents contained in plaintiff's case files which resulted in plaintiff's involuntary waiver of several of his fundamental constitutional rights. This court's failure to remedy the matter deprive plaintiff of his federal rights to file a subsequent civil action complaint against his former trial counsel for altering this privilege documentary evidence.

Now as to the meeting with Ms. Waters. This in-person meeting was in regard to the two Letters defendants wrote to the court dated November 3, 2006 and November 13, 2006 (I.D #42 & 46) wherein prison officials promise the court that the medical staff defendants will resolve all plaintiff's medical complaints.

After discussing the medical issues at length, Ms. Waters was satisfy that her clients have not provided plaintiff with any of the treatments conveyed in the letters to the court.

Ms. Waters stated that if she can convince her clients to provide plaintiff medical treatment then would plaintiff

stop filing any more complaints to the Courts in the future. Plaintiff replied - "we'll see!"

In any event plaintiff feel that this meeting with Ms. Waters was not made in good faith and did little, if anything, to resolve the issues in this case at bar.

For instance, Ms. Waters' total concern was to convince plaintiff not to go forward with the recent Writ of Mandamus he filed in the Third Circuit Court regarding the improprieties of the Delaware District Court; and to not pursue the potential Complaint of Civil and Criminal Conspiracy against Delaware Judicial Officials for covering up the murder of several Delaware prisoners and the attempted murder of plaintiff by the medical department. (See Civil Conspiracy Complaint attached to Petition for Mandamus Appendix "A").

Thus, the presence of correctional officers in the meeting directly placed plaintiff's life in jeopardy and subject him to further retaliatory action by defendant Warden Carroll and staff.

After the meeting concluded plaintiff observed an unknown guard and two other correctional officer-paralegals, Mike Little and Brian Engram, talking to Ms. Waters about these legal matters in the Law Library office. As plaintiff stood just outside the Law Library office door he overheard Mr. Engram make a statement to the effect that... "we should do something to silence him".

This meeting from Ms. Waters was not made part of the court records and violated the confidentiality of the attempted settlement discussions to have non-party

3

officials present during negotiations. If Ms. Waters heard Mr. Engram's statement during the discussions with those officials (whom are not her clients) then she owed an ethical duty to report such threatening comments to the court. Prison officials already retaliated by cutting off plaintiff's physical access to the law library, frustrating and perplexing his utilization of legal research materials.

The Delaware Courts and Attorney General Office are actively involved in violating plaintiff's constitutional rights as described herein above which involve murder and attempted murder of Delaware prisoners; denying prisoners adequate medical care which result in murder, pain, suffering and harm; criminal conspiracy with prison officials and other electoral State Judicial officials to cover-up these homicidal atrocities of killing prisoners (mostly Black Men) by intentionally denying them adequate medical care; intimidation, threats and retaliatory tactics by these officials to discourage plaintiff from pursuing these human right violations in court, and denial of unbias redress of plaintiff's criminal habeas appeal which reflects the same issues of injustices by Delaware high ranking judicial court officials' personal attacks on plaintiff's life, liberties and freedom.

This Court is further placed on <u>Notice</u> of the continuing conspiratorial criminal conduct by your cohorts in the event that prison officials succeed with threats and homicidal attack by the medical department. Plaintiff fear for his life to allow the medical department to treat

4

his overdue serious medical needs.

Plaintiff's Family also have been placed on NOTICE of the threats and harms directed against his life and liberties.

Very Truly,
James W. Riley
Plaintiff

cc:
Clerk of 3rd Cir. Ct.
Ophelia M. Waters, Esq. (DAG)
Kevin J. Connors, Esq.

