IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   **Civil Action No. 06-001-GMS** |
| STANLEY TAYLOR, THOMAS | ) |
| CARROLL, DAVID PIERCE, AMY | )   **TRIAL BY JURY DEMANDED** |
| MUNSON, MEDICAL ASSISTANT | ) |
| MALANEY, CORRECTIONAL | ) |
| MEDICAL SYSTEMS, FIRST | ) |
| CORRECTIONAL MEDICAL, | ) |
| | ) |
|        **Defendants.** | ) |

**ANSWER OF DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, INC. (incorrectly designated as "Correctional Medical Systems") AND CHRISTINE MALANEY TO PLAINTIFF'S ORIGINAL COMPLAINT AND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM**

**FIRST CLAIM OF DENIAL OF MEDICAL TREATMENT**

(a) Answering defendants deny the allegations in paragraph IV(a) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(b) Answering defendants deny the allegations in paragraph IV(b) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(c) Answering defendants deny the allegations in paragraph IV(c) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

**SECOND CLAIM OF DENIAL OF MEDICAL TREATMENT**

(d) Answering defendants deny the allegations in paragraph IV(d) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(e) Answering defendants deny the allegations in paragraph IV(e) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(f) Answering defendants deny the allegations in paragraph IV(f) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(g) Answering defendants deny the allegations in paragraph IV(g) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(h) Answering defendants deny the allegations in paragraph IV(h) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(i) Answering defendants deny the allegations in paragraph IV(i) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

## THIRD CLAIM OF DENIAL OF MEDICAL TREATMENT

(j) Answering defendants deny the allegations in paragraph IV(j) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(k) Answering defendants deny the allegations in paragraph IV(k) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(l) Answering defendants deny the allegations in paragraph IV(l) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(m) Answering defendants deny the allegations in paragraph IV(m) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

## FOURTH CLAIM OF DENIAL OF MEDICAL TREATMENT

(n) Answering defendants deny the allegations in paragraph IV(n) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(o) Answering defendants deny the allegations in paragraph IV(o) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(p) Answering defendants deny the allegations in paragraph IV(p) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(q) Answering defendants deny the allegations in paragraph IV(q) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(r) Answering defendants deny the allegations in paragraph IV(r) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(s) Answering defendants deny the allegations in paragraph IV(s) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(t) Answering defendants deny the allegations in paragraph IV(t) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

(u) Answering defendants deny the allegations in paragraph IV(u) in plaintiff's original Complaint and Amended Complaint and demand strict proof thereof at time of trial.

WHEREFORE, defendants, Correctional Medical Services, Inc. and Christine Malaney, demand that plaintiff's original Complaint and Amended Complaint be dismissed with prejudice and that judgment be entered in favor of defendants, Correctional Medical Services, Inc. and Christine Malaney, and against plaintiff, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's original Complaint, Amended Complaint and Second Amended Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any civil or constitutional rights or protection by Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney, at all times material to plaintiff's original Complaint, Amended Complaint and Second Amended Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that

their actions were lawful and not in violation of the rights of plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney, at all times material to plaintiff's original Complaint, Amended Complaint and Second Amended Complaint, were not in violation of plaintiff's rights under the United States Constitution, Delaware Constitution or the laws of the United States or the laws of the State of Delaware.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not experience a deliberate indifference to any of his serious medical needs.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims do not rise to the level of deprivation of civil or constitutional rights.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney, did not recklessly, maliciously, willfully, or intentionally commit any wrongful acts or omissions causing injury to the plaintiff and, in the absence of such conduct, there can be no liability on the part of Answering Defendants on the facts of this case.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff received appropriate and competent medical care and treatment during his period of incarceration from Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney, are entitled to the defense of good faith immunity.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney, are otherwise entitled to the defense of immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants are not responsible for persons, events, circumstances or conditions reasonably beyond their control.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the provisions contained in the United States Civil Rights Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may otherwise be barred by 28 U.S.C.A § 1915

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or reduced by the plaintiff's own contributory or comparative negligence.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries, if any, resulted from an intervening and/or superseding cause.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged conditions did not constitute a serious medical need.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the mandates of 18 Del. C. § 6853.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged injuries and damages.

WHEREFORE, defendants, Correctional Medical Services, Inc. and Christine Malaney, demand that plaintiff's original Complaint and Amended Complaint be dismissed with prejudice and that judgment be entered in favor of defendants, Correctional Medical Services, Inc. and Christine Malaney and against plaintiff, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNITY

Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney, hereby crossclaim against all co-defendants, and, in denying liability to plaintiff, hereby aver that if there is any liability at all, it is the liability of co-defendants, who are either solely liable to plaintiff, jointly and severally liable, and/or liable to defendants, Correctional Medical Services, Inc. and Christine Malaney, for contribution and/or common law or contractual indemnity on the claims set forth by plaintiff in his original Complaint and Amended Complaint. Answering Defendants, Correctional Medical Services, Inc. and Christine Malaney, also seek a determination of pro rata legal responsibility pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del. C. § 6301 et seq.

WHEREFORE, defendants, Correctional Medical Services, Inc. and Christine Malaney, hereby demand that judgment be entered in its favor and against co-defendants, together with reasonable attorneys fees and costs and such other relief as the Court deems proper and just.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

BY: */s/ Kevin J. Connors*
**KEVIN J. CONNORS, ESQ.**
DE Bar ID: 2135
**1220 North Market Street, 5th Fl.**
**P.O. Box 8888**
**Wilmington, DE 19899-8888**
Attorney for Defendants, Correctional Medical Services, Inc. (incorrectly designated as "Correctional Medical Systems") and Christine Malaney

DATED: March 29, 2007

\15_A\LIAB\KJCONNORS\LLPG\418522\VLLUCAS\13252\00167

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY,<br>　　　　Plaintiff,<br><br>　　v.<br><br>STANLEY TAYLOR, THOMAS CARROLL, DAVID PIERCE, AMY MUNSON, MEDICAL ASSISTANT MALANEY, CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL,<br>　　　　Defendants. | **Civil Action No. 06-001-GMS**<br><br>**TRIAL BY JURY DEMANDED** |

## CERTIFICATE OF SERVICE

　　I, KEVIN J. CONNORS, hereby certify that the ANSWER OF DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, INC. (incorrectly designated as "Correctional Medical Systems"), AND CHRISTINE MALANEY, TO PLAINTIFF'S ORIGINAL COMPLAINT, AMENDED COMPLAINT AND SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM has been served on March 29, 2007 via E-file and US Mail upon the following:

Ophelia Michelle Waters, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

James W. Riley
#169716
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: */s/ Kevin J. Connors*
KEVIN J. CONNORS, ESQ., DE Bar ID: 2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendants, Correctional Medical Services, Inc., (incorrectly designated as "Correctional Medical Systems") and Christine Malaney

Date: March 29, 2007
\15_A\LIAB\KJCONNORS\LLPG\379939\VLLUCAS\13252\00167