IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-01-GMS |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |

**MEMORANDUM ORDER**

**I. Introduction**

The plaintiff, James W. Riley ("Riley"), is an inmate housed at the Delaware Correctional Center ("DCC"). Riley filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs (i.e., rectal dysfunction, need for eyeglasses, orthopedic footwear, skin infection). (D.I. 2.) On October 27, 2006, the court denied a request for a preliminary injunction and temporary restraining order filed by Riley. (D.I. 41) Now before the court is Riley's motion for reconsideration of the court's denial of the motion for preliminary injunction and temporary restraining order and a motion to compel ruling on the motion for reconsideration filed. (D.I. 45, 51.)

**II. Standard of Review**

Riley does not indicate if he moves for reconsideration under Fed. R. Civ. P. 59(e) or 60(b). Rule 60(b) motions and motions for reconsideration under Fed. R. Civ. P. 59(e) serve a similar function, but each has a distinct purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rule 60(b) lists several grounds for reconsideration, and those grounds include "mistake, inadvertence, surprise, or excusable neglect." Rule 59(e), "is a device to relitigate the

original issue decided by the district court, and [it is] used to allege legal error." *Id.* (internal quotation marks omitted). In reviewing the motion it is clear that Riley attempts to relitigate the issues decided in the order, and therefore, the court will construe the motion as one under Rule 59(e).

The standard for obtaining relief under Rule 59(e) is difficult for Riley to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

**III. Discussion**

Riley argues that the court's October 27, 2006 memorandum and order is contrary to the

principles of *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976), and its progeny. He does not agree with the court's ruling and posits that the court is "not being a disinterested party." (D.I. 45.) Riley takes exception to the court's denial of injunctive relief, finding it contradictory because the court ordered the defendants to advise the court of the status of specific medical complaints made by Riley. He also contends that the court was incorrect in finding that Riley was medically examined. Riley's position is that, he was not seen or examined by a "qualified doctor."

Riley cannot escape the fact that he did not meet the requisites for injunctive relief. Accordingly, there is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, he has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, the motion will be denied as to the October 27, 2006 order.

Riley also seeks reconsideration of an October 3, 2006 order dismissing the case against defendant Amy Munson ("Munson"). The court dismissed Munson from the case on the basis that Riley failed to show cause for his failure to timely serve her. *See* D.I. 37.

It appears that the court's order and Riley's response to a show cause order "crossed" in the mail. Riley did not file a separate response, but instead placed the "good cause" response within a motion to stay all proceedings. *See* D.I. 38. Riley states that "good cause" is shown in his motion for injunctive relief for the failure to serve because Munson violated his Eighth Amendment right to basic medical treatment. He then states, "[t]hus the court shall simply compel the Attorney General Office and defendant Commissioner Taylor . . . to provide the U.S. Marshal Office with Ms. Munson last known private residential address to complete service of the complaint." (D.I. 38)

Even if this information had been before the court at the time it issued its order, it does

not change the court's ruling. Riley has failed to show cause why Munson was not timely served. At times, the court assists prisoners in effecting service. In this case, however, Riley appears to have taken no action (i.e., discovery tools) to effect the service of Munson, but rather, relies upon the allegations in the complaint, and demands that the court take action to obtain the appropriate information. Riley has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, the motion will be denied as to the October 3, 2006 order.

IV. Conclusion

NOW THEREFORE, at Wilmington this 9th day of April, 2007, IT IS HEREBY ORDERED that:

1. The motion for reconsideration of court's denial of plaintiff's motion for preliminary injunction and temporary restraining order (D.I. 45) is DENIED.

2. The motion to compel ruling on plaintiff's motion for reconsideration of court's decision denying plaintiff's motion for preliminary injunction and temporary restraining order (D.I. 51) is DENIED.

UNITED STATES DISTRICT JUDGE

FILED

APR 1 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE