IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-01-GMS |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |

**MEMORANDUM ORDER**

**I. Introduction**

The plaintiff, James W. Riley ("Riley"), is an inmate housed at the Delaware Correctional Center ("DCC"). Riley filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs (i.e., rectal dysfunction, need for eyeglasses, orthopedic footwear, skin infection). (D.I. 2.) On December 5, 2006, the court granted in part and denied in part a motion to dismiss filed by defendant Medical Assistant Malaney ("Malaney"); dismissed Correctional Medical Services, Inc. ("CMS") as a defendant, but gave Riley leave to amend his complaint as to the allegations raised against it; denied Riley's motion for summary judgment; granted summary judgment to defendant Commissioner Stanley Taylor, Warden Thomas Carroll, and Deputy Warden David Pierce on the claims brought against them in their official capacities; and dismissed a skin care medical needs claim. (D.I. 49.) Now before the court is Riley's motion to alter the judgment and for reconsideration of the court's December 5, 2006 memorandum and order. (D.I. 50.)

**II. Standard of Review**

Riley does not indicate if he moves for reconsideration under Fed. R. Civ. P. 59(e) or

60(b). Rule 60(b) motions and motions for reconsideration under Fed. R. Civ. P. 59(e) serve a similar function, but each has a distinct purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rule 60(b) lists several grounds for reconsideration, and those grounds include "mistake, inadvertence, surprise, or excusable neglect." Rule 59(e), "is a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Id.* (internal quotation marks omitted). In reviewing the motion it is clear that Riley attempts to relitigate the issues decided in the order, and therefore, the court will construe the motion as one under Rule 59(e).

The standard for obtaining relief under Rule 59(e) is difficult for Riley to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

### III. Discussion

Riley argues that CMS mislead the court into believing that Riley did not sufficiently allege a cause of action against it. He argues that the court was incorrect in stating that he did not respond to that portion of CMS' motion to dismiss addressing the issue of *respondeat superior*. Riley concludes that "therefore this court must now rule that plaintiff need not amend his complaint against CMS and CMS' motion to dismiss is reconsidered and thereafter hereby is denied." (D.I. 50.)

The court notes that on January 4, 2007, Riley filed an amended complaint against the defendants CMS and First Correctional Medical. Therefore, the court will deny as moot the motion for reconsideration as to the CMS dismissal and amendment issue.

Riley also seeks consideration of the dismissal of his skin care claim. He refers to newspaper articles to support his position that the claim should not have been dismissed. It is evident that Riley seeks to have the court rethink its decision to dismiss the skin care claim. As discussed in the court's December 5, 2006 memorandum, as to the skin care claim, the complaint fails to state an Eighth Amendment medical needs claim. Riley has not demonstrated any of the grounds necessary to warrant reconsideration of its dismissal and, therefore, the motion will be denied.

### IV. Conclusion

NOW THEREFORE, at Wilmington this 10th day of April, 2007, IT IS HEREBY ORDERED that the motion to alter the judgment and for reconsideration of the

court's December 5, 2006 memorandum and order (D.I. 50) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

