IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-01-GMS |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 24th day of Sept, 2007, having considered the pending motions of the plaintiff, James W. Riley ("Riley");

IT IS ORDERED that:

Riley's motion for appointment of counsel (D.I. 53) is **denied** without prejudice. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when

assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

In his motion for appointment of counsel, Riley seeks appointed counsel to assist him in the discovery process and suggests the name of an attorney for appointment. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. As evidence by the court docket, Riley has ably pursued this litigation. Indeed, he has filed discovery requests, filed responses to dispositive motions, and notices of appeals. Moreover, Riley is no stranger to litigation having filed many civil cases in this district court. It is evident from his filings that Riley possesses the ability to adequately pursue his claims.

Riley's motion for trial (D.I. 53) is **denied**. Riley asks the court to set a trial date and enter a scheduling and discovery order. The court's normal procedure is to enter a scheduling order which contains discovery deadlines and dispositive motion deadlines. This order is normally entered when all parties have answered. Additionally, the court will set a trial date if, and when, it becomes necessary.

Riley's motion for funds to hire medical examiner and expert witness for trial (D.I. 56) is **denied**. Rule 706 of the Federal Rules of Evidence affords the trial judge broad discretion to appoint an independent expert answerable to the court, whether *sua sponte* or on the motion of a

party. "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Ford v. Mercer County Corr. Ctr.,* 171 Fed. Appx. 416, 421 (3d Cir. 2006) (citation omitted).

Riley seeks an independent medical examination to establish defendants' liability and to provide expert testimony. Riley's medical issues, however, are not so complex as to require an independent court-appointed expert. Nor are his medical claims beyond a lay person's grasp.

Riley's motion to amend the complaint (D.I. 63) is **granted**. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chemical Co.,* 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.,* 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *See also Oran v. Stafford,* 226 F.3d 275, 291 (3d Cir. 2000).

The defendants did not object to the motion. Further, the court finds that the proposed

amendment will not cause undue delay, bad faith, dilatory motive, prejudice or futility.

_____
UNITED STATES DISTRICT JUDGE

FILED

SEP 2 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE