## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   **Civil Action No. 06-001-GMS** |
| STANLEY TAYLOR, THOMAS | ) |
| CARROLL, DAVID PIERCE, AMY | )   **Jury Trial Demanded** |
| MUNSON, MEDICAL ASSISTANT | ) |
| MALANEY, CORRECTIONAL | ) |
| MEDICAL SYSTEMS, FIRST | ) |
| CORRECTIONAL MEDICAL, | ) |
| | ) |
| **Defendants.** | ) |

## INTERROGATORIES-SET I OF DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, INC. ("CMS") AND CHRISTINE MALANEY DIRECTED TO PLAINTIFF

The above-named defendants, by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, Esquires, hereby request that the party to whom these interrogatories are addressed answer fully, in writing and under oath, the following interrogatories.

## DEFINITIONS AND INSTRUCTIONS

Unless negated by the context of the interrogatory, the following definitions are to be considered to be applicable to all interrogatories contained herein:

(A)  "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced.  The term documents includes without limitation correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, purchase orders, pleadings, questionnaires, contracts, bills, checks, drafts, diaries, logs, proposals, printouts, recordings, telegrams, films, and all other such documents

tangible or retrievable of any kind.  The term documents also includes any preliminary notes and drafts of all the foregoing, in whatever form (for example:  printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon blueprints, magnetic tape, microfilm, film, motion picture film, phonograph records, or other form).

(B)  With respect to documents, the term "identify" means to give the date, title, author and addressee; identify with respect to documents further means:

(I)   To describe a document sufficiently well to enable the interrogator to know what such document is and to retrieve it from a file or wherever it may be located;

(II)    To describe it in a manner suitable for use as a description in a subpoena;

(III)  To give the name, address, position or title of the person(s) who has/have custody of the document and/or copies thereof.

(C)    "Identify" when used in reference to an individual means:

(I)   To state his/her full name;

(II)  Present residence address or last known residence;

(III)  Present or last known business address;

(IV)   Present employer or last known employer;

(V)   Whether ever employed by any party to this action and, if so, the dates he (she) was employed by such party, the name of such party, and the last position held as an employee of such party.

(D)    Whenever the expression "and/or" is used in these interrogatories, the in, the information called for should be set out both in the conjunctive and disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

(E)     Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure is to be given unless it is not known; and then the approximate date, amount, or other computation or figure should be given or the best estimate thereof; and the answer shall state that the date, amount or other computation or figure is an estimate or approximation.

(F)     No answer is to be left blank.  If the answer to an interrogatory or subparagraph of an interrogatory is "none" or "unknown", such statement must be written in the answer.  If the question is inapplicable, "N/A" must be written in the answer.  If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

(G)     These interrogatories are continuing, and any information secured subsequent to the filing of your answers which would have been includable in the answers had it been known or available, are to be supplied by supplemental answers.

## INTERROGATORIES ADDRESSED TO PLAINTIFF - SET I

1. Give the names and addresses of the following persons:

      a.  Those who witnessed the occurrences giving rise to this suit referenced in plaintiff's Complaints and Amended Complaints;

      b.  Those who have any information or knowledge concerning the facts, events, circumstances or conditions surrounding the happening of those occurrences.

      c.  Those who have any information or knowledge concerning the facts, events, circumstances or conditions surrounding the happening of those occurrences.

**ANSWER:**

2.     State whether any photographs were taken of the site of the occurrences or any of the instrumentalities or personalities involved herein.

(a)     If your answer is in the affirmative, state:

(1)     The subject matter of the photographs:

(2)     The date and time of day said photographs were taken;

(3)     The name, address and job classification of the person taking same, and the name and address of his employer, if not in your employ;

(4)     The name, address and classification of the person having custody of the same.

**ANSWER:**

3.      State the following with respect to the plaintiff(s):

    (a)      Age;

        (1)      At the time of the incident here involved;

        (2)      At the present time;

    (b)      Date of birth;

    (c)      Place of birth;

    (d)      Marital status

        (1)      At the time of the incident here involved;

        (2)      At the present time;

    (e)      Number of children or other dependents;

        (1)      At the time of the incident here involved;

        (2)      At the present time.

