# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-001-GMS |
| STANLEY TAYLOR, THOMAS | ) |
| CARROLL, DAVID PIERCE, AMY | ) JURY TRIAL DEMANDED |
| MUNSON, MEDICAL ASSISTANT | ) |
| MALANEY, CORRECTIONAL | ) |
| MEDICAL SYSTEMS, FIRST | ) |
| CORRECTIONAL MEDICAL, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS', CORRECTIONAL MEDICAL SERVICES, INC. AND CHRISTINE MALANEY, ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTIONS**

1. Defendants, Correctional Medical Services, Inc. and Christine Malaney, make the following General Objections ("General Objections") to the Plaintiff's Interrogatories Directed to Defendants, ("Interrogatories"). These General Objections apply to and form a part of the response to each and every Interrogatory and are set forth herein to avoid duplication and repetition of restating them for each response.

2. Defendants object to each Interrogatory to the extent that it seeks to impose an obligation or burden on Defendants beyond that required by F.R.C.P. 26. Defendants will respond to each Request to the extent required by applicable rules.

3. Defendants object to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

4. Defendants object to each Interrogatory to the extent it seeks information or documents already in possession of the plaintiff, or information that is equally available to plaintiff. In addition, Defendants object to each Interrogatory where the response to the Request may be derived from or ascertained from pleadings already filed in this matter, or from documents produced herewith.

     5.     Defendants object to each Interrogatory to the extent that it seeks information that is not within the personal knowledge of defendant, or that may be outside the time period relevant to the subject matter of this lawsuit.

     6.     Defendants object to each Interrogatory to the extent that it is overly broad, unduly burdensome and/or seeks information or documents neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

     7.     Defendants object to each Interrogatory to the extent that it is duplicative, unreasonably cumulative and/or oppressive, and to the extent that the Request will cause Defendants to incur any unnecessary expense.

     8.     Defendants object to each Interrogatory to the extent that it is vague and/or ambiguous.

## PRESERVATION OF RIGHTS

     1.     All responses to these Interrogatories are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

     2.     All questions as to competency, relevancy, materiality, privilege and admissibility for any purpose in any subsequent proceedings or the trial of this or any other action;

     3.     The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

     4.     The right to object on any grounds at any time to a demand for further responses to these Interrogatories or other discovery proceedings involving or relating to the subject matter of the Interrogatories and objections set forth herein answered; and

     5.     The right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

Defendants incorporate the General Objections and Preservation of Rights set forth above into each of the following answers as though the same were set forth at length therein.

## INTERROGATORIES

     1.     How often are prisoners entitled to have boots and sneakers at state expense?

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome.

2. Medical records show that in 2003 and 2005 the doctor prescribed orthopedics boots & sneakers for Riley. Was Riley ever provided this footwear? If so, show documented proof of date and time Riley received boots & sneakers from 2003 to 2007.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Notwithstanding these objections, and subject to them, see medical records of James W. Riley attached under seal to Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production of Documents dated October 15, 2007.

3. Did Riley ever have his eyes examined by the ophthalmologist or any eye doctor? If so, provide date and time of each examination and medical diagnosis.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Notwithstanding these objections, and subject to them, see medical records of James W. Riley attached under seal to Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production of Documents dated October 15, 2007.

4. Was Riley ever treated for his rectum dysfunction? If so, what were the diagnosis of Riley's problem and how was his problem treated?

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Notwithstanding these objections, and subject to them, see medical records of James W. Riley attached under seal to Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production of Documents dated October 15, 2007.

5. Was Riley ever recommended to be examined by an out-side specialist for his decaying eye sight and painful swelling of rectum problems? If so, give date and time and diagnosis & treatment orders of specialists.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Notwithstanding these objections, and subject to them, see medical records of James W. Riley attached under seal to Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production of Documents dated October 15, 2007.

6. Did the Department of Corrections recently enter into a Settle Agreement with the United States Justice Department which requires defendants to provide prisoners with specialized medical treatment whenever the prison lack the facilities and staff to treat an illness?

**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. By way of further response, this Interrogatory does not appear to be directed to Answering Defendants and, thus, no response is required.

    7.    Provide the names and qualifications of each doctor who examined and treated Riley for his eye sight problem and rectum dysfunction in 2005-2007.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Notwithstanding these objections, and subject to them, <u>see</u> medical records of James W. Riley attached under seal to Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production of Documents dated October 15, 2007.

                         **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

                BY:      /s/ Kevin J. Connors
                      **KEVIN J. CONNORS, ESQ. (ID2135)**
                      1220 North Market Street, 5th Fl.
                      P.O. Box 8888
                      Wilmington, DE 19899-8888
                      Attorney for Defendants,
                      Correctional Medical Services, Inc. and
                      Christine Malaney

DATED:   November 15, 2007
15/545841.v1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-001-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, THOMAS CARROLL, DAVID PIERCE, AMY MUNSON, MEDICAL ASSISTANT MALANEY, CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I hereby certify that on November 15, 2007, I electronically filed the Defendants', Correctional Medical Services, Inc. and Christine Malaney, Answers to Plaintiff's First Set of Interrogatories, which will send notification of such filing to the following:

Ophelia Michelle Waters, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

I hereby certify that on November 15, 2007, I mailed by United States Postal Service, the Defendants', Correctional Medical Services, Inc. and Christine Malaney, Answers to Plaintiff's First Set of Interrogatories, to the following non-registered participant:

James W. Riley
#169716
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY:    */s/ Kevin J. Connors*
      **KEVIN J. CONNORS, ESQ. (ID2135)**
      1220 North Market Street, 5th Fl.
      P.O. Box 8888
      Wilmington, DE 19899-8888
      Attorney for Defendants,
      Correctional Medical Services, Inc. and
      Christine Malaney

DATED:   November 15, 2007
15/545841.v1