## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-001-GMS |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR, THOMAS ) | |
| CARROLL, DAVID PIERCE, AMY ) | |
| MUNSON, MEDICAL ASSISTANT ) | |
| MALANEY, CORRECTIONAL ) | |
| MEDICAL SYSTEMS, FIRST ) | |
| CORRECTIONAL MEDICAL, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, INC. AND CHRISTINE MALANEY, TO PLAINTIFF'S REQUEST FOR PRODUCTION OF <u>DOCUMENTS DATED OCTOBER 15, 2007</u>**

      1.     Defendants, Correctional Medical Services, Inc. and Christine Malaney, make the following General Objections ("General Objections") to the Plaintiff's Request for Production of Documents Directed to Defendants ("Request"). These General Objections apply to and form a part of the response to each and every Request and are set forth herein to avoid duplication and repetition of restating them for each response.

      2.     Defendants object to each Request to the extent that it seeks to impose an obligation or burden on Defendants beyond that required by F.R.C.P. 26. Defendants will respond to each Request to the extent required by applicable rules.

      3.     Defendants object to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

      4.     Defendants object to each Request to the extent it seeks information or documents already in possession of the plaintiff, or information that is equally available to plaintiff. In addition, Defendants object to each Request where the response to the Request may be derived from or ascertained from pleadings already filed in this matter, or from documents produced herewith.

      5.     Defendants object to each Request to the extent that it seeks information that is not within the personal knowledge of Defendants, or that may be outside the time period relevant to the subject matter of this lawsuit.

6.      Defendants object to each Request to the extent that it is overly broad, unduly burdensome and/or seeks information or documents neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

7.      Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative and/or oppressive, and to the extent that the Request will cause Defendants to incur any unnecessary expense.

8.      Defendants object to each Request to the extent that it is vague and/or ambiguous.

## RESERVATION OF RIGHTS

1.      All responses to these Requests are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

2.      All questions as to competency, relevancy, materiality, privilege, and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

3.      The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

4.      The right to object on any grounds at any time to a demand for further responses to these Requests or other discovery proceedings involving or relating to the subject matter of the Requests and objections set forth herein answered; and

5.      The right at any time to revise, correct, supplement, clarify, and/or amend the responses and objections set forth herein.

Defendants incorporate the General Objections and Preservation of Rights set forth above into each of the following answers as though the same were set forth at length therein.

## RESPONSES

1.      March 26, 2007 visit with Doctor Hamid regarding medical treatment for rectum dysfunction; examination by eye doctor and fulfillment of doctors' orders for orthopedics boots & sneakers;

**RESPONSE:** All medical records in possession of responding Defendants are attached under seal.

2. April 17, 2007 visit with doctor who examined Riley's rectum problems and prescribed several over the counter medications;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

3. May 4, 2007 visit from doctor Hamid on status of medical treatment and unfulfilled doctors' orders for the orthopedics boots;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

4. May 8, 2007 visit with doctor who examined Riley's rectum and discovered a large lump inside his rectum. Doctor ordered that Riley be re-examined by eye doctor for the previously prescribed faulty eyeglasses;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

5. June 22, 2007 visit with eye doctor who said Riley's eye vision could not be corrected;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

6. July 26, 2007 visit with doctor at which time Riley told doctor medication given for rectum dysfunction not helping problem or relieving suffering from painful swelling of rectum;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

7. August 27, 2007 visit with same doctor who again examined Riley's rectum and again Riley told doctor medications not helping painful swelling of rectum. This time doctor scheduled Riley to see a Specialist, but told Riley it will be awhile before he actually get to see Specialist.

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

      8.     On January 21, 2007, Riley filed a Request for Production of Documents which is attached hereto. Plaintiff Riley compel all defendants to produce the documents requested in the attached Rule 34 motion as part of the general production request herein within 30 days.

**RESPONSE:** Please refer to Response of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production of Documents dated January 21, 2007.

            **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY:    */s/ Kevin J. Connors*
        **KEVIN J. CONNORS, ESQ. (ID2135)**
        1220 North Market Street, 5th Fl.
        P.O. Box 8888
        Wilmington, DE 19899-8888
        Attorney for Defendants,
        Correctional Medical Services, Inc. and
        Christine Malaney

DATED:   November 15, 2007
15/545732.v1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-001-GMS |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR, THOMAS ) | |
| CARROLL, DAVID PIERCE, AMY ) | |
| MUNSON, MEDICAL ASSISTANT ) | |
| MALANEY, CORRECTIONAL ) | |
| MEDICAL SYSTEMS, FIRST ) | |
| CORRECTIONAL MEDICAL, ) | |
| ) | |
| Defendants. ) | |

### **NOTICE OF SERVICE**

I hereby certify that on November 15, 2007, I electronically filed the Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production dated October 15, 2007, which will send notification of such filing to the following:

Ophelia Michelle Waters, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

I hereby certify that on November 15, 2007, I mailed by United States Postal Service, the Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production dated October 15, 2007, to the following non-registered participant:

James W. Riley
#169716
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY:     */s/ Kevin J. Connors*
       **KEVIN J. CONNORS, ESQ. (ID2135)**
       1220 North Market Street, 5th Fl.
       P.O. Box 8888
       Wilmington, DE 19899-8888
       Attorney for Defendants,
       Correctional Medical Services, Inc. and
       Christine Malaney

DATED:   November 15, 2007
15/545732.v1