In The United States District Court
For The District Of Delaware

James W. Riley,
  Plaintiff,

v.

Stanley Taylor, et al.,
  Defendants.

C.A. No. # 06-01-GMS



FILED
NOV 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PP scanned

### Renewed Motion For Funds To Hire Medical Examiner At Defendants' Expense

Now Comes the plaintiff, James Riley, who renews his January 5, 2007 Motion For Funds To Hire Medical Examiners At Defendants' Expense, pursuant to Rule 35 of the F.R.C.P. (see previous Motion attached hereto).

In support of this renewed request in the attached motion to hire medical examiner, plaintiff states the following:

1. The parties involved with this litigation are in the process of conducting discovery which must be completed on or before March 26, 2008.

2. Plaintiff have filed a request for Production Of Documents and a First Set Of Interrogatories, both dated October 15, 2007.

3. The Defendants filed Requests For Admissions, Production Of Documents and a First Set Of

Interrogatories, dated October 30th & 31st, 2007.

4. The essential issue of all the defendants' and plaintiff's discovery requests is expert proof of plaintiff's medical conditions, especially the most serious medical condition surrounding his painful rectum dysfunction and decaying eye vision problems.

5. Also of significance, this court issued an Order on October 27, 2006, directing defendants to file a Report on the status of plaintiff's medical treatment. Subsequently, both the Medical Defendants and Prison Official-Defendants filed Letter-Reports dated November 3rd & 13th 2006, addressed to Your Honorable, Judge Sleet, on the status of plaintiff's medical treatment. In defendants status Letter-Reports they merely advised the Court that plaintiff will be seen by the physician and that a Doctor Rodgers will examine Riley to resolve any remaining medical care issues.

Plaintiff was never provided with any medical treatment that defendants promised the Court that they will deliver in their Status Letter/Reports. And this Court never directed the defendants to file a follow-up status report to ensure that defendants complied with the first report promising to resolve all plaintiff's medical care issues.

6. The last date in the Court's Scheduling Order is June 24, 2008. By virtue, the Court is saying that plaintiff has to continue to endure unnecessary pain & suffering from the massive swelling of his rectum which lasts 6 to 8 hours or longer after each bowel movement until the

outcome of this case? On a regular plaintiff have a bowel movement 4-times a week. Thus defendants does not dispute the existence of these medical claims where the time periods set for "Summary Judgment Motions" in paragraph 5 of the Court's Scheduling Order would be necessary.

7. In a Settlement Agreement made between the Department of Corrections (DOC) and the United States Department of Justice (DOJ), the defendants have agreed to provide Specialty Medical Care in a timely manner by outside qualified professionals whom findings and recommendations are to be documented in inmates' medical files. (See par. 13 on page 8 of attached Settlement).

8. This Court have the authority to force the defendants to comply with the terms of the Settlement Agreement for Specialty Medical Care by outside independent qualified physicians who will examine plaintiff's rectum dysfunction and decaying eye vision problems and make appropriate diagnosis and treatment recommendations. Furthermore, these physicians' medical reports and findings will then be used by the parties herein to litigate the case and also be provided to this Court as independent Expert Medical findings on the extent of plaintiff's medical claims and the pain and suffering associated with defendants' denial of any medical treatment for plaintiff's serious medical needs from 2002 to the present date (5-years!).

Wherefore, in order for this court to pass judgment for or against any party herein, it first must be an <u>Order</u> issued directing the defendants to provide plaintiff with medical treatment consisting of immediate outside Specialty Care by qualified physicians. This Rule 35 request to Hire Medical Examiner is guaranteed by the Settlement Agreement where this Court can issue an Order for compliance. Plaintiff does not have to wait on the DOJ for this Court to act on his constitutional rights to medical treatment.

*James W. Riley*
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Date: November 12, 2007

## CERTIFICATE OF SERVICE

I, _James Riley_, hereby certify that I have served a true and correct copy of the attached motion upon the following party, on the _13_ day of _November_, _2007_.

_Ophelia M. Waters, Esq._
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, Delaware 19801

Kevin J. Connors, Esq.
1220 N. Market St., 5th fl.
P.O. Box 8888
Wilmington, Delaware
19899-8888

_Nov. 13, 2007_
Date signed

_James Riley_
Signature of Movant (Notarization not required)

