In The United States District Court
For The District Of Delaware

James W. Riley,
        Plaintiff,

v.                                    C.A. No. 06-01-GMS

Stanley Taylor, et al.,
        Defendants

Motion For Funds To Hire
Medical Examiner And
Expert Witness For Trial

Now Comes plaintiff James W. Riley pursuant to Rule 35 of the F.R.C.P. who request that this Court grant funds to hire qualified physicians to conduct independent medical examinations on plaintiff's eyes, feet, rectum and exposure to necrotizing Fasciitis bacteria infection. In support of this request plaintiff set forth the following facts:

1. The medical staff defendants (CMS/FCM) are being sued by plaintiff for denying him adequate medical treatment by qualified medical staff or no treatment at all for the serious medical needs cited above. Any medical examinations conducted on plaintiff by the medical defendants' doctors, physicians, practitioners or nursing staff were unreliable and unfairly

Favorable to Cms/Fcm and the Delaware Correctional Center (DCC) defendants who contracted Cms/Fcm to meet the medical needs of the prisoners.

2. On December 22, 2006, (After nearly two whole years) the defendants finally allowed plaintiff to consult with their optometrist to have his eyes examined and to be fitted for a pair of glasses stemming from a 2005 doctor's order and referral to an ophthalmologist. However other than examining plaintiff's eyes for prescription glasses, which took less than 5-minutes, no further examinations were conducted by qualified ophthalmologist (as ordered by the doctor) to diagnose the cause of plaintiff's deteriorating eye sight.

3. No medical examinations were ever conducted by Cms/Fcm to determine the cause of plaintiff's rectum dysfunction that was brought to the medical defendants attention over four (4) years ago. Plaintiff speculated that the problem could be hemorrhoids due to years of heavy weight lifting. To this date (and after this Court placed them on notice by denial of summary dismissal of this medical issue), the defendants still have not taken adequate steps to have plaintiff examined by qualified doctors to make proper diagnosis and prescribe adequate treatment for plaintiff's rectum dysfunction.

Thus an independent medical examiner is therefore required to establish defendants liability for failing to diagnose and treat this serious medical condition which is resulting in continued prolong pain and suffering. The independent medical examiner will conduct, among other

things. A Rectal Exam (DRE) screens for hemorrhoids, lower rectal problems, colon and prostate cancer, tumor growth, etc.

4. Also the defendants never tested and treated plaintiff for exposure to Necrotizing Fasciitis bacteria infection. Since the CMS/FCM delegated the responsibility to treat plaintiff for this highly contagious flesh eating bacteria to unqualified nursing staff who does not specialize in dermatology or other skin disease diagnostic qualifications, thus plaintiff need to hire an independent medical examiner to perform the proper tests and diagnosis to establish defendants' liability for this medical claim.

5. Finally plaintiff need to hire an independent medical examiner to examine the extent of his ankle injury and to provide expert testimony of the need for orthopedices footwear. Because the medical staff defendants (CMS) has admitted that it is not their policy to provide orthopedices footwear (in this case boots & sneakers), then plaintiff will use the independent medical examiner to substantiate that Orthopedices: " is the branch of medicine dealing with the correction of diseased, deformed, or injured bones or muscles"; and which also include Orthotics: "The branch that treats joint or muscle disorders using mechanical supports, braces, etc, or devices, as inserts for athletic shoes, that provide such support". Such expert testimony will help plaintiff establish that defendants are deliberate indifferent to his medical need for orthopedices footwear prescribed by doctors dating back to 1995 and that defendants' admitted policy not to provide such orthopedice

Footwear violate plaintiff's 8th Amendment right to reasonable medical treatment.

    Wherefore plaintiff need Funds to hire 1) An Ophthalmologist to examine his eyes; 2) A Doctor specialized in rectal dysfunctions to examine his rectum; 3) A Dermatologist to test for exposure to necrotizing Fasciitis infection; and 4) An Orthopedist to examine his foot injury. Additional Funds shall be included for any and all expert testimony that these physicians may be required to provide in the prosecution of this case at any future trial by jury. See F.R.E Rule 706.

                                *James W. Riley*

                                James W. Riley, pro se
                                Delaware Correctional Center
                                1181 Paddock Road
                                Smyrna, Delaware 19977

Date: January 5, 2007