## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| James W. Riley, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-0001-GMS |
| | ) |
| | ) |
| Stanley Taylor, Thomas Carroll, David Pierce, | ) Jury Trial Demanded |
| Amy Munson, Medical Assistant Malaney, | ) |
| Correctional Medical Systems, First | ) |
| Correctional Medical | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS TAYLOR, CARROLL AND PIERCE'S RESPONSES
## TO REQUESTS FOR PRODUCTION OF DOCUMENTS (D.I. 77)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Taylor, Carroll and Pierce (collectively "State Defendants") hereby respond to Plaintiff's Request for the Production of Documents (D.I. 77) (the "POD") as follows:

### GENERAL OBJECTIONS

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1.   Defendants object to the POD to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. Defendants object to the POD to the extent that they seek information not in Defendants' possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. Defendants object to the POD to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. Defendants object to the POD to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5. Defendants object to the POD to the extent that they are vague, ambiguous, or otherwise incomprehensible.

6. Defendants object to the POD to the extent that they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to the POD, Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8. Defendants' assertion that it will produce documents in response to a particular request is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that Defendant will make available for inspection and copying responsive, non-privileged documents within

- 3 -

its possession, custody or control should any such documents be located after a reasonably diligent search.

9.      Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Defendants reserve the right to supplement or amend these responses and assert additional objections as it completes its review and analysis in response to the POD.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**PRODUCTION REQUEST NO. 1:**      March 26, 2007 visit with Doctor Hamid regarding medical treatment for rectum dysfunction; examination by eye doctor and fulfillment of doctors' orders for orthopedics boots and sneakers.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, copies of inmate medical records can be obtained through the contracted medical services provider (CMS) upon completion of the appropriate medical records release authorization and payment for copies of the records. By way of further response, and subject to the specific objection that the Plaintiff seeks information that is already in his possession, custody or control or information that is equally available to Plaintiff. Without waiving these objections, defer to the medical records provided.

**PRODUCTION REQUEST NO. 2:** April 17, 2007 visit with doctor who examined Riley's rectum problems and prescribed several over the counter medications.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph one.

**PRODUCTION REQUEST NO. 3:** May 4, 2007 visit from Doctor Hamid on status of medical treatment and unfulfilled doctors' orders for the orthopedics boots.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph one.

**PRODUCTION REQUEST NO. 4:** May 8, 2007 visit with doctor who examined Riley's rectum and discovered a large lump inside his rectum. Doctor ordered that Riley be re-examined by eye doctor for the previously prescribed faulty eyeglasses.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph one.

**PRODUCTION REQUEST NO. 5:**     June 22, 2007 visit with eye doctor who said Riley's eye vision could not be corrected.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph one.

**PRODUCTION REQUEST NO. 6:**     July 26, 2007 visit with doctor at which time Riley told doctor medication given for rectum dysfunction not helping problem or relieving suffering from painful swelling of rectum.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph one.

**PRODUCTION REQUEST NO. 7:**     August 27, 2007 visit with same doctor who again examined Riley's rectum and again Riley told doctor medications not helping painful swelling of rectum.  This time doctor scheduled Riley to see a Specialist, but told Riley it will be a while before he actually get to see Specialist.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph one.

**PRODUCTION REQUEST NO. 8:**     On January 21, 2007, Riley filed a request for Production of Documents which is attached hereto.  Plaintiff Riley compel all defendants to produce the documents requested in the attached Rule 34 Motion as part of the general production request herein within 30 days.

**RESPONSE:**

Defendants have no personal knowledge of the allegations contained in this paragraph. To the extent that a response is forthcoming, Answering Defendants reserve the right to supplement or amend this response and assert additional objections as they complete their analysis in response to the POD.

                                                      STATE OF DELAWARE
                                                      DEPARTMENT OF JUSTICE

                                                      ___/s/ Ophelia M. Waters_____
                                                      Ophelia M. Waters (Atty. ID# 3879)
                                                      Deputy Attorney General
                                                      820 N. French Street, 6th Floor
                                                      Wilmington, DE  19801
                                                     (302) 577-8400
                                                     Attorney for Defendants

November 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, I have mailed by United States Postal Service, the *State Defendants' Responses to Plaintiff's Requests for Production of Documents (D.I. 77)* to the following: James W. Riley, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware, 19977 and Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Coggin, 1220 North Market Street, 5th Floor, Post Office Box 8888, Wilmington, DE 19899-8888.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, (Atty. I.D. #3879)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us