**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| James W. Riley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-0001-GMS |
| ) | |
| ) | |
| Stanley Taylor, Thomas Carroll, David Pierce, ) | Jury Trial Demanded |
| Amy Munson, Medical Assistant Malaney, ) | |
| Correctional Medical Systems, First ) | |
| Correctional Medical ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS TAYLOR, CARROLL AND PIERCE'S RESPONSES TO REQUESTS FOR PRODUCTION PART 2 (D.I. 77)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Taylor, Carroll and Pierce (collectively "State Defendants") hereby respond to Plaintiff's Production of Documents (D.I. 77) (the "POD part 2") as follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1.      Defendants object to the POD part 2 to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2.      Defendants object to the POD part 2 to the extent that they seek information not in Defendant's possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. Defendants object to the POD part 2 to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. Defendants object to the POD part 2 to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5. Defendants object to the POD part 2 to the extent that they are vague, ambiguous, or otherwise incomprehensible.

6. Defendants object to the POD part 2 to the extent that they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to the request for POD part 2, Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8. Defendants' assertion that it will produce documents in response to a particular request is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that Defendants will make available for inspection and copying responsive, non-privileged documents within its possession, custody or control should any such documents be located after a reasonably diligent search.

9.      Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Defendants reserve the right to supplement or amend these responses and assert additional objections as it completes its review and analysis in response to the POD part 2.

**DEFENDANTS TAYLOR, CARROLL AND PIERCE'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS part 2 (D.I. 77)**

**PRODUCTION REQUEST NO. 1:**      The attached newspaper article identify "court documents obtained by The News Journal" and a sworn deposition" recently given by defendant Stanley Taylor in a wrongful death lawsuit. Plaintiff direct the defendant Taylor or his attorney to provide copies of all documents, sworn statements and testimony given by defendant Taylor under oath at aforementioned deposition hearing and which were filed in court.  These documents shall bear the date, time and location they were created and for what purpose they were utilized.

**RESPONSE:**  Objection to the extent that plaintiff seeks information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general or specific objections, refer to the Memorandum of Agreement (MOA) between the United States Department of Justice and the State of Delaware regarding the Delores J. Baylor Women's Correctional Institution, the Delaware Correctional Center, the Howard R. Young Correctional Institution, and the Sussex Correctional Institution attached.

**PRODUCTION REQUEST NO. 2:**   Provide Plaintiff a complete copy of the recent Settlement Agreement made between defendant Taylor and the United States Department of Justice to improve prison medical health care.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendants' response in paragraph one.

**PRODUCTION REQUEST NO. 3:**   Provide Plaintiff with a complete copy of his medical records from 1995 to the present date.  These medical records in the possession of the medical defendants contain pertinent information relating to when plaintiff originally fractured his right ankle in 1995 and had surgery followed by physical therapy.  Also these records bear copies of the initial sick call complaint plaintiff filed with the medical staff in 2002 regarding his rectum dysfunction.
.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendants' response in paragraph 1 of D.I. 77 part 1.

**PRODUCTION REQUEST NO. 4:**		Provide Plaintiff with a copy of defendants' Correctional Medical Services, Inc. (CMS) and First Correctional Medical, Inc. (FCM) insurance policy and name of their insurer's company.  These documents shall reflect how much money CMS and FCM are insurer against for liability of lawsuits.

These documents will assist Plaintiff with the prosecution of this civil action case at any potential trial or subsequent appeal.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, to the extent that Plaintiff seeks copies of his medical records refer to the Defendants' response in paragraph 1 of D.I. 77 part 1. Defendants object to the extent that Plaintiff's requests for CMS and FCM insurance policies are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff seeks documents or information that is not in the Answering Defendants' possession, custody or control.

							STATE OF DELAWARE
							DEPARTMENT OF JUSTICE


							  /s/ Ophelia M. Waters
							Ophelia M. Waters, (Atty. I.D.# 3879)
							Deputy Attorney General
							Carvel State Building
							820 North French Street, 6th Floor
							Wilmington, DE  19801
							(302) 577-8400
Date: November 20, 2007			Attorney for State Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, I have mailed by United States Postal Service, the *State Defendants' Response to Plaintiff's Request for Production of Documents Part 2 (D.I. 77)* to the following: James W. Riley, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware, 19977 and Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Coggin, 1220 North Market Street, 5th Floor, Post Office Box 8888, Wilmington, DE 19899-8888.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, (Atty. I.D. #3879)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us