IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| James W. Riley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-0001-GMS |
| | ) | |
| Stanley Taylor, Thomas Carroll, David Pierce, | ) | Jury Trial Demanded |
| Amy Munson, Medical Assistant Malaney, | ) | |
| Correctional Medical Systems, First | ) | |
| Correctional Medical | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS TAYLOR, CARROLL AND PIERCE'S RESPONSES TO INTERROGATORIES (D.I. 76)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants Taylor, Carroll and Pierce (collectively "State Defendants") hereby respond to Plaintiff's First Set of Interrogatories (D.I. 76) (the "INTERROGATORIES") as follows:

## GENERAL OBJECTIONS

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1. State Defendants object to the INTERROGATORIES to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. Defendants object to the INTERROGATORIES to the extent that they seek information not in State Defendants' possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. Defendants object to the INTERROGATORIES to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. Defendants object to the INTERROGATORIES to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5. Defendants object to the INTERROGATORIES to the extent that they are vague, ambiguous, or otherwise incomprehensible.

6. Defendants object to the INTERROGATORIES to the extent that they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to these INTERROGATORIES, Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8. Defendants' assertions that they will produce documents in response to a particular interrogatory is not to be construed as an admission that any

document exists within any requested category or categories, but solely as an assertion that Defendants will make available for inspection and copying responsive, non-privileged documents within its possession, custody or control should any such documents be located after a reasonably diligent search.

9. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the INTERROGATORIES.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** How often are prisoners entitled to have boots and sneakers at State expense?

**RESPONSE:** Subject to and without waiver of the foregoing General Objections, Prisoners can request State issued footwear annually, or as needed due to excessive wear. Boots are not issued to all security classifications; however, all inmates are issued at a minimum one pair of sneakers.

**INTERROGATORY NO. 2:** Medical records show that in 2003 and 2005 the doctor prescribed orthopedics boots and sneakers for Riley. Was Riley ever provided this footwear? If so, show documented proof of date and time Riley received boots & sneakers from 2003 to 2007.

**RESPONSE:** Subject to and without waiver of the foregoing General Objections, see medical records provided. By way of further response, and subject to the

specific objection that the Plaintiff seeks information that is already in his possession, custody or control or information that is equally available to Plaintiff.

**INTERROGATORY NO. 3:** Did Riley ever have his eyes examined by the ophthalmologist or any eye doctor? If so, proved dated and time of each examination and medical diagnosis.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph number two.

**INTERROGATORY NO. 4:** Was Riley ever treated for his rectum dysfunction? If so, what [were] the diagnosis of Riley's problem and how was his problem treated?

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph number two.

**INTERROGATORY NO. 5:** Was Riley ever recommended to be examined by an outside specialist for his decaying eyesight and painful swelling of rectum problems? If so, give date and time and diagnosis & treatment orders of specialists.

- 5 -

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendant's response in paragraph number two.

**INTERROGATORY NO. 6:** Did the Department of Corrections recently enter into a Settlement Agreement with the United States Justice Department which requires defendants to provide prisoners with specialized medical treatment whenever the prison lack the facilities and staff to treat an illness?

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Memorandum of Agreement (MOA) between the United States Department of Justice and the State of Delaware regarding the Delores J. Baylor Women's Correctional Institution, the Delaware Correctional Center, the Howard R. Young Correctional Institution, and the Sussex Correctional Institution. Please see attached MOA provided at Exhibit A.

**INTERROGATORY NO. 7:** Provide the names and qualifications of each doctor who examined and treated Riley for his eyesight problem and rectum dysfunction in 2005 – 2007.

**RESPONSE:**

Subject to and without waiver of the foregoing General Objections, refer to the Defendants response in paragraph number two.

                                           **STATE OF DELAWARE**
                                           **DEPARTMENT OF JUSTICE**


                                                _____/s/ Ophelia M. Waters_____
                                           Ophelia M. Waters (Atty. ID#3879)
                                           Deputy Attorney General
                                           820 N. French Street, 6th Floor
                                           Wilmington, DE  19801
                                           (302) 577-8400
Date: November 20, 2007                     Attorney for State Defendants

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, I have mailed by United States Postal Service, the *State Defendants' Responses to Plaintiff's Interrogatories (D.I. 76)* to the following: James W. Riley, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware, 19977 and Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Coggin, 1220 North Market Street, 5th Floor, Post Office Box 8888, Wilmington, DE 19899-8888.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Ophelia M. Waters
Ophelia M. Waters, (Atty. I.D. #3879)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us