In The United States District Court

For The District Of Delaware

James W. Riley,                    x
    Plaintiff,     x
          x   C.A. No.# 06-01-GMS
          x
  v.       x
Stanley Taylor, et al.,        x
    Defendants.       x

## Motion To Amend The Court's September 26, 2007 Scheduling Order

F I L E D

DEC 17 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

  Now comes the plaintiff, James W. Riley, pro se, who requests that this Court Amend its Scheduling Order entered in this case on September 26, 2007. In support of this motion, plaintiff states the following:

  1. Both, the defendants and the plaintiff herein have filed requests for production of documents and interrogatories.

  2. These discovery requests relate to plaintiff's medical treatment by the defendants. However, since the defendants have not provided plaintiff any medical treatment for his rectum dysfunction and decaying eye sight problems, or fulfilled the doctor's 2005 prescription for orthopedic boots, to which all discovery

requests relates to, neither party possess the information
to answer the requests.

3. Since the Court issued its Memorandum and
Orders on October 27, 2006, finding merit to plaintiff's
claims of being denied medical treatment, the defendants
have not taken any adequate steps to treat plaintiff's
serious medical needs. There is no dispute about defendant
CMS' continuing policy and practice to deny prisoners
adequate medical treatment and care in a timely manner.

4. Part of plaintiff's discovery requests seek to
obtain access to court documents in an unrelated case
where defendant Stanley Taylor testified under oath
regarding the defendant CMS' failure to deliver adequate
medical treatment to Delaware prisoners. Thus, the
knowledge of defendant CMS' prior failures to render
the level of medical care required by the 8th Amendment
standards of Estelle v. Gamble, 429 U.S. 97 (1976), will
support plaintiff's contention that it was unreasonable
for defendant Taylor to re-hire CMS in 2005. Also
see attached hereto Plaintiff's October 19, 2007 Letter
To District Court Clerk To Issue Subpoenas Upon
Lee Williams at The News Journal Paper Company To
Produce Documents Of Interviews With Former
Employees Of CMS whom made sworn statements of
having witnessed CMS' policy and practice of intentionally
delaying to treat prisoners serious medical needs

Similar to plaintiff's medical claims. As of to date the Court Clerk Office have not issued a notice verifying that the subpoena was sent to the Marshal Office to be served upon Mr. Williams.

5. Prior to filing this motion plaintiff made an unsuccessful attempt to compel the defendants to comply with the doctor's orders for specialized medical care. (See attached hereto Plaintiff's November 9, 2007 Letter to medical defendants' attorney Kevin J. Connors). CMS refuse to comply with its own doctor's orders to have Riley examined and treated by outside specialist.

6. In order to ensure an adequate discovery process in this case, this Honorable Court must issue an Amended Scheduling Order consistent with plaintiff's Renewed Motion For Funds To Hire Medical Examiner dated November 12, 2007 and Plaintiff's Letter To Defendants' Attorney Mr. Connors, attached hereto. As plaintiff demonstrated in those correspondences, this case cannot be properly litigated and adjudicated without first having plaintiff examined by qualified doctors whom Reports and Expert Medical Evaluations will establish the basis of the seriousness of plaintiff's medical needs and rights to be treated.

7. There is no dispute about the existence of plaintiff's medical needs and the fact that defendants have failed to treat him. The parties need to have plaintiff's medical conditions diagnosed so he can be properly treated. From that point the parties and the Court can use the

expert medical reports to decide what relief, if any, that plaintiff is entitled to by summary judgment or judgment of a jury by trial. Plaintiff is entitled to medical treatment right now!!

No other discovery process will serve the interest of justice in this case.

Wherefore, this Honorable Court shall grant plaintiff's request to amend the original Scheduling Order and hereafter issue a new Scheduling Order consistent with the requests set forth above.

James W. Riley, pro se
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Date: December 13, 2007