In The United States District Court
For The District Of Delaware

James W. Riley,
    Plaintiff,

v.

Stanley Taylor, et al.,
    Defendants.

C.A. No. 06-001-GMS



FILED
FEB 26 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Motion To File The Attached Medical Document In Support Of Plaintiff's Renewed Motion For Funds To Hire Medical Examiner (I.D. 83) And Motion To Amend The Court's September 26, 2007 Scheduling Order (I.D. 91) And For An Order Directing All Defendants To Provide Plaintiff Medical Treatment

    Plaintiff James Riley file this motion to inform the Court that Defendant CMS have disapproved of its own doctor's orders referring plaintiff to be treated by outside specialist for a painful rectal dysfunction.
    A doctor Louis Desrosiers concluded that specialized care was needed after discovering massive swelling in and outside plaintiff's rectum during an examination in May of 2007, couple with the fact that several types of over-the-counter medications were ineffective in treating the complication and relieving the

unnecessary pain & suffering. (See Plaintiff's Motion For Leave To Depose Of Doctor Desrosiers I.D. 92).

These ineffective over-the-counter medications recently re-prescribed in 2007, (e.g Colace and *1 hemorrhoidal creme are identified in the Court's December 5, 2006 Memorandum denying plaintiff's Motion For Summary Judgment), are the same medications prescribed for 30-days in 2002. (I.D. 49 page 12-13 of Court's Mem.). (See Estelle v. Gamble, 429 U.S. 97, 104-05, FN.10 (1976) (Given prisoner ineffective medication or treatment or choosing the "easier and less efficacious treatment" attributable to "deliberate indifference ... rather than an exercise of professional judgment").

The attached February 3, 2008, sick call complaint filed with the medical staff and the

---

*1 If this Court refer to the medical website for the drug Colace as it did at page 12 Footnote 4 of the Court's Memorandum, it will be discovered that there may be harmful sign affects in long term use of Colace. As here, defendant CMS is prescribing Colace on indefinite basis for treatment of plaintiff's undiagnosed rectal dysfunction dispite the fact that plaintiff never complained about being constipated or having a Hard Stool. Colace is a Stool Softener.

Nurse's response thereon that CMS disapproved of its own doctor orders for plaintiff to be examined by outside qualified Specialist for his rectum disorder is direct evidence of CMS' policies and practice to deliberately deny medical treatment, to diagnose & treat a serious medical need in a timely fashion and to deliberately interfere with doctor's orders for medical treatment. These are classic violations of Estelle v. Gamble, 429 U.S. 97 (1976) (indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed) Id. at 104; e.g Henderson v. Harris, 672 F.Supp. 1054, 1059 (D.C. Ill. 1987) ("Deliberate indifference to serious medical need is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment" (Quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981)); and see also Laama v. Helgemoe, 437 F.Supp. 269, 312 (D.N.Ham. 1977) ("An inmate's dependency upon the prison's medical system includes, of necessity, the diagnostic stage of medical treatment").

Thus, "[I]f one is to be considered as a shocking failure on the part of the government to fulfill its duty to provide adequate medical care, so must the initial failure of the system to provide for discovery of latent and incubating diseases and medical problems". Id

Furthermore prison officials are ..."obliged to provide medical-care for those whom it is punishing by incarceration, and a denial of that care may result in the unnecessary infliction of pain and suffering - thus, enhanced punishment". See Henderson, 672 F.Supp. at 1663.

The attached medical document from CMS' nurse Tonya Collins \*2 indicating that CMS has disapproved of doctor Desrosiers' orders for plaintiff to be evaluated by outside Specialists is in violation of the case law cited above and result in deliberate enhanced punishment of unnecessary infliction of pain and suffering.

---

\*2  Nurse Tonya Collins informed plaintiff that the denial of Doctor Desrosiers' order for outside evaluation by Specialist was made by a Board of Personnel from CMS' Headquarters in St. Louis Missouri, although no secondary medical examinations of plaintiff was personally conducted by this Board, or otherwise, to justify interfering and overriding Dr. Desrosiers' orders.

