IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| James W. Riley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-00001GMS |
| Stan Taylor, Thomas Carroll, David Pierce, ) | |
| Medical Assistant Malaney, and ) | |
| First Correctional Medical, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' RESPONSE TO THE PLAINTIFF'S DECLARATION
JUSTIFYING HIS SUBPOENA REQUEST**

State Defendants Stan Taylor[1], Thomas Carroll[2], and David Pierce[3], by and through undersigned counsel, hereby respond to Plaintiff's request as follows:

1.  Plaintiff, James W. Riley ("Plaintiff"), is a *pro se* inmate housed at the Delaware Correctional Center in Smyrna, Delaware. Plaintiff has filed a lawsuit alleging deliberate indifference to serious medical needs. Essentially, he claims that he suffers a rectal dysfunction, needs eyeglasses, and requires a special boot to support an injured ankle. Plaintiff's lawsuit alleges that prison officials Taylor, Carroll, and Pierce had actual knowledge that he was not receiving adequate medical treatment for these medical concerns of which he complains.

2.  Plaintiff now seeks information from news reporter, Lee Williams[4], of *The*

---

[1] Stan Taylor has retired from his employment with the State of Delaware.

[2] Thomas Carroll is currently the Deputy Commissioner of the Delaware Department of Correction.

[3] David Pierce is the Deputy Warden for the Delaware Correctional Center, in Smyrna, Delaware.

[4] Lee Williams is not a party, nor is he a party's agent. He is not subject to discovery requests under Federal Rules of Civil Procedure Rule 34.

*News Journal*, a Delaware newspaper. To this end, Plaintiff filed a request for the issuance of a subpoena to be served on the News Journal to produce:

> any and all sworn statements, reports, affidavits, depositions, interviews, etc., taken and conducted by any form with any personnel or employee or non-employee for the Correctional Medical Services, Inc. and First Correctional Medical, Inc., during the six month investigation conducted by the New (sic) Journal paper on prison health care at the Delaware Department of Corrections. September 25, 2005 Sunday New Journal Paper page A-11 mentions – interview with Michelle Thomas, Dr. Owen Lugar, Bruce MacGlown and other ex-medical staffers. Please provide me a copy of these documents by mail.
> Request for a Subpoena filed by James Riley attachment 1. (D.I. 78).

In response to Plaintiff's requests, this Court ordered him to submit a declaration justifying his subpoena requests and its relevancy to his claims. Defendants were directed to file a response thereafter (D.I. 95).

      3.     Under the guise of submitting a declaration, Plaintiff resists compliance stating this Court's Order has placed an "undue burden" on him. After Plaintiff refers to different court docket entries to "explain the relevancy of the information requested in the subpoena," he invites the Court to "personally inspect this information on the website established by Reporter Lee Williams (See online discussion at www.delawareonline.com)." (D.I. 97). However, Plaintiff does not explain how the documents he seeks are relevant to his claims. Moreover, he does not demonstrate his ability to pay for any costs associated with the issuance of the subpoena.

      4.     Somehow, Plaintiff attempts to confuse his obligation to justify his subpoena requests for information related to Lee Williams' 2005 six-month investigative report with the production of his personal medical records that have been provided to him

during the course of this litigation. (See, e.g., D.I.I. 84, 85 and 86).

5.  Plaintiff's excessive subpoena request is obviously abusive of the orderly litigation processes of this Court, is unduly onerous and burdensome, is obviously designed and intended to harass and oppress the named individuals, and is not requested for any proper purpose.

6.  Notwithstanding this Court's directive to Plaintiff to "demonstrate his ability to pay for any costs associated with issuance of the subpoena, … " he has failed to show that he can proceed at his own expense. Without a doubt, "defendant[s] [are] not required to advance civil plaintiff's deposition expenses merely because plaintiff is unable to pay for such costs and fees." See *Badman v. Stark, et al.*, 139 F.R.D. 601, 606 (M.D. Pa. 1991). Therefore, Plaintiff must identify some authorization before this Court instructs the Clerk of Court to process his subpoena requests or advance fees and costs.

WHEREFORE, State Defendants Taylor, Carroll, and Pierce respectfully request that this Honorable Court enter an order denying Plaintiff's requests for the issuance of subpoenas.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Counsel for Taylor, Carroll and Pierce

Dated: March 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I electronically filed *State Defendants' Response to the Plaintiff's Declaration Justifying His Subpoena Request* with the Clerk of Court and to Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Coggin, 1220 North Market Street, 5th Floor, Post Office Box 8888, Wilmington, DE 19899-8888 using CM/ECF. I hereby certify that on March 18, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant: James W. Riley; SBI # 169716; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us