**EXHIBIT A**

From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: Judge Gregory M. Sleet
U.S. District Court
844 N. King St., Lockbox 19
Wilmington, Dela. 19801-3570

June 11, 2008

Re: Riley v. Taylor, et al.,
Civil Action No. 06-01-GMS
(Scheduling Order Is Void; Schedule Case For Trial)

Dear Judge Sleet,

Plaintiff is still Alive - Praises Are due to Yahweh, my Protector & Revenger!!

The defendants in this case have willfully defaulted on all discovery responses in connection with plaintiff's requests for production of documents. Plaintiff's last Motion For Production Of Documents was filed in this court dated March 20, 2008. Plaintiff have the total of seven (7) outstanding motions and correspondences pending before the Court relating to the discovery of documents of all defendants failure to provide the plaintiff any medical treatment.

For the record, this is to inform the Court that after four (4) unsuccessful attempts to persuade

her boss defendant CMS, a doctor Louis Derosiers finally got approval to have plaintiff examined by an outside Specialist for his rectal dysfunction. After 6-years of complaining and suffering plaintiff was examined by a qualified Specialist on April 15, 2008, who Recommended that surgery is necessary to fix the problem. The Specialist further Recommended that a Colonoscopy be done prior to surgery.

On June 9, 2008, plaintiff was transported to a Medical Center in Dover, Delaware for the colonoscopy procedure, but the doctor refused to perform the procedure because defendant CMS Medical Staff failed to flush-out plaintiff's colon of any waste in preparation for the colonoscopy, a procedure, Your Honor, probably had done within the past several years due to your age and risk group.

Defendant CMS incompetency (or willful failure) to perform a simple pre-colon cleasing for the colonoscopy procedure is delaying the actual surgery plaintiff needed since 2002, to repair his rectum disorder. (See attached hereto the Sick Call Complaint Plaintiff filed with the Medical Staff following his return from the Medical Center and CMS Memo Notification for Colonoscopy Appointment).

### The Court's September 26, 2007 Scheduling Order Is Void

The Court's Scheduling Order is now Void!. No Summary Judgment Motions were filed by either party pursuant

to paragraph 5 of the Scheduling Order.

The only pleading that comes close to a request for summary judgment is set forth in plaintiff's "Motion To File The Attached Medical Document". (See D.I. #94).

No further discovery is needed. Plaintiff can simply subpoena the doctors who treated him to trial and direct them to bring any relevant medical records with them.

The Court shall schedule this case for trial without further delay. Plaintiff must have his medical conditions surgically repaired before his release from prison.

Thank You!

James W. Riley
Plaintiff

cc:
Ophelia M. Waters, Esq.
Kevin J. Connors, Esq.
    w/ Attachments

# DELAWARE DEPARTMENT OF CORRECTIONS
# REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
# FACILITY: DELAWARE CORRECTIONAL CENTER

This request is for (circle one): **(MEDICAL)**  DENTAL  MENTAL HEALTH

Name (Print): James Riley
Housing Location: SHU Bldg. 19 C-L-8
Date of Birth: 8/14/60
SBI Number: 169716
Date Submitted: June 9, 2008

Complaint (What type of problem are you having)? Today, 6/9/08, I went for a colonoscopy procedure but the doctor refused to perform the procedure because CMS medical staff failed to minister prep medicine to flush out my colon. However, a laxative medication will cause me to have multiple bowel movements which will result in massive swelling of my rectum. Each bowel movement intensify the swelling & pain, and the swelling will last over 24 hours or longer. So the hemorrhoidal surgery should be done before the colonoscopy. Please schedule me to see the doctor soon as possible. (Can the colonoscopy be done while my bowels are inflamed & swollen)?

Inmate Signature: James Riley
Date: 6/9/08

The below area is for medical use only. Please do not write any further.

S:

O: Temp:____ Pulse:____ Resp:____ B/P:____ WT:____

A:

P:

E:

(The colonoscopy is delaying the surgery if needed for 6-years.)

Provider Signature & Title                  Date & Time

3/1/99 DE01
FORM#:
MED
263

# Memorandum

**To:** *Infirmary*
**From:** Mallory    / Consult Clerk
**Date:** 6/10/08
**Re:** **NPO**

NAME: James Riley

SBI#: 169716

HOUSING UNIT: 17-CL-8

## NPO AFTER MIDNIGHT

Appointment Date: 6/9/08 @ TBA

Reason for Appt. Colon



6/8/08 - copy hung on cell flap @ 2210

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-001-GMS |
| STANLEY TAYLOR, THOMAS | ) |
| CARROLL, DAVID PIERCE, AMY | ) Jury Trial Demanded |
| MUNSON, MEDICAL ASSISTANT | ) |
| MALANEY, CORRECTIONAL | ) |
| MEDICAL SYSTEMS, FIRST | ) |
| CORRECTIONAL MEDICAL, | ) |
| | ) |
| Defendants. | ) |

## PROPOSED SCHEDULING ORDER

At Wilmington this _____ day of _____ 2008,

IT IS ORDERED that:.

1. **Discovery.** All discovery shall be commenced in time to be completed by December 19, 2008. Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by October 24, 2008. Rebuttal expert reports due by November 21, 2008.

    (a) Discovery Disputes. Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

2.  **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before January 5, 2009. The answering brief will be filed on or before February 5, 2009.

_____
United States District Judge