In The United States District Court
For The District Of Delaware

James W. Riley,
  Plaintiff,

v.

Stanley Taylor, et al.,
  Defendants.

C.A. No. # 06-01-GMS

FILED
JUN 27 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

As scanned

Plaintiff's Opposition To Defendant CMS' And Christine Malaney's Response To Plaintiff's Motion To Amend The Court's September 26, 2007 Scheduling Order

Now Comes Plaintiff James Riley who opposes Defendant CMS' And Christine Malaney's Response to Plaintiff's Motion To Amend The Court's September 26, 2007 Scheduling Order. Plaintiff's reasons for opposition is as following:

1. The defendant's Response is untimely for two reasons: (a) Plaintiff's Motion To Amend Scheduling Order was filed December 13, 2007, some 6-months ago. Defendants had 30-days to file a response but as they states in paragraph 2 of their present Response - they did not oppose plaintiff's Motion To Amend, and (b) Paragraph 6 of the Scheduling Order itself states that any requests for extensions

1

of time must be made no later than 20-days prior to the expiration of time. The expiration periods in the Scheduling Order have all expired. Defendants are past the due dates on everything! Thus, if the Court do issue a new Scheduling Order it shall be based exclusively upon the terms set forth in plaintiff's Motion To Amend the Scheduling Order.

2. The defendants proposed Amended Scheduling Order which will extend the already expired periods of Discovery and the filing of Summary Judgment Motions for over another additional 7-months (from June 2008 to January 2009), is totally ridiculous and if this Court grant such an absurd request, it will confirm plaintiff's claims that the Court is bias against him.

3. If the Court does accept this ludicrous request then the new Scheduling Order shall include a mandatory <u>Preliminary Injunction</u> directing all defendants to provide plaintiff immediate medical treatment. The Court cannot simply delay the case for seven (7) more months to basically permit defendants to continue denying plaintiff medical treatment. Contrary to what defendant CMS states, there has been no recent developments other than more evidence of defendants willful and deliberate conduct to delay and to interfere with the medical treatment ordered by Doctors and Specialists.

4. Since defendants proposed Amended Scheduling Order contemplate expert reports and rebuttal

expert reports, then to even the level of playing ground, the Court shall appoint counsel to represent plaintiff.

Furthermore, the expert reports the defendants refer to are their own doctors' Reports and Recommendations for medical treatment that the defendants refuse to provide to plaintiff as illustrated in Plaintiff's recent letter to the Court which is Attach to defendant's Response.

5. In paragraph 3 of their untimely Response, the Medical defendants refer to a "Motion For Leave To Depose Doctor Louis Desrosiers" filed by plaintiff way back in January of 2008. That motion is now moot because we now have access to at least 4 or more medical reports prepared by Dr. Desrosiers verifying plaintiff's medical condition and need for specialized treatment. As a result of Dr. Desrosiers' orders we also have access to Medical Reports and Recommendations from outside Specialist who examined plaintiff and recommended Surgery. All the Court must do is issue an Order directing defendants to provide plaintiff and the Court with copies of those medical reports. No new discovery period is needed!

6. Since defendants cannot oppose their own doctors' medical reports which confirms plaintiff's need for treatment that defendants continue to deny him access to, dating back to 2002 (6-years!), the defendants are not entitled to a request for Summary Judgment as paragraph 2 of their proposed Amended Scheduling

Order seeks at a much later date. Defendants have no basis for judgment in their favor!!

7. The original Scheduling Order have now expired with no party filing for summary judgment. The only alternative is for this Court to issue an Order for Pre-trial Conference. Between the date of the Pre-trial Conference and the actual conference itself, the defendants shall be directed to provide plaintiff and the court with all the existing medical records mentioned in paragraphs 5 & 6 above herein.

Wherefore, this Court shall deny defendants untimely proposed Amended Scheduling Order and set this case for trial by jury. As of the date of filing this opposition the defendants still have not provided plaintiff any medical ~~treatment~~ ordered by doctors and specialist.

                               *James W. Riley*
                               James W. Riley, pro se
                               Delaware Correctional Center
                               1181 Paddock Road
                               Smyrna, Delaware 19977

Dated: June 23, 2008

## Certificate of Service

I, __James Riley__, hereby certify that I have served a true and correct cop(ies) of the attached: __Plaintiff's Opposition To Defendant CMS' and Christine Malaney's Response To Plaintiff's Motion To Amend The Court's September 26, 2007 Scheduling Order.__ upon the following parties/person(s):

TO: __Ophelia M. Waters__
__Deputy Attorney General__
__Department of Justice__
__820 N. French St.__
__Wilmington, Dela. 19801__

TO: _____
_____
_____
_____
_____

TO: __Kevin J. Connors__
__1220 N. Market St., 5th, Fl.__
__P.O. Box 8888__
__Wilmington, Delaware__
__19899-8888__

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __25__ day of __June__, 2008

_James W. Riley_

I/M James Riley
SBI# 169716 UNIT SHU, Bldg 17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office Of The Clerk
U.S. District Court
844 King Street
Wilmington, Delaware
19801

$ 00.42