**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-001-GMS |
| STANLEY TAYLOR, THOMAS | ) | |
| CARROLL, DAVID PIERCE, AMY | ) | Jury Trial Demanded |
| MUNSON, MEDICAL ASSISTANT | ) | |
| MALANEY, CORRECTIONAL | ) | |
| MEDICAL SYSTEMS, FIRST | ) | |
| CORRECTIONAL MEDICAL, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, INC.**
**("CMS") AND CHRISTINE MALANEY, TO PLAINTIFF'S REQUEST FOR**
**PRODUCTION (#3) DATED MARCH 20, 2008**

**GENERAL OBJECTIONS**

1.      CMS and Christine Malaney hereby incorporate by reference each and every

general objection set forth below into each and every specific response.  The failure to include

any general objection in any specific response shall not be interpreted as a waiver of any general

objection to that response.

2.      CMS and Christine Malaney object on the grounds that each and every request for

production is premature.  Discovery is ongoing and the subject matter of these requests is under

continuing investigation.  CMS and Christine Malaney expressly reserve the right to use or rely

upon information not specifically provided in response to these requests to the extent such

information is uncovered during the course of CMS and Christine Malaney's ongoing

investigation.

3.      CMS and Christine Malaney object to the extent that each and every request is

overly broad, unduly burdensome, oppressive or constitutes an abuse of process, particularly

where the request is unduly burdensome in light of the cost necessary to investigate as weighed against the plaintiff's need for the information.

4.    CMS and Christine Malaney object to each and every request to the extent that it requests information or materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.    CMS and Christine Malaney object to each and every request  that purports to require CMS and Christine Malaney to produce information equally accessible or available to plaintiff from sources other than CMS and Christine Malaney, including, but not limited to information that has been previously provided to plaintiff by one of the parties in the course of this litigation.  CMS and Christine Malaney further object to each and every request to the extent that it seeks information not within its possession, custody or control.

6.    CMS and Christine Malaney object to the extent that each and every request is compound or complex and therefore unintelligible.

7.    CMS and Christine Malaney object to the extent that each and every request is vague or ambiguous and therefore unintelligible and/or not capable of a precise response.

8.    CMS and Christine Malaney object to the extent that each and every request calls for a legal conclusion.  CMS and Christine Malaney's response and production of information shall not be construed as providing a legal conclusion concerning the meaning or application of any terms or phrases used in these requests or in the Complaint.

9.    To the extent that any or all of the requests call for information prepared in anticipation of this litigation or any other litigation or for trial, or which is otherwise covered by the work product doctrine or is protected from disclosure by the attorney-client privilege or any

other privilege or immunity, CMS and Christine Malaney object and will not supply or render information protected from discovery by virtue of such doctrine or privileges.

10.     The inadvertent production by CMS and Christine Malaney of any information which is confidential, contains confidential information or is privileged, which was prepared in anticipation of litigation or for trial, or is otherwise protected from discovery, shall not constitute a waiver of any privilege or other ground for objection to discovery with respect to such document or information, the subject matter thereof,  or CMS and Christine Malaney's right to object to the use of such document or other information during the trial of this matter.

11.     CMS and Christine Malaney object to these requests to the extent that they purport to create obligations that exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware (each of them, a "Local Rule").

12.     The assertion of the same, similar, or additional objections in any specific objection to individual requests, or the failure to assert any additional objection to a request, does not waive any objections as set forth in this or any other section.

13.     All objections or other requests as to the competency, relevance, materiality, privilege, or admissibility as evidence of these requests, and any information, document, or thing produced in response to  these requests for production, *inter alia*, are reserved.

14.     CMS and Christine Malaney object to the extent that plaintiff's definitions are over broad and, specifically, to the extent that plaintiff  purports to define "CMS", "You" or "Your" to include counsel, contractor, investigator or agent thereof.

## DOCUMENT REQUESTS

1.     Any and all sick call complaints filed by plaintiff with CMS' DCC medical staff in the month of May 2002.

**RESPONSE:**  None other than the medical records previously produced by Defendants,

Correctional Medical Services, Inc. and Christine Malaney, in their Resposne to Plaintiff's

Request for Production of Documents dated November 15, 2007.  (D.I. 82)

      2.     The entire CMS medical records/files for the month of May 2002 pertaining to

plaintiff Riley.

**RESPONSE:**  None other than the medical records previously produced by Defendants,

Correctional Medical Services, Inc. and Christine Malaney, in their Response to Plaintiff's

Request for Production of Documents dated November 15, 2007.  (D.I. 82)

      3.     All sick call complaints filed with DCC medical staff regarding plaintiff's rectal

dysfunction from May of 2002 thru December of 2002.

**RESPONSE:** None other than the medical records previously produced by Defendants,

Correctional Medical Services, Inc. and Christine Malaney, in their Response to Plaintiff's

Request for Production of Documents dated November 15, 2007.  (D.I. 82)

      4.     On four (4) occasions between 2007 and March 2008 a CMS' DCC doctor ordered

that plaintiff be examined by outside specialist for his rectal dysfunction, but all referrals were

arbitrary disapproved by CMS.  Plaintiff specifically request all documents (e.g. doctor orders

and CMS disapprovals) and any other information, memorandums or letters of disapprovals by

DCC officials and CMS relating to the four (4) disapprovals of doctor's orders for plaintiff to be

evaluated by outside qualified speciailst for his rectal dysfunction.  The most recent doctor's

examination and referral for specialty care was today March 20, 2008.  (A large lumb was

reaffirmed to be on the wall of plaintiff's rectum).

**RESPONSE:** Other than those previously produced by Defendants, Correctional Medical

Services, Inc. and Christine Malaney, in their Response to Plaintiff's Request for Production of

Documents dated November 15, 2007 (D.I. 82), please refer to medical records attached under seal.

> **MARSHALL, DENNEHEY, WARNER,**
> **COLEMAN & GOGGIN**
>
> BY:    /s/ Kevin J. Conoors
> KEVIN J. CONNORS, ESQ.
> DE Bar ID: 2135
> 1220 North Market Street, 5th Fl.
> P.O. Box 8888
> Wilmington, DE 19899-8888
> Attorneys for Defendants, Correctional
> Medical Services, Inc. and Christine Malaney

DATED:  July 8, 2008
15/641281.v1