From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: Chief Judge Gregory M. Sleet
United States District Court
844 North King St., Lockbox 31
Wilmington, Delaware 19801-3570



July 16, 2008

Re: Riley v. Taylor, et al., C.A. No. 06-01-GMS
(Response To Medical Defendants July 8, 2008 Letter)

Dear Judge Sleet,

In response to the Medical Defendants' July 8, 2008 Letter to Your Honor regarding their failure to produce any medical records with their November 15, 2007 "Responses To Plaintiff's Request For Production of Documents" (D.I. #82), please find enclosed herewith Document #82 in its entirety. (Plt's Exhibit-A).

As this court can observe for itself, defendants' Rule 34 Response is in its original form and have not been altered. As this court can see, there are no medical documents or other medical records attached to defendants Response as they fraudulently claim in their July 8, 2008 letter. This Court shall either Strike defendants' D.I. #82 from the record or issue an Order directing defendants to

1

provide plaintiff with all documents associated with that discovery response.

Likewise, the Medical Defendants' recent July 8, 2008 "Response To Plaintiff's Request For Production Of Documents (#3)" is inadequate because it is premised upon the previous fraudulent discovery responses (D.I.#82) that the medical documents have already been provided to the plaintiff. (See Defendants' Responses 1 thru 4 D.I.#106).

Also, defendants failed to provide the medical reports filed by the outside Specialist who examined plaintiff's rectum on April 15, 2008 and Recommended Surgery.

On June 30, 2008, this same Specialist performed surgery on plaintiff's rectum and filed post-surgical Reports. As plaintiff explained in his June 11, 2008 Letter to Your Honor (D.I.#104), a Colonoscopy was supposed to be done prior to the surgery. Plaintiff don't know whether or not the colonoscopy was actually done before the surgery or the results thereof. The Medical Reports of the Specialist will shed light on the surgery, results of any colonoscopy and the pre-surgery examination. These Reports bear the full and correct name of the doctor who performed surgery on plaintiff's rectum.

Furthermore, these medical reports were in existence prior to when the defendants filed their recent

July 8, 2008, discovery responses to plaintiff's request for production of documents (#3). (D.I. #106). Yet, the defendants failed to enclude these relevant requested documents with their Response, D.I. #106. Then the defendants proceed to tell the Court in their July 8, 2008, letter that they...." have properly and adequately responded to plaintiff's discovery requests"; and that they have ...." filed the updated requested medical records under seal".

Defendants' good faith candor is obviously not true, and this court shall reject defendants misleading & unethical correspondence to the Court.

Plaintiff is in the process of recovering from the surgery that took just 20 to 30 minutes to repair plaintiff's rectal dysfunction which immediately eliminated 6-years of unnecessary suffering from painful swelling of his rectum that occurred & lasted 6 to 8 honors after each bowel movement — On average plaintiff have a bowel movement 5 to 6 times a week.

Therefore, the only issue left to be decided at this juncture is what relief the plaintiff is entitled to for defendants' callous deliberate indifference to plaintiff's need for adequate medical treatment in which the undisclosed Specialist reports will confirm that surgery was the only alternative

for the extent of plaintiff's medical condition.

Courts have held that prison officials' delay in providing surgery, if it proves harmful to the prisoner, can amount to deliberate indifference. See Shapley v. Nevada Bd. Of State Prison Comm'rs., 766 F.2d 404, 408 (9th Cir. 1985). And certainly the failure of prison officials to provide diagnostic stage of medical treatment result in deliberate indifference. See, Laama v. Helgemoe, 437 F.Supp. 269, 312 (D.N.Ham. 1977).

It is overwhelming evidence in this case that the defendants continue to engage in a policy and practice of denying prisoners diagnostic and medical treatment. Just recently, in 2008, a prominent Delaware Attorney, Stephen A. Hampton, of Grady & Hampton, LLC, 6 North Bradford Street, Dover Delaware 19904, have contacted Delaware officials on behalf of Delaware Correctional Center inmate, Donnie Weaver, who was denied diagnostic treatment for a "pea size" lump on his neck which grew into full bloom cancer before any diagnoses were made. Mr. Weaver's condition may result in a potential wrongful death!

