IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-001-GMS |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this 9th day of December, 2009, having considered the plaintiff's

pending motions (D.I. 119, 123, 130, 132, 133);

IT IS ORDERED as follows:

## I. INTRODUCTION

The plaintiff James W. Riley ("Riley"), an inmate housed at the James T. Vaughn

Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action in 2006 pursuant to

42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs (i.e., rectal

dysfunction, need for eyeglasses, orthopedic footwear, skin infection).[1]  The skin infection claim

has been dismissed. (*See* D.I. 113.) The court imposed deadlines and extended them, as follows:

discovery deadline, November 17, 2008 (D.I. 113); dispositive motion deadline, January 16,

2009 (D.I. 122).

## II. EXTENSION OF TIME

Riley's request for an extension of time is **granted in part** and **denied in part**. (D.I.

119.) Riley moves the court for an extension of time to file summary judgment motions until all

---

[1] The VCC was formerly known as the Delaware Correctional Center ("DCC").

discovery is provided to him.[2] (D.I. 119.) On January 21, 2007, Riley served discovery requests upon the defendants. (D.I. 60.) One of the requests sought the production of prior sworn depositions given by the defendant Stanley Taylor ("Taylor") in different civil actions. Riley contends that the depositions are related to the same issues of inadequate medical care involving the same defendants and medical vendors in the instant case. (D.I. 119.) There is nothing on the court docket to indicate that Taylor responded to the request. On October 24, 2008, Riley wrote to counsel for Taylor and again requested the information. (D.I. 119, ex.)

Riley explains that he claims it is the policy and practice of the medical vendors contracted by the Delaware Department of Correction ("DOC") to deny inmates access to timely and adequate diagnostic and medical treatment and that Taylor knew or should have known of these violations when hiring and re-hiring the two medical vendors (i.e., Correctional Medical Services, Inc. ("CMS") and First Correctional Medical ("FCM")) from 2000 to 2005. He contends that Taylor's prior sworn depositions are material to his allegations and Taylor should not be permitted to take an inconsistent position concerning a material fact admitted in prior proceedings.

State defendants Taylor, Thomas Carroll ("Carroll"), and David Pierce ("Pierce") (collectively "State defendants") oppose the motion on the grounds that the motion fails to identify the Taylor deposition cases by caption or civil action numbers, the court is not authorized to direct the government to pay for the court reporter fees and transcription costs; and Riley fails to state the relevancy of the transcripts. (D.I. 121.) Riley responds that he adequately

---

[2]Riley also asked the court to delay his deposition until after he is provided the information. That portion of the motion is moot as Riley has been deposed.

identified the deposition as evidenced by a newspaper article attached to his production request that stated Taylor had been deposed in a wrongful death lawsuit. (D.I. 123.) He further responds that Taylor's depositions describe the substandard policy and practice of the contracted medical vendors. Riley contends that the transcripts are necessary because his theory of respondeat superior liability requires him to show a policy or custom of deliberate indifference.

Riley's attempt to obtain free copies of Taylor's deposition transcripts appears to be a discovery fishing expedition. Riley is not a party in those cases wherein Taylor was deposed and, therefore, is not entitled to free copies of the deposition transcripts. Moreover, if Riley wishes to obtain copies of the transcripts, he need merely contact the court reporter and pay her for the costs of the transcripts. Additionally, prior to the expiration of the discovery deadline, Riley had the option of deposing Taylor, assuming he could pay for the costs of deposition. Or, he could have deposed Taylor with a deposition upon written questions. *See* Fed. R. Civ. P. 31. Accordingly, the motion to compel the production of transcripts is **denied**. Given the fact that Riley appears to have waited on a ruling before filing a motion for summary judgment, his motion to extend time to file a motion for summary judgment is **granted**. Deadlines will be set forth below.

## III. REQUESTS FOR COUNSEL

Riley's request for counsel (D.I. 123) is **denied** without prejudice with leave to renew should his claims survive summary judgment. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is

made only "upon a showing of special circumstances indicating the likelihood of substantial

prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance

to present the facts and legal issues to the court in a complex but arguably meritorious case."

*Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155

(3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a

finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when

assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d

492, 499 (3d Cir. 2002).

Riley filed the motion on January 9, 2009, after the expiration of the discovery deadline.