5

To: Judge Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, Delaware 19801

Re: Riley v. Taylor, et al.,
C.A. No. 06-01-GMS

March 18, 2007

Dear Judge Sleet,

Attached hereto is a letter dated March 17, 2007, that I, plaintiff James Riley, wrote to defendant David Pierce's Attorney, Ms. Ophelia M. Waters. Prison officials still have not provided plaintiff with any medical treatment for the rectum dysfunction problem - not even an examination to diagnose the cause of the problem. All parties know that the painful symptoms plaintiff is suffering are (or may be) associated with colon and prostate cancers. Hoping that cancer may be the complication, the defendants and this Court (due to the unlawful delay tactics) are intentionally attempting to cause plaintiff's death (First degree murder) and the deadly weapon used in the commission of this Felony is the deliberate denial of medical care for potential life threatening illnesses. (The non-treated rectum problem is <u>not in dispute</u> by defendants).

The white defendants criminal actions are both racially and politically motivated as explained in the attached letter to Ms. Waters. These white defendants are attempting to murder plaintiff because he's Black - an otherwise illegal Death Sentence that's being reinstated involving the history of plaintiff's criminal case pending on Habeas Appeal in C.A. No. 04-1435-GMS.

Are you going to continue to turn a Blind-Eye to this racial discriminatory hatred?

James W. Riley
Del. Corr. Ctr.
Smyrna, Delaware 19977

CC:
Ophelia M. Waters
Kevin J. Connors

To: Ophelia M. Waters
Deputy Attorney General
Department of Justice
820 North French Street
Wilmington, Delaware 19801

Re: Riley v. Taylor, et al.,
C.A. No. 06-01-GMS

March 17, 2007

Dear Waters,

Enclosed is a letter I received from your client Deputy Warden David Pierce regarding the medical treatment I will receive as agreed upon at the March 8, 2007 meeting in the Delaware Correctional Center MHU Law Library. You ensured me that your clients would be notified of our agreement immediately.

However Deputy Warden Pierce's letter to DCC Legal Services Administrator Mike Little for investigation of the legal aspect of my medical treatment indicate that you never spoke with your clients regarding their lawful obligation to provide me medical care. Their duty to provide such medical services lies within statutory and constitutional laws which is nondelegable. See 11 Del. C. § 6523 and Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989)

Nor need prison inmates wait until the harm they suffer from the lack of medical attention is so egregious as to independently "shock the conscience." See Laaman v. Helgemoe, 437 F.Supp. 269, 312 (D.N. Ham. 1977).

1

Instead of ensuring that I receive the medical treatment for illnesses brought to the medical staff's attention four (4) years ago, however Deputy Warden Pierce directed all medical concerns to Legal Services Administrator Mike Little for legal advice to prevent addressing my serious medical needs. Mr. Little possess no license to practice law or to give medical advice.

This is additional evidence of your clients' culpable state of mind to cause my death and continuing pain & suffering through intentional denial of medical treatment.

You are aware that your clients are intentionally breaking the law and violating my civil rights with class-based racial discriminatory animus giving support to Civil Conspiracy based upon 42 U.S.C. §§ 1983 and 1985(3). See Griffin v. Breckenridge, 403 U.S. 88 (1971).

Your white clients refuse to obey you and Judge Sleet to provide me medical treatment simply because you both are Black. And the majority of the prisoners murdered by your clients over a three (3) period are Black, and of course, I am Black, too!

Money profiting opposed to adequately treating the Black prisoners' serious medical needs is one primary motivation behind your white clients' racial discriminatory denial of medical care resulting in Black prisoners

2

deaths.

Also, the State of Delaware and the Attorney General Office desire to bring about my death in these medical crisis to prevent a grant of a new trial automatically required on Habeas Corpus relief based upon gross racial discriminatory violations by State Trial Court officials. My death will <u>moot</u> all pending civil and criminal court cases. My Habeas petition have been pending in the district court for four (4) years despite the fact that the State-Respondents never opposed or disputed (nor did any State Court consider) the direct evidence supporting attorney's conflict of interest which involved criminal racial conduct of trial counsel.

Thus, the State Government's actions are impelled by a commingling of racial and political motives which involve conspiracies among State prison officials and Judicial Officers of the State & Federal Courts of Delaware to cause my death by denial of medical treatment for potential serious medical illnesses and then cover-up their liability for any wrong doing.

However, how about my symptoms of colon and prostate cancers turn out not to be life-threatening illnesses then where will that lead the Government to do next to accomplish its goal to kill me?