**ANSWER:**

4.    State the following:

(a)    Your Social Security Number, if any;

(b)    Your Veteran's Claim Number, if any;

(c)    Name and policy number of any health and accident coverage in existence at the time of the occurrences here involved, if any;

(d)    Name, claim number, and policy number of any insurance coverage providing benefits for the injuries or medical expenses alleged to be involved in the occurrences, if any.

**ANSWER:**

5.     State in detail and with particularity the injuries you allege were sustained as a result of the occurrences here involved.

**ANSWER:**

6.     State the name and address of each hospital, clinic, nursing home, or other institution to which you have gone for examination and/or treatment or in which you have been confined as a result of the injuries alleged to have been sustained in the occurrences involved in this action. State the dates of confinement, examination, and/or treatment, the amount of the bill rendered by each of the institutions, and the amount of each that has been paid and by whom.

**ANSWER:**

7.     State the names and addresses of each doctor, physician, nurse, or other person who have examined and/or treated you, whether you were in a hospital or elsewhere, for the injuries alleged to have been sustained as a result of the occurrences involved in this action.  State the dates on which you were examined and/or treated, the treatment given, if any, the place where given, the charges for same, and the amount of each charge that has been paid and by whom.

**ANSWER:**

8.    Describe any pain, ailment, complaint, injury, or disability that you claim you

presently have as a result of the occurrences here involved.

**ANSWER:**

9.      Are you still under treatment for the injuries alleged to have been sustained in the occurrences here involved?

(a)     If your answer is in the affirmative, give the name and address of the physician(s) and/or institution(s) rendering said treatment.

**ANSWER:**

10.     State whether you sustained any injuries or had any disease, deformity, or impairment prior to or subsequent to the occurrences here involved which in any way affected those pats of your body injured as a result of the occurrences here involved .

If so, indicate the nature of any such injury, disease, deformity or impairment; give the name and address of any hospital or other institution to which you have gone for treatment and/or examination and the dates thereof; the name and address of any doctor or other person to whom you have gone for treatment and/or examination and the dates thereof.

**ANSWER:**

11.     Have you ever been involved in an accident of any kind before or after the occurrences upon which this suit is based?  If so, state the nature of the accident, the place and date on which it occurred, the names and addresses of all persons involved, the injuries sustained by you, and the court, term and number of any suit commenced as a result thereof.

**ANSWER:**

12.     If you allege that the occurrences here involved aggravated a pre-existing condition, state:

(a)     Whether you had recovered from said condition at the time of the occurrences here involved and the approximate date of your recovery;

(b)     The name and address of each hospital or other institution to which you had gone for examination and/or treatment and the date of your last visit;

(c)     The name and address of each doctor or other person to whom you had gone for examination and/or treatment and the date of your last visit.

**ANSWER:**

13.     Identify each person whom you expect to call as an expert witness at the trial of this action.

(a)     As to each person so identified, state the subject matter on which the expert is expected to testify.

**ANSWER:**

14.     As to each expert identified above, have him state the following and sign his

answers:

      (a)     The substance of the facts and opinions to which he is expected to testify;

      (b)     A summary of the grounds for each opinion.

**ANSWER:**

15.     With respect to each expert identified in answer to the preceding interrogatory, state the following:

(a)     A brief chronological resume of the expert's education and professional background, including associations or societies of which he (she) is a member, schools attended, including years of attendance and degrees received, experience in particular fields, including names and addresses of employers with inclusive years of employment;

(b)     The title, publisher, date, and form of all documentary material published by the expert.

**ANSWER:**

16.     Identify any documents prepared or generated by the expert which in whole or in part contain the facts and opinions to which the expert is expected to testify, for whom prepared and when, and identify further each person to whom the document or documents were given or distributed.

**ANSWER:**

17.    Identify all factual information supplied to the expert which was used as the basis for his opinion including correspondence, memoranda, reports, tests, plans, specifications, drawings, and/or documents of any kind as well as objects and photographs examined.