4

Now that defendants have made it clear beyond any level of dispute that they will not provide plaintiff with any medical care or treatment, the Court's Scheduling Order entered in this case on September 26, 2007, pertaining to Discovery and Summary Judgment Motions are moot. There is nothing to litigate past the disputed factual issues already resolved in the court's December 5, 2006 Memorandum on Summary Judgment/Cross-Summary Judgment of the parties herein. (See Memorandum I.D. 49 pg. 16, where this Court held: "The medical records indicate that Riley received medication for a one month period [in 2002] apparently to treat his rectum dysfunction, but there are no other medical records referencing this condition). See Estelle v. Gamble, 429 U.S. 97, 104-05 FN.10 (1976) (doctor's choosing the "easier and less efficacious treatment"); However, <u>first</u> there must be a "diagnostic stage of medical treatment". See Laaman, 437 F.Supp. at 312.

The record reflect that from 2002 to May of 2007 no actual physical examination was conducted by any doctor or other medical personnel prior to prescribing medication for plaintiff's undiagnosed rectum disorder.

The first recorded examination was conducted by doctor Desrosiers on May 8, 2007, at which time a large lump and swelling in & outside plaintiff's rectum

was discovered. The re-prescribed over-the-counter medications from 2002 were proven to be inadequate to treat the seriousness of the problem or reduce the massive painful swelling of plaintiff's rectum that occurs after each bowel movement. Doctor Desrosiers then referred plaintiff to Qualified Specialist for proper diagnoses and treatment. Therefore, the medical records make clear that defendants continue to deny plaintiff adequate diagnoses and treatment for his serious rectum dysfunction. There is nothing else to Discover and the attached medical document end all and any dispute that led to the Court's denial of plaintiff's first Motion for summary judgment.

 Wherefore this Honorable Court shall grant plaintiff's motion to file the attached medical document in support of Plaintiff's Renewed Motion For Funds To Hire Medical Examiner And Motion To Amend The Court's September 26, 2007 Scheduling Order And For An Order Directing All Defendants to provide plaintiff medical treatment. And since defendants have no basis to insert any entitlement to summary judgment, thus this Court must schedule this case for trial or grant plaintiff summary judgment on the merits in the Court's December 5, 2006, Memorandum ruling on summary judgment.

DATE: February 15, 2008

Respectfully
James W. Riley
James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

6

# DELAWARE DEPARTMENT OF CORRECTIONS
## REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
### FACILITY: DELAWARE CORRECTIONAL CENTER

This request is for (circle one): **(MEDICAL)** DENTAL  MENTAL HEALTH

James Riley
Name (Print)

SHU Building 18 Cell C43
Housing Location

8/14/60
Date of Birth

00169716
SBI Number

2/3/08
Date Submitted

Complaint (What type of problem are you having)? The medication prescribed for rectal dysfunction is not helping relieve massive painful swelling of my rectum after each bowel movement. The doctor referred me to be examined by outside Specialist over 8-months ago. Please schedule me to see doctor Deroseries soon as possible.

James Riley
Inmate Signature

February 3, 2008
Date

**The below area is for medical use only. Please do not write any further.**

S: I'm requesting appointment in regards to rectal problems   2/4/08 received

O: Temp:___ Pulse:___ Resp:___ B/P:___ WT:___

A: Chart v form
Consult was written by medical doctor 12/30/07
Consult not approved for outside consult 1/9/08

P: Continue c current orders in regards to care
~~Consult~~ Refer to MD to renew all medications

E: Memo: Consult for outside evaluation not approved 2/ 1/9/08

Tonya Collins, RN
Provider Signature & Title

2/4/08
Date & Time

3/1/99 DE01
FORM#:
MED

# Certificate of Service

I, _James Riley_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion To File The Attached Medical Document_ upon the following parties/person (s):

TO: _Ophelia M. Waters, Esq._
_Deputy Attorney General_
_Department of Justice_
_820 N. French Street_
_Wilmington, Delaware 19801_

TO: _____

TO: _Kevin J. Connors, Esq._
_1220 N. Market Street_
_P.O. Box 8888_
_Wilmington, Delaware_
_19899-8888_

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _____ day of _Feb. 21_, 2008

_James Riley_