Had defendants provided plaintiff diagnostic treatment 6-years ago, in 2002, it would been determined that he needed surgery. Although plaintiff endured 6-years of unnecessary pain

And suffering due to denial of diagnostic treatment, however fortunately plaintiff's situation (so far) have not resulted terminally as inmate Weaver and so many other prisoners. The reality of the matter is that defendants has (and continue to) engage in the same pattern of attempted wrongful death against plaintiff by intentionally failing to provide diagnostic treatment, in violation of 11 Del.C.§ 6523 and 6536(a).

The medical records show that had it not been for the steadfast efforts of Doctor Louise Desrosiers, plaintiff would be still without any medical treatment as of todate. Doctor Desrosiers is the only medical personnel that provided plaintiff with diagnostic treatment which resulted in the right conclusion that surgery was the only alternative treatment to repair plaintiff's rectal dysfunction, not ineffective over-the-counter medication.

For the foregoing reasons plaintiff ask this court to put an end to this needless discovery process and direct the defendants to provide all the medical documents identified above herein. By doing so, an Order for a pre-trial conference shall be issued as a matter of course. The Court shall also consider appointing Attorney Stephen A. Hampton to represent plaintiff.

Thank You!

James W. Riley

CC:
Ophelia M. Waters, Esq.
Kevin J. Connors, Esq.

D.I. # 82

Plaintiff's Ex. A Exhibit

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-001-GMS |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR, THOMAS ) | |
| CARROLL, DAVID PIERCE, AMY ) | |
| MUNSON, MEDICAL ASSISTANT ) | |
| MALANEY, CORRECTIONAL ) | |
| MEDICAL SYSTEMS, FIRST ) | |
| CORRECTIONAL MEDICAL, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, INC. AND CHRISTINE MALANEY, TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DATED OCTOBER 15, 2007**

1.  Defendants, Correctional Medical Services, Inc. and Christine Malaney, make the following General Objections ("General Objections") to the Plaintiff's Request for Production of Documents Directed to Defendants ("Request"). These General Objections apply to and form a part of the response to each and every Request and are set forth herein to avoid duplication and repetition of restating them for each response.

2.  Defendants object to each Request to the extent that it seeks to impose an obligation or burden on Defendants beyond that required by F.R.C.P. 26. Defendants will respond to each Request to the extent required by applicable rules.

3.  Defendants object to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

4.  Defendants object to each Request to the extent it seeks information or documents already in possession of the plaintiff, or information that is equally available to plaintiff. In addition, Defendants object to each Request where the response to the Request may be derived from or ascertained from pleadings already filed in this matter, or from documents produced herewith.

5.  Defendants object to each Request to the extent that it seeks information that is not within the personal knowledge of Defendants, or that may be outside the time period relevant to the subject matter of this lawsuit.

Plt's Exhibit - A

6.   Defendants object to each Request to the extent that it is overly broad, unduly burdensome and/or seeks information or documents neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

7.   Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative and/or oppressive, and to the extent that the Request will cause Defendants to incur any unnecessary expense.

8.   Defendants object to each Request to the extent that it is vague and/or ambiguous.

## RESERVATION OF RIGHTS

1.   All responses to these Requests are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

2.   All questions as to competency, relevancy, materiality, privilege, and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

3.   The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

4.   The right to object on any grounds at any time to a demand for further responses to these Requests or other discovery proceedings involving or relating to the subject matter of the Requests and objections set forth herein answered; and

5.   The right at any time to revise, correct, supplement, clarify, and/or amend the responses and objections set forth herein.

Defendants incorporate the General Objections and Preservation of Rights set forth above into each of the following answers as though the same were set forth at length therein.

## RESPONSES

1.   March 26, 2007 visit with Doctor Hamid regarding medical treatment for rectum dysfunction; examination by eye doctor and fulfillment of doctors' orders for orthopedics boots & sneakers;

**RESPONSE:** All medical records in possession of responding Defendants are attached under seal.

2. April 17, 2007 visit with doctor who examined Riley's rectum problems and prescribed several over the counter medications;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

3. May 4, 2007 visit from doctor Hamid on status of medical treatment and unfulfilled doctors' orders for the orthopedics boots;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

4. May 8, 2007 visit with doctor who examined Riley's rectum and discovered a large lump inside his rectum. Doctor ordered that Riley be re-examined by eye doctor for the previously prescribed faulty eyeglasses;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

5. June 22, 2007 visit with eye doctor who said Riley's eye vision could not be corrected;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

6. July 26, 2007 visit with doctor at which time Riley told doctor medication given for rectum dysfunction not helping problem or relieving suffering from painful swelling of rectum;

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

7. August 27, 2007 visit with same doctor who again examined Riley's rectum and again Riley told doctor medications not helping painful swelling of rectum. This time doctor scheduled Riley to see a Specialist, but told Riley it will be awhile before he actually get to see Specialist.