In his request, Riley seeks counsel to assist him in the discovery process and in filing a motion

for summary judgment. He contends that the issue of the Taylor deposition transcripts could be

easily resolved with counsel. Additionally, he posits that counsel can obtain information found

on the *News Journal*'s web-site to which he has no access as an incarcerated individual. He also

contends that counsel could conduct a factual investigation, his claims are likely to require

extensive discovery and compliance with discovery rules, and the case will likely turn on

credibility determinations.

-4-

Upon consideration of the record, the court is not persuaded that counsel is warranted at this time. Initially the court notes that the discovery deadline had expired by the time Riley filed his request for counsel, and all discovery should be complete. Moreover, as discussed above, the court denied Riley's motion for production of the Taylor deposition transcripts. Finally, as evidenced by the court docket, Riley has ably pursued this litigation. He has filed discovery requests, responses to dispositive motions, and notices of appeals. Riley is no stranger to litigation having filed many civil cases in this district court. It is evident from his filings that Riley possesses the ability to adequately pursue his claims.

## IV. MOTIONS TO COMPEL

### A. Motion to Compel Rulings on D.I. 119 and Request for Counsel (D.I. 130)

Riley's motion to compel a ruling on D.I. 119 is **denied as moot**. (D.I. 130.) However, in light of the fact that Riley has not responded to the defendants' motions for summary judgment (D.I. 125, 127), the court grants Riley **leave** to respond to the motions for summary judgment. Deadlines will be set forth below.

Riley also moves to compel the "medical staff defendants" to provide him with copies of the contracts CMS entered into with the DOC from 2004 through 2005. Riley explains that the contract is necessary to counter CMS' argument that it was not under contract to provide medical services during the relevant time of Riley's claims of denial of medical treatment. He contends that CMS' current contract is an extension of the original contact entered into with FCM in July of 2002. Regardless of Riley's theory, this court has previously found that CMS provided medical services for the DOC from July 1, 2000, through June 30, 2002, and again from July 1, 2005, to present, and that FCM provided medical services to the DOC from July 1, 2002, through

June 30, 2005. *Francisco v. Correctional Med. Sys.*, Civ. No. 03-499-JJF, 2007 WL 896190, at

1 (D. Del. Mar. 22, 2007) (not reported). Therefore, the court concludes the requested contracts

are not relevant to Riley's claims. For the above reasons, the motion to compel production of the

contracts between CMS and the DOC from 2004 through 2005 is **denied**.

### B. Second Motion to Compel Ruling on Plaintiff's First Motion to Compel (D.I. 132)

Riley moves the court for a ruling on his motion to compel filed January 26, 2009, found

at D.I. 130. (D.I. 132.) The motion is **denied** as **moot**.

### C. Third Motion to Compel (D.I. 133)

Riley moves the court for a ruling on his prior two motions to compel, found at D.I. 130

and 132. (D.I. 133.) The motion is **denied** as **moot**. He also appears to seek injunctive relief to

preclude the defendants from willfully denying his Eighth Amendment right to medical access,

particularly with regard to footwear and eyeglasses. CMS objects to the motion on the grounds

that the dispositive motion is untimely having been filed eight months after the expiration of the

dispositive motion deadline, it has provided all outstanding discovery to Riley, and the time for

additional discovery requests has long passed. (D.I. 135.)

A preliminary injunction is "an extraordinary remedy that should be granted only if (1)

the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the

plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4)

granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*,

176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). It is evident from the record that, at this

juncture, it is unclear if Riley will succeed on the merits. Therefore, his motion for injunctive

relief is **denied.**

## V.  CONCLUSION

For the reasons discussed above,

1.  Plaintiff's motion for an extension of time and to compel is **granted in part** and **denied in part**.  (D.I. 119.)

2.  Plaintiff's request for counsel is **denied** without prejudice with leave to renew should any of his claims survive summary judgment.  (D.I. 123.)

3.  Plaintiff's motions to compel rulings and for injunctive relief are **denied**.  (D.I. 130, 132, 133.)

4.  Deadlines are amended as follows:

A.  The plaintiff shall file answering briefs to the pending motions for summary judgment within **ten (10) days** of the date of this order.   Should the plaintiff fail to comply with this order, the court will decide the motions for summary judgment on the present record.

B.  The plaintiff shall serve and file summary judgment motions, with accompanying briefs and affidavits, if any, on or before _January 8, 2010_.  Answering briefs will be filed on or before _January 22, 2010_, and reply briefs shall be due on or before _February 5, 2010_.

5.  Discovery is complete.  **There will be no further extensions to complete discovery or file dispositive motions.**

CHIEF, UNITED STATES DISTRICT JUDGE