In any event, while I remain alive, the law requires from the outset: "<u>An inmate's dependency upon the prison's medical system includes, of necessity,</u>

3

the diagnostic stage of medical treatment." Laaman, 437 F. Supp. at 312. The failure to discover and/or diagnose serious medical problems can lead to the same evils as does the lack of therapeutic attention once an illness or injury is known. Id. If one is to be considered as a shocking failure on the part of the government to fulfill its duty to provide adequate medical care, so must the initial failure of the system to provide for discovery of latent and incubating diseases and medical problems. Id. As here, "If the medical system provided inmates by the state presents a 'grave and immediate health danger to the physical well-being; the state's failure to fulfill its affirmative duty violates the 8th Amendment and prisoners need not await the inevitable harm." Id. at 312

In conclusion, your clients have demonstrated a persistent willful pattern of reckless disregard for my human and constitutional rights for medical care and have failed to respect your legal advice as their attorney obviously because you are a Black woman. Their racial hatred has led them to seek legal advice from unqualified white male colleague, Mike Little, who is only a mere paralegal at the Delaware Correctional Center.

I welcome any settlement agreement offer that could put an end to this racial shenanigans by your clients and the State of Delaware.

4

I would accept a monetary award in the amount of $1,850.000⁰⁰ for punitive and compensatory damages as requested in my Second Amended Petition. However if its determine that I have colon or prostrate cancer after adequate medical examinations are conducted then that would change the likelihood of any settlement agreement.

Also, the state shall pay any present and future cost for medical treatment and other costs associated with this case.

Sincerely,
James Riley
Dela. Corr. Ctr.
1181 Paddock Rd.
Smyrna, Dela. 19977

cc:
Judge Sleet
Kevin J. Connors, Esq.



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE DEPUTY WARDEN**
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

TO:    IM James Riley SBI# 169716 MHU 22 CU9T

FROM:  Deputy Warden Pierce

DATE:  March 5, 2007

RE:    Legal Issue

---

    I received your letter dated January 25, 2007, regarding a legal matter and have forwarded your concerns to Legal Services Administrator Little for his investigation and action.

DP/dc
Attachment
cc:   Legal Services Administrator Little
      File

(received 3/12/07)
J.R

Re: Riley
C.A. No. 06-01-GMS
Jan. 25, 2007

JAN 26 2007
**DEPUTY WARDEN I**

Dear Deputy Warden Pierce,

This is to inform you that on November 3, 2006 your attorney forwarded a letter to district Court Judge Gregory M. Sleet regarding my current medical care status. In that letter you are quoted as having a ..."discussion with James Rundle, Health Services Administrator for CMS at DCC concerning James Riley's current medical care status"; That..."Mr. Rundle informed Deputy Warden Pierce that CMS medical Director for DCC, Dr. Rodgers has reviewed Mr. Riley's medical chart and has rewritten the order for an ophthalmology consultation scheduled immediately"; That..." the CMS Regional Medical Director has approved the purchase of a pair of high-top sneakers for Mr. Riley". And that..."Dr. Rodgers will examine Mr. Riley on November 3, 2006 to resolve any remaining medical care issues".

Unquote - This is to further inform you that the medical staff and Mr. Rundle have not treated Mr. Riley in the manner in which you conveyed in the November 3, 2006 letter sent to Judge Sleet by your attorney. For the exception of providing Mr. Riley with a pair of Faulty lens eyeglasses which he refused to accept for that reason, however the nurse indicated on January 19, 2007 that the medical staff will not provide the orthopedic footwear (boots & sneakers) or any treatment for rectal dysfunction.

Judge Sleet have been notified of your contradicting statements to provide medical treatment and your failure to render the level of medical care conveyed in your letter to the court.

James Riley #169716
MHU, Bldg. 202
C-Tier, Cell 29T

James Riley
#163916 UNIT MHU Bldg. C2
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.63⁰
02 1A
0004608975    MAR 22 2007
MAILED FROM ZIP CODE 19977

Office of The Clerk
U.S. District Court
844 N. King St.
Wilmington, Delaware
19801