**ANSWER:**

18.     Identify each and every Eighth Amendment violation which you claim against defendant, Correctional Medical Services, Inc. and defendant, Christine Malaney, and as to each such violation, identify:

(a)     The identity and address of each and every witness who will testify in support of your allegation; and

(b)     The identity of each and every document, record, report, memorandum, correspondence, e-mail, notation, telephone memorandum, e-mail, photograph and any and all other writings which in any way support the said allegation.

**ANSWER**:

19.     With respect to the claims asserted in your Complaints and Amended Complaints, state the following:

a) identify all facts that refute, relate to, or support your claims;

b) identify the specific behavior or conduct that you allege that CMS and Christine Malaney engaged in;

c) the names and present or last known addresses and telephone; numbers of all persons having knowledge of any of the facts set forth in answer to subparagraph (a) hereof;

d). identify all documents that reflect, refer to or relate to such contention or facts.

**ANSWER:**

20.     Identify (a) every communication you have had with anyone, other than your attorney, concerning the allegations in your Complaints and Amended Complaints including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

   **ANSWER:**

21.    Identify (a) every communication you have had with Correctional Medical Services, Inc. and Christine Malaney concerning the allegations in your Complaints and Amended Complaints; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or

relating to those communications.

**ANSWER:**

**22**.     Identify each document in your possession and control that relates to the allegations in your Complaints and Amended Complaints.

**ANSWER:**

**23**.     If you allege that you filed an inmate grievances or medical grievances relating to the allegations in your Complaints and Amended Complaints, what dates were said grievances filed on? If your grievance relating to the allegations in your Complaints and Amended Complaints was rejected, describe in detail what facts contributed to the rejection.

   **ANSWER:**

**24.** Describe any medical treatment you received as a result of the allegations in the Complaints and Amended Complaints, specifically addressing:

a) whether you requested any medical treatment at Delaware Correctional Center which you believe in any way resulted from the allegations in your Complaints and Amended Complaints; and

b) the date and method used for any request listed in subparagraph (a) of this Interrogatory.

**ANSWER:**

**25**.    State the following:

a)    describe in detail any information regarding any injuries, illnesses or diseases you have ever been diagnosed with prior to or during your incarceration at  Delaware Correctional Center;

b)    identify the date on which you became aware of such information;

c)    identify all persons having knowledge of such information including any treating doctors or specialists; and

d)    identify all documents referring or relating to such information.

**ANSWER:**

26.     Please describe in detail any information regarding any alleged mental or behavioral problems you have ever been diagnosed with; identify the date on which you became aware of such information; identify all persons having knowledge of such information including any treating doctors, psychologists or psychiatrists; and identify all documents referring or relating to such information.

**ANSWER:**

27.    Describe in detail:

a)    how Correctional Medical Services, Inc. and Christine Malaney denied you your right to receive proper medical care and/or treatment;

b)    the dates and times you claim you were denied proper medical care and/or treatment;

c)    the injuries you claim you suffered by being denied proper medical care and/or treatment; and

d)    identify any and all documents, including grievances, that describe the injuries you claim you suffered by being denied proper medical care and/or treatment.

**ANSWER:**

**28**.     Describe any and all incidents you have had while incarcerated in which you have been transferred to a behavioral modification unit, to a higher security area or to any other more restricted setting.

 **ANSWER:**

**29**.     Identify all of your criminal convictions in the past fifteen (15) years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**ANSWER:**

**30**.     State the total amount of damages you are seeking against Correctional Medical

Services, Inc. and Christine Malaney and the computation used to arrive at the sum.

**ANSWER:**

31.     Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

**ANSWER:**

32.     Identify all persons who provided information for all or any part of your answers to these Interrogatories and, for each person named, identify the request as to which each such person provided information.

**ANSWER:**

                                 MARSHALL, DENNEHEY, WARNER
                                     COLEMAN & GOGGIN


_____
KEVIN J. CONNORS, ESQUIRE
1220 N. Market Street
P.O. Box 8888
Wilmington, DE 19899
Attorney for Defendants, Correctional Medical
Services, Inc. and Christine Malaney

DATED:     October 31, 2007

15/545601.v1