**RESPONSE:** All medical records in possession· of responding Defendants are attached under seal.

8. On January 21, 2007, Riley filed a Request for Production of Documents which is attached hereto. Plaintiff Riley compel all defendants to produce the documents requested in the attached Rule 34 motion as part of the general production request herein within 30 days.

**RESPONSE:** Please refer to Response of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production of Documents dated January 21, 2007.

                    MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

BY:     /s/ Kevin J. Connors
        KEVIN J. CONNORS, ESQ. (ID2135)
        1220 North Market Street, 5th Fl.
        P.O. Box 8888
        Wilmington, DE 19899-8888
        Attorney for Defendants,
        Correctional Medical Services, Inc. and
        Christine Malaney

DATED: November 15, 2007
15/545732.v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-001-GMS |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR, THOMAS CARROLL, DAVID PIERCE, AMY MUNSON, MEDICAL ASSISTANT MALANEY, CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I hereby certify that on November 15, 2007, I electronically filed the Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production dated October 15, 2007, which will send notification of such filing to the following:

Ophelia Michelle Waters, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

I hereby certify that on November 15, 2007, I mailed by United States Postal Service, the Responses of Defendants, Correctional Medical Services, Inc. and Christine Malaney, to Plaintiff's Request for Production dated October 15, 2007, to the following non-registered participant:

James W. Riley
#169716
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


BY: _____/s/ Kevin J. Connors_____
**KEVIN J. CONNORS, ESQ. (ID2135)**
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendants,
Correctional Medical Services, Inc. and
Christine Malaney


DATED:   November 15, 2007
15/545732.v1

**Discovery Documents**
1:06-cv-00001-GMS Riley v. Taylor et al
PaperDocuments

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Connors, Kevin on 11/15/2007 at 2:32 PM EST and filed on 11/15/2007

**Case Name:** Riley v. Taylor et al
**Case Number:** 1:06-cv-1
**Filer:** Inc. Correctional Medical Service
Christine Malaney

**Document Number:** 82

**Docket Text:**
RESPONSE to Discovery Request from DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, INC. AND CHRISTINE MALANEY by Inc. Correctional Medical Service, Christine Malaney. (Attachments: # (1) Exhibit MEDICAL RECORDS PROVIDED BY DEFENDANTS FILED UNDER SEAL)(Connors, Kevin)

**1:06-cv-1 Notice has been electronically mailed to:**

Kevin J. Connors    kjconnors@mdwcg.com, dtwalsh@mdwcg.com, lawolhar@mdwcg.com, vllucas@mdwcg.com

Ophelia Michelle Waters    ophelia.waters@state.de.us

**1:06-cv-1 Notice has been delivered by other means to:**

James W. Riley
#169716
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/15/2007] [FileNumber=475921-0
] [e3ffd354f557ec93a48e5310b3e762b99b5ba931e0f039ec304d801cc5f392f5784

3cdb7699ba142fd597ce78d94e2fc83dc1708681fb46df43effdf471d688e]]
**Document description:**Exhibit MEDICAL RECORDS PROVIDED BY DEFENDANTS FILED UNDER SEAL
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/15/2007] [FileNumber=475921-1
] [b522c71cc8bd5bad4a42c50d63be4f957be02d2f0744229184aa9ad808dc8dfdc78
4c3523c11d38799948be759192349be4249b296cd5da41b4f044b40d36809]]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-001-GMS |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| STANLEY TAYLOR, THOMAS CARROLL, DAVID PIERCE, AMY MUNSON, MEDICAL ASSISTANT MALANEY, CORRECTIONAL MEDICAL SYSTEMS, FIRST CORRECTIONAL MEDICAL, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# MEDICAL RECORDS PROVIDED BY DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.

# FILED UNDER SEAL



James W. Riley #169916
James T. Vaughn Corr. Ctr.
1181 Paddock Road
Smyrna, Delaware 19977

Chief Judge Gregory M. Sleet
U.S. District Court
844 N. King St., Lockbox 31
Wilmington, Delaware 19